UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY<br>INFORMATION CENTER<br>1718 Connecticut Ave., N.W.<br>Suite 200<br>Washington, DC 20009<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT<br>OF HOMELAND SECURITY<br>Washington, D.C. 20528<br><br>Defendant. | Civil Action No. _____ |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the release of agency records requested by the Electronic Privacy Information Center ("EPIC") from the United States Department of Homeland Security ("DHS").

2.  This lawsuit challenges DHS' failure to disclose documents in response to EPIC's July 26, 2011 FOIA request ("EPIC's FOIA Request") to DHS.

3.  EPIC's FOIA Request seeks agency records concerning contracts, communications, Privacy Impact Assessments ("PIAs"), and related documents concerning a program designed to monitor Internet traffic routed through Internet Service Providers ("ISPs") from Internet users to computer networks operated by defense contractors.

4.  Though EPIC filed EPIC's FOIA request on July 26, 2011, DHS has failed to disclose a single record, and has failed to comply with agency deadlines under the FOIA. In

1

addition, the National Protection and Programs Directorate ("NPPD"), a component of DHS, has failed to provide any response to EPIC's FOIA Request.

    5.    EPIC asks the Court to order immediate disclosure of all responsive records.

## Jurisdiction and Venue

    6.    This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## Parties

    7.    Plaintiff EPIC is a public interest research organization incorporated as a not-for-profit corporation in Washington, D.C. EPIC's activities include the review of federal activities and policies to determine their impacts on civil liberties and privacy interests. Among its other activities, EPIC publishes books, reports, and a bi-weekly electronic newsletter. EPIC also maintains a heavily visited Internet site, http://www.epic.org, which contains extensive information regarding privacy issues, including information EPIC has obtained from federal agencies under the FOIA. EPIC routinely and systematically disseminates information to the public. This Court recognized EPIC's role as a representative of the news media in *EPIC v. Dep't of Defense,* 241 F. Supp. 2d. 5 (D.D.C. 2003).

    8.    Defendant DHS is an agency established in the Executive Branch of the United States Government. DHS is an agency within the meaning of 5 U.S.C. § 552(f)(1). DHS includes a component called the National Protection and Programs Directorate ("NPPD").

## Facts

### DHS and the National Security Agency Have Instituted a Joint Pilot Program to Monitor Internet Traffic to Defense Contractors

9. In May 2011, the National Security Agency ("NSA") implemented a new pilot program to monitor all traffic flowing through certain ISPs from Internet users to a select number of defense contractors. The goal of the program is to "thwart[] cyberattacks against defense firms."

10. Deputy Secretary of Defense, William J. Lynn III, asserted that the NSA pilot program serves as a model that will be "transported to other critical infrastructure sectors, under the leadership of the Department of Homeland Security."

11. Deputy Secretary Lynn has stated that DHS has an active role in the implementation of the program.

12. NSA monitors ISPs, including AT&T, Verizon, and Century Link, under this program.

13. The program monitors Internet traffic to fifteen defense contractors, including Lockheed Martin, CSC, SAIC, and Northrop Grumman.

14. NSA has stated that the agency developed "signatures" of malicious code as well as sequences of suspicious network behavior that it uses to filter all Internet traffic on those ISPs that is "flowing" to specified defense contractors. By applying these "signatures" and filtering suspicious behavior, NSA claims that it is able to "disable the threats before an attack can penetrate a contractor's servers."

15. Individuals within the Department of Justice ("DOJ") have expressed that the program could "run afoul of laws forbidding government surveillance of private Internet traffic."

16. NSA has claimed that they do not directly filter traffic or receive malicious code captured by Internet providers. It is unclear how the Agency detects malicious code without

capturing it within the meaning of the Electronic Communications Privacy Act.

