IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 12-0333 (GK) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) | |
| Defendant. | ) ) ) | |

## ANSWER

Defendant the United States Department of Homeland Security ("DHS"), by and through undersigned counsel, answers plaintiff's complaint as follows:

1. This paragraph contains plaintiff's characterization of this action, to which no response is required.

2. This paragraph contains plaintiff's characterization of this action, to which no response is required.

3. The paragraph characterizes the Freedom of Information Act ("FOIA") request at issue in this action, to which no response is required. Defendant further avers that plaintiff's request speaks for itself, and respectfully refers the Court to the request for a full and accurate statement of its contents.

4. Defendant denies the allegations in this paragraph, except to admit that plaintiff submitted a FOIA request to the DHS Privacy Office on July 26, 2011, that the DHS Privacy Office was unable to locate or identify any responsive records, that the National Protection and

Programs Directorate ("NPPD") is a component of DHS, and that the NPPD has not provided documents in response to plaintiff's request.

5. This paragraph describes plaintiff's requested relief, to which no response is required. To the extent that a response is deemed necessary, defendant admits that plaintiff seeks disclosure of responsive records, if such records exist, and denies that plaintiff is entitled to relief.

6. The allegations contained in this paragraph consist of plaintiff's legal conclusions regarding jurisdiction and venue, to which no response is required.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first four sentences in this paragraph. The final sentence in this paragraph characterizes the Court's opinion in *EPIC v. Department of Defense*, 241 F. Supp. 2d 5 (D.D.C. 2003); this sentence sets forth a legal conclusion to which no response is required. To the extent a response is required, defendant denies any characterization of the cited judicial opinion, which speaks for itself, and respectfully refers the Court to the cited opinion for a complete and accurate statement of its content.

8. Admitted.

### Facts

9-16. The allegations contained in these paragraphs do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

17. Defendant admits that plaintiff submitted, via facsimile, a written FOIA request to the DHS Privacy Office on July 26, 2011. Defendant admits that plaintiff requested the documents listed in sub-paragraphs a-e of paragraph 17.

18. Admitted.

19. Admitted.

20. Denied.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Denied.

26. Defendant denies the allegations in this paragraph, except to admit that plaintiff sent a letter by facsimile to NPPD on January 5, 2012 and that the letter purported to constitute a FOIA appeal with regard to categories 1-4 of plaintiff's FOIA request.

27. Defendant admits that the letter faxed by plaintiff on January 5, 2012 contained a reference to "D0HS/OS/PRIV 011-1104," the reference number assigned to the FOIA request by the DHS Privacy Office. Defendant denies that the letter constituted an administrative appeal under FOIA.

28. Defendant admits that the letter faxed by plaintiff on January 5, 2012 purported to renew plaintiff's request for "news media" fee status and a waiver of duplication fees. Defendant denies that the letter constituted an administrative appeal under FOIA.

29. Defendant admits that an NPPD FOIA officer contacted EPIC by telephone sometime after January 5, 2012, but defendant lacks knowledge or information sufficient to admit or deny that the telephone call took place on January 23, 2012.

30. Defendant admits that an NPPD FOIA officer indicated that she would start processing a FOIA request submitted by EPIC, but defendant denies that the officer was referring to the request submitted by EPIC in July 2011.

31. Defendant admits that NPPD did not send an acknowledgment letter to EPIC and otherwise denies the allegations in this paragraph.

32. The allegation contained in this paragraph consists of plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed necessary, denied.

33. Admitted.

## Count I

34. This paragraph re-alleges and incorporates by reference paragraphs 1 through 33. To the extent a response is deemed required, defendant refers the Court to its responses to specific preceding paragraphs.

35. The allegation contained in this paragraph consists of plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed necessary, denied.

36. The allegation contained in this paragraph consists of plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed necessary, denied.

37. The allegation contained in this paragraph consists of plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed necessary, denied.

38. The allegation contained in this paragraph consists of plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed necessary, denied.

The remainder of the complaint constitutes a prayer for relief, to which no response is required. To the extent a response is deemed required, defendant denies that plaintiff is entitled to the requested relief or to any relief whatsoever. Any allegation not specifically addressed is denied.

### Affirmative Defenses

1. Plaintiff's claims are barred by its failure to timely exhaust administrative remedies.

2. Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

3. Plaintiff is not entitled to compel production of records protected from disclosure by one or more exemptions to the FOIA.

### Conclusion

WHEREFORE, having fully answered, defendant respectfully requests that the Court enter judgment dismissing this action with prejudice and awarding defendant costs and such other relief as the Court may deem appropriate.

Dated: May 1, 2012                                      Respectfully submitted,

                                                        STUART F. DELERY
                                                        Acting Assistant Attorney General

JOHN R. TYLER
Assistant Director

 */s/ Lisa Zeidner Marcus*
LISA ZEIDNER MARCUS
N.Y. Bar Registration No. 4461679
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch

Mailing Address:
c/o U.S. Attorney's Office
700 Grant St., Suite 4000
Pittsburgh, PA 15219

Federal Programs Branch Address:
20 Massachusetts Avenue, Room 6134
Washington, DC 20001

Tel:  (202) 514-3336
Fax:  (412) 644-6995
E-mail:  lisa.marcus@usdoj.gov

Attorneys for Defendant