UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER )<br><br>Plaintiff, )<br><br>v. )<br><br>THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY )<br><br>Defendant. ) | Civil Action No. 1:12-cv-00333 (GK) |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to the Court's Order of May 2, 2012, Plaintiff Electronic Privacy Information Center ("EPIC") and Defendant United States Department of Homeland Security ("DHS") have conferred and hereby jointly submit the following status report and state as follows:

1. This matter arises under the Freedom of Information Act ("FOIA") 5 U.S.C. § 552, as amended. It concerns a FOIA, request made by EPIC to DHS for records concerning the Defense Industrial Base Cyber Pilot.

2. In the FOIA request, dated July 26, 2011, EPIC requested:

    a) All contracts and communications with Lockheed Martin, CSC, SAIC, Northrop Grumman, or any other defense contractors regarding the new NSA pilot program;

    b) All contracts and communications with AT&T, Verizon, and CenturyLink or any other ISPs regarding the new NSA pilot program;

    c) All analyses, legal memoranda, and related records regarding the new NSA pilot program;

1

    d) Any memoranda of understanding between NSA and DHS or any other government agencies or corporations regarding the new NSA pilot program;

    e) Any Privacy Impact Assessment performed as part of the development of the new NSA pilot program.

3. DHS responded to EPIC's FOIA Request via letter dated August 3, 2011. DHS stated that a search had been completed for item five of EPIC's FOIA Request (item (e) above) and that DHS was "unable to locate or identify any responsive records." DHS advised EPIC that it could appeal this determination within 60 days; EPIC declined to appeal this determination. The parties agree that items 1-4 of EPIC's FOIA Request (items (a) through (d) above) are the relevant items in this litigation.

4. DHS has informed EPIC that DHS is conducting a new search for records responsive to these four categories of the FOIA request.

5. The parties disagree as to the proposed schedule. LCvR 16.3(c)(6).

6. DHS proposes to conduct the search in two stages. In the first stage, DHS will gather documents that are potentially responsive to the FOIA request. The second stage of the search will consist of DHS's reviewing the gathered documents to determine whether each one is actually a record that is responsive to the request, whether it requires consultation with or referral to another agency or agency component, and whether any exemption applies. DHS anticipates that it will complete the first stage of the search in approximately six weeks, by June 27, 2012. Given the inter-agency nature of the pilot program that is the subject of EPIC's FOIA request, DHS anticipates that it will require sufficient time for consultation with and referral to other Executive Branch agencies prior to producing non-exempt responsive records to EPIC. DHS is unable to estimate the time

needed for the consultation with and referral to other agencies until it has finished gathering the potentially responsive documents and understands the volume and nature of the potentially responsive documents. DHS will also be in a better position to assess how long it will take to review and process the records after it has finished gathering the potentially responsive documents. Therefore, DHS proposes that the timeframe for the second stage of DHS' search will be determined, in consultation with EPIC, after June 27, 2012, following the completion of the first stage of the search. Regardless of the overall timeframe for the second stage of the search, DHS proposes that it will make its first production by July 18, 2012.  DHS further proposes that the parties will provide a status report to the Court on or before July 25, 2012.

7. EPIC proposes that the Court establish concrete deadlines for the production of documents and the filing of dispositive motions. The FOIA sets out statutory deadlines that administrative agencies must follow. This case has come before this Court because DHS has failed to produce documents in a timely manner. Because DHS has already had nearly a full year since the submission of the original FOIA request to locate and disclose responsive documents and because deadlines for document production and dispositive motions are customarily included in FOIA briefing schedules, EPIC proposes that the Court set the follow deadlines in this matter::

| | |
|---|---|
| Defendant's Complete Production of Documents and Vaughn Index: | August 24, 2012 |
| Defendant's Motion for Summary Judgment: | September 24, 2012 |
| Plaintiff's Opposition and Cross-Motion for Summary Judgment: | October 24, 2012 |
| Defendant's Reply and Opposition: | November 7, 2012 |
| Plaintiff's Reply: | November 21, 2012 |

8. The parties anticipate that once the DHS completes its production of responsive documents for items one through four of EPIC's FOIA Request, the issues remaining for resolution will be the sufficiency of the DHS' search, the appropriateness of any withholdings made by the DHS pursuant to FOIA's statutory exemptions, and EPIC's entitlement, if any, to litigation costs, including attorneys' fees.

9. At this time, the parties believe that alternative dispute resolution ("ADR") procedures would not be appropriate. Once the DHS has produced all responsive, non-exempt documents to EPIC, counsel for the parties will confer to determine whether they are able to resolve or further limit the issues before the Court and whether there is a realistic possibility of settling this matter, either in whole or in part.

10. The parties agree that no discovery, including initial disclosures, will be necessary or appropriate in this case.[1]

11. The parties agree that this action will be resolved by dispositive motions.

12. In light of the Parties disagreement reflected in paragraphs 6-7, two proposed orders are attached.

Dated: May 21, 2012                                  Respectfully Submitted,
_/s/ Marc Rotenberg_____
MARC ROTENBERG (DC Bar # 422825)                     STUART F. DELERY
AMIE STEPANOVICH (NY Bar Reg.                        Acting Assistant Attorney General
# 4904058)[*]
GINGER P. McCALL (DC Bar # 1001104)                  JOHN R. TYLER
ELECTRONIC PRIVACY                                   Assistant Director
INFORMATION CENTER
1718 Connecticut Avenue, N.W.                        _/s/ Lisa Zeidner Marcus_____
Suite 200                                            LISA ZEIDNER MARCUS (NY Bar Reg.

---

[1] Pursuant to Local Civil Rule 16.3(b), this action is exempt from the requirements of Local Civil Rule 16.3 and the Federal Rules of Civil Procedure Rules 16(b) and 26(f).

[*] Amie Stepanovich is licensed to practice law in the State of New York. Ms. Stepanovich's application to the District of Columbia bar has been submitted and is pending.

4

Washington, D.C. 20009
(202) 483-1140 (telephone)
(202) 483-1248 (facsimile)
rotenberg@epic.org (email)

Attorneys for Plaintiff

# 4461679)
U.S. Department of Justice
Civil Division, Federal Programs Branch

Mailing Address
c/o U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Federal Programs Branch Address:
20 Massachusetts Avenue, Room 6134
Washington D.C. 20001
(202) 514-3336 (telephone)
(412) 644-6995 (facsimile)
lisa.marcus@usdoj.gov (email)

Attorneys for Defendant