**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 12-333 (GK) |
| U.S. DEPARTMENT OF HOMELAND SECURITY | ) ) ) ) |
| Defendant. | ) ) ) |

## DEFENDANT'S MOTION FOR A 10-DAY STAY OF PROCEEDINGS

Defendant, the Department of Homeland Security, by and through undersigned counsel, respectfully requests a 10-day stay of proceedings, until Tuesday, September 4, to allow the parties to discuss a possible narrowing of the scope of the FOIA request in this action.

The FOIA request at issue is the July 26, 2011 request sent by EPIC to DHS, requesting records related to the Defense Industrial Base Cyber Pilot—called the "DIB Cyber Pilot" for short. The DIB Cyber Pilot was a joint activity between the Department of Homeland Security and the Department of Defense to protect U.S. critical infrastructure. Under the pilot, the Government furnished classified threat and technical information to voluntarily participating Defense Industrial Base (DIB) companies or their Commercial Service Providers (CSPs). This sensitive Government-furnished information enabled the DIB companies, or the CSPs on behalf of their DIB customers, to counter known malicious activity and to protect Department of Defense program information. EPIC's request sought:

> a) All contracts and communications with Lockheed Martin, CSC, SAIC, Northrop Grumman or other defense contractors regarding the [DIB Cyber Pilot];

      b) All contracts and communications with AT&T, Verizon, and CenturyLink or any other [Internet Service Providers] regarding the [DIB Cyber Pilot];

      c) All analyses, legal memoranda, and related records regarding the [DIB Cyber Pilot]; and

      d) Any memoranda of understanding between NSA and DHS or any other government agencies or corporations regarding the [DIB Cyber Pilot].[1]

DHS recently identified approximately 10,000 pages of documents that are potentially responsive to this request. DHS has asked EPIC to consider narrowing the scope of its request, given the burden the request presents, especially given the fact that a significant number of documents potentially responsive to this request are classified and will require significant review by DHS and likely other agencies. The length of time that defendant will require to complete the review and processing of the potentially responsive documents depends on whether the parties can agree on a narrowing of the scope of the request.

Defendant is unable to meet the schedule outlined in the current scheduling order, which sets the following dates: August 24, 2012 for defendant's complete production of documents and *Vaughn* index; September 24, 2012 for defendant's motion for summary judgment due; October 24, 2012 for plaintiff's opposition and cross-motion for summary judgment; November 7, 2012 for defendant's reply and opposition; November 21, 2012 for plaintiff's reply. Defendant will need to move for a modification of this schedule, but how much time DHS will need to request for the production of documents will depend on whether the parties are able to reach agreement on narrowing the scope of the request. Accordingly, defendant respectfully

---

[1] EPIC's request originally included a fifth category: e) "Any privacy impact assessment performed as part of the development of the [DIB Cyber Pilot]." DHS provided a substantive response to that category on August 3, 2011, indicating that after conducting a search DHS had been unable to locate or identify any responsive records, and EPIC did not appeal DHS's determination.

requests a 10-day stay of proceedings, until Tuesday, September 4, to allow the parties to engage in discussions about a possible narrowing of this request, so that defendant can propose a reasonable modification of the schedule.

Pursuant to Local Civil Rule 7(m), counsel for defendant met and conferred with counsel for plaintiff about the subject of this motion.  Plaintiff's counsel indicated that plaintiff was willing to consider a narrowing of the scope of its request, but that plaintiff was unwilling to consent to stay of proceedings unless defendant would agree to a date certain for the production of a *Vaughn* index.[2]  Plaintiff suggested a two-week deadline for defendant's *Vaughn* index. Because a production of a *Vaughn* index at this stage would be premature, when defendant has identified approximately 10,000 potentially responsive documents that require review before a determination on withholdings can be made, defendant could not agree to plaintiff's suggestion.

For the above stated reasons, and good cause shown, this Court should grant a short stay of 10 days to allow the parties to engage in discussions about the narrowing of the FOIA request in this action.

Dated:  August 24, 2012                                             Respectfully submitted,

                                                                                        STUART F. DELERY
                                                                                        Acting Assistant Attorney General

                                                                                        JOHN R. TYLER
                                                                                        Assistant Director

---

[2] A *Vaughn* index is an itemized index, correlating each withheld document or portion of a document with a specific FOIA exemption and the agency's nondisclosure justification. *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973).  A *Vaughn* Index is one option available to an agency seeking to sustain its evidentiary burden of proving that withheld information falls within a FOIA exemption, but it is not the only one.  *See, e.g.*, *Gallant v. N.L.R.B.*, 26 F.3d 168, 172-73 (D.C. Cir. 1994) (noting that an agency's evidence may take "the form of an *in camera* review of the actual documents, something labeled a 'Vaughn Index,' a detailed affidavit, or oral testimony").

4

        <u>*/s/ Lisa Zeidner Marcus*</u>
        LISA ZEIDNER MARCUS
        N.Y. Bar Registration No. 4461679
        Trial Attorney
        United States Department of Justice
        Civil Division, Federal Programs Branch

        Mailing Address:
        c/o U.S. Attorney's Office
        700 Grant St., Suite 4000
        Pittsburgh, PA 15219

        Federal Programs Branch Address:
        20 Massachusetts Avenue, Room 6134
        Washington, DC 20001

        Tel: (202) 514-3336
        Fax: (412) 644-6995
        E-mail: lisa.marcus@usdoj.gov

        Attorneys for Defendant