UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : Civil Action No. 12-333 (GK) <br> : |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | : <br> : <br> : |
| Defendant. | : |

# ORDER

Plaintiff has filed this FOIA request, pursuant to 15 U.S.C. § 552, for documents regarding the DIB Cyber Pilot, a cyber security pilot program jointly conducted by the Department of Defense and the Department of Homeland Security ("DHS"). After gathering over 16,000 pages of potentially responsive documents, and culling them down to approximately 10,000 pages of documents, DHS furnished Plaintiff Electronic Privacy Information Center ("EPIC") with detailed information about those 10,000 pages and asked EPIC to identify with increased particularity the records it was seeking. Thereafter, on August 31, 2012, EPIC modified its request changing it slightly from "all analyses, legal memoranda, and related records regarding the [DIB Cyber Pilot]" to "all legal and technical analyses, including legal memoranda, regarding the DIB cyber pilot," by excluding draft documents. Def.'s Mot. at 10.

In addition to needing to screen the large volume of 10,000 potentially responsive pages of documents, many of the documents are classified and, according to DHS, "require painstaking classification review" in order to segregate any non-exempt information that may be produced." Def.'s Mot. at 2. In addition, the inter-agency nature of this pilot program "requires review by

multiple federal agencies to ensure that sensitive and often classified information is removed prior to production pursuant to one or more of FOIA's exemptions." Id.  In short, the Government believes that an appropriate review of the documents will take an extended period of time.  Indeed, in their latest Motion to Modify the Scheduling Order, the Government requested an extension of time until January 17, 2014 to make a complete production of documents.

On October 15, 2012, the Court held a lengthy Status Conference to discuss with counsel a realistic and workable schedule for processing this request.  The Court indicated that the January 17, 2014, deadline sought by the Government would not be granted as it was far too far away and chastised the Government for its repeated last minute motions requesting extensions of time.  This case has been pending since March 1, 2012, although EPIC's request was submitted to DHS on July 26, 2011.  After discussing various procedures with counsel, it is this 16th day of October, 2012, hereby

**ORDERED**, that DHS cull out of the 9,200 pages of documents it has already identified as potentially responsive those documents containing legal analyses including legal memoranda regarding the DIB Cyber Pilot; and it is further

**ORDERED**, that the parties develop a proposed Protective Order to protect the Government in case any inadvertent disclosures are made; and it is further

**ORDERED**, that the parties craft a Memorandum Agreement allowing the Government to "claw back" any documents it has inadvertently produced; and it is further

**ORDERED**, that, starting **November 15, 2012**, DHS is to fully review at least 2,000 pages of documents per month, producing to Plaintiff all responsive and unclassified documents, thus making the deadline for a complete production of non-exempt documents no later than **March 15, 2013**; and it is further

**ORDERED**, that, whenever possible, the Government make earlier production to the Plaintiff; and it is further

**ORDERED**, that Defendant's Vaughn Index is due by **May 1, 2013**; and it is further

**ORDERED**, that Defendant's Motion for Summary Judgment is due by **June 1, 2013**; and it is further

**ORDERED**, that Plaintiff's Opposition and Cross Motion for Summary Judgment is due by **July 1, 2013**; and it is further

**ORDERED**, that Defendant's Reply and Opposition are due by **July 15, 2013**; and it is further

**ORDERED**, that Plaintiff's Reply is due by **August 1, 2013**; and it is further

**ORDERED**, that Defendant shall submit a monthly report, starting **November 15, 2012**, indicating how many non-exempt document pages it produces to Plaintiff each month; and it is further

**ORDERED**, that Plaintiff's Motion for Contempt is **denied without prejudice**; and it is further

**ORDERED**, that Plaintiff's request for submission of a Vaughn Index prior to DHS's filing of a Motion for Summary Judgment is **denied**.

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**