## **EPIC's FOIA Request**

17. On July 26, 2011, EPIC transmitted, via facsimile, a written FOIA request to DHS for agency records. EPIC requested the following agency records:

a) All contracts and communications with Lockheed Martin, CSC, SAIC, Northrop Grumman or other defense contractors regarding the new NSA pilot program;

b) All contracts and communications with AT&T, Verizon, and CenturyLink or any other IPSs [sic] regarding the new NSA pilot program;

c) All analyses, legal memoranda, and related records regarding the new NSA pilot program;

d) Any memoranda of understanding between NSA and DHS or any other government agencies or corporations regarding the new NSA pilot program;

e) Any privacy impact assessment performed as part of the development of the new NSA pilot program.

18. EPIC requested "News Media" fee status under the Freedom of Information Act based on EPIC's status as a representative of the news media.

19. EPIC's FOIA Request further requested waiver of all duplication fees.

20. Disclosure of the records requested in EPIC's FOIA Request will contribute significantly to public understanding of the operations and activities of the government.

21. In a letter dated August 3, 2011, DHS acknowledged EPIC's FOIA Request.

22. In the Agency's acknowledgment, DHS responded that the agency had conducted a search and been unable to identify or locate any records responsive to category 5 of EPIC's FOIA Request (category (e) above). DHS notified EPIC of the right to appeal this determination.

23. DHS also notified EPIC that the agency had referred EPIC's FOIA Request to the DHS National Protection and Programs Directorate ("NPPD") for further processing and direct response.

24. DHS assigned EPIC's FOIA Request reference number DHS/OS/PRIV 11-1104.

25. EPIC received no communications from NPPD in regard to EPIC's FOIA Request.

26. On January 5, 2011, EPIC transmitted via facsimile an administrative appeal to the NPPD ("EPIC's Administrative Appeal") appealing the NPPD's non-responsiveness to categories 1-4 of EPIC's FOIA Request (categories (a)-(d) above).

27. EPIC's Administrative Appeal noted the reference number assigned to EPIC's FOIA Request by DHS.

28. EPIC's Administrative Appeal renewed EPIC's request for "News Media" fee status and a waiver of all duplication fees.

29. On January 23, 2012, a FOIA Agent with NPPD contacted EPIC by telephone.

30. NPPD's FOIA Agent indicated that she would "start processing" EPIC's FOIA Request.

31. EPIC has never received an official acknowledgement of EPIC's FOIA Request by NPPD.

32. Through the date of this pleading, DHS has not made a single determination concerning the substance of categories 1-4 of EPIC's FOIA Request.

33. Through the date of this pleading, DHS has failed to produce any documents in response to EPIC's FOIA Request.

### Count I
### Violation of the FOIA: Failure to Comply With Statutory Deadlines and Wrongful Withholding of Agency Records in Regard to EPIC's FOIA Request

34. Paragraphs 1-33 above are hereby incorporated by reference as if set forth fully herein.

35. DHS' response to EPIC's FOIA Request violated the statutory deadlines imposed

by the FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(A).

36. DHS has wrongly withheld responsive agency records from EPIC.

37. EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

38. EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## **Requested Relief**

WHEREFORE, Plaintiff prays that this Court:

A. order Defendant to conduct an adequate search for agency records responsive to EPIC's FOIA Request within five working days of the date of the Court's Order in this matter;

B. order Defendant to make a complete determination regarding EPIC's FOIA Request within ten days of the date of the Court's Order in this matter;

C. order Defendant to disclose all responsive agency records to EPIC's FOIA Request within ten days of the Court's Order in this matter;

D. award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. grant such other relief as the Court may deem just and proper.

                                      Respectfully submitted,

By: _____
John Verdi, Esquire (DC Bar # 495764)
Marc Rotenberg, Esquire (DC Bar # 422825)
Amie Stepanovich, Esquire[*]
ELECTRONIC PRIVACY INFORMATION CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)

Dated: March 1, 2012

---

[*] Amie Stepanovich is barred in New York State. Her application for admission in the District of Columbia is pending.