IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) No. 1:12-cv-00333-GK |
| THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY | ) ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION
OF THE OCTOBER 16, 2012 ORDER**

Plaintiff the Electronic Privacy Information Center ("EPIC") hereby respectfully moves, pursuant to Federal Rule of Civil Procedure 54(b), for reconsideration of the Court's October 16, 2012 Order. Dkt. No. 25. Among other determinations that are not here contested, the Court directed the parties to (1) develop a Protective Order and (2) craft a Memorandum "Claw Back" Agreement. This is a clear error of law. Protective orders and claw back agreements may not be imposed on FOIA requesters for documents subject to disclosure under the Act.

**PROCEDURAL BACKGROUND**

EPIC filed this lawsuit on March 1, 2012, following the agency's failure to comply with obligations under the Freedom of Information Act ("FOIA"). 5 U.S.C. §552(a). EPIC is seeking documents in possession of the agency concerning the government's monitoring of Internet communications, which the Department of Justice reportedly stated could violate federal privacy laws. Following a scheduling conference,

1

on May 24, 2012, this Court ordered the production of all documents and a Vaughn Index by August 24, 2012. Order, Dkt. 12 (May 24, 2012). On August 24, 2012, the government moved for a ten-day stay. Dkt. 13 (Aug. 24, 2012). Then it moved for another ten-day stay. Dkt. 14 (Sept. 5, 2012). Then it moved for a sixteen-month extension. Dkt. 17 (Sept. 14, 2012). EPIC opposed the extension and as the government had failed to produce any documents well after the Court's deadline for final production also cross-moved for contempt. Cross Motion for Order to Show Cause Combined Opposition/Cross Motion, Dkt. 19 (Sept. 19, 2012). The parties appeared before this court on October 15, 2012. Minute Order (Oct. 10, 2012). The Court issued a revised scheduling order on October 16, 2012. That Order included two provisions for a protective order and a "claw back agreement." Order, Dkt. 25 (Oct. 16, 2012). EPIC now contests these two particular provisions of the October 16, 2012 order.

Counsel for EPIC conferred with counsel for DHS regarding this motion. Defendant's counsel indicated that DHS would likely oppose EPIC's motion.

**ARGUMENT**

Protective orders may not be imposed in FOIA cases with respect to the documents sought under the statute. "[W]hile information disclosed during discovery is limited to the parties and can be subject to protective orders against further disclosure, when a document must be disclosed under FOIA, it must be disclosed to the general public and the identity of the requester is irrelevant to whether disclosure is required." *Stonehill v. IRS*, 558 F.3d 534, 538 (D.C. Cir. 2009). As the *Stonehill* Court further explained, "Documents released in a FOIA action must be made available to the public as a whole, *North v. Walsh*, 881 F.2d 1088, 1096 (D.C. Cir. 1989), and, unlike in civil

discovery, see FED. R. CIV. P. 37, there is no opportunity to obtain a protective order." *Id.* at 539. *See also Clay v. United States DOJ*, 680 F. Supp. 2d 239, 248 (D.D.C. 2010).

The D.C. Circuit's rule follows from the Supreme Court's decision in *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157 (2004). There the Court said "It must be remembered that once there is disclosure, the information belongs to the general public. There is no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory, or for proscribing its general dissemination." *Id.* at 174.

It also appears to be the position of the U.S. Department of Justice that protective orders may not be obtained in FOIA cases:

> Because the Supreme Court has clearly instructed that, as a general rule, "the identity of the requesting party" does not have any bearing on the proper disclosure of information under the FOIA, it is well settled that it is not appropriate for a court to order disclosure of information to a FOIA requester with a special restriction, either explicit or implicit, that the requester not further disseminate the information received.  As the Supreme Court recently put it: "There is no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory, or for proscribing its general dissemination." (footnotes omitted)

Department of Justice, *Freedom of Information Act Guide* ("Litigation Considerations") (May 2004)[1]

Protective orders may be issued in FOIA cases, but not as to the documents sought under the statute. In *Murphy v. Federal Bureau of Investigation,* 490 F. Supp. 1134, 1136 (D.D.C. 1980), the court granted defendant's motion for a protective order as to the deposition of a representative of the FBI. As the court explained "[c]ase law establishes that discovery is appropriate in FOIA cases to resolve factual disputes. A factual issue, however, cannot arise until after the government files its response." *Id.* at

---

[1] Available at http://www.justice.gov/oip/litigation.htm

3

1137. *See also Washington Post Co. v. United States Dep't of State,* 840 F.2d 26, 38 (D.C. Cir. 1984) ("In FOIA cases, as in other litigation, discovery is an important tool for truth-testing . . .) But the deposition at issue in *Murphy* was not the subject of disclosure under the FOIA.

One court has recently directed a FOIA requester to return a single document that the agency erroneously produced and withheld from several prior productions. *ACLU v. DOD*, No.09-8071 at 3. (S.D.N.Y. Mar. 20, 2012). The court made that determination subsequent to a motion by the agency and following a determination that the document was in fact properly classified under FOIA Exemption (b)(1). *Id.* at 8-13. Plaintiff EPIC has been unable to locate a single case in which a court has established prospectively a "claw back" agreement in a FOIA matter for documents sought under the statute.

EPIC has four additional objections to the October 16, 2012 Order. As a FOIA requester routinely granted news media status, fee waivers, and attorneys' fees – all determinations that rely upon the public dissemination of information obtained by means of the FOIA -- a protective order in this case would negate the statutory rights to which EPIC, and other similar FOIA requesters, are entitled.

First, under the FOIA, a "representative of the news media" is "any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience." 5 U.S.C. §552(a)(4)(i)(III). Distribution of information obtained under the FOIA is thus critical to the fee status determination. For example, EPIC is entitled to "news media" status under the FOIA because its activities include publishing books and a biweekly electronic newsletter. *EPIC v. DOD*, 241 F. Supp. 2d 5, 15 (D.D.C. 2003).

Second, the waiver of fees is granted where "disclosure of the records sought are in the public interest because they are likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. §552 (a)(4)(A)(iii). A protective order would diminish the opportunity for a FOIA requester to meet the public interest test because, without the ability to publicly disseminate FOIA documents, it would not be possible to contribute significantly to public understanding.

Third, in determining whether a substantially prevailing FOIA litigant is entitled to attorney's fees, a court must consider "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Davy v. CIA,* 550 F.3d 1155, 1159 (D.C. Cir. 2008). In assessing the public benefit derived from the case, the court must consider two factors: (1) the effect of the litigation for which fees are requested, and (2) the potential public value of the information sought. *See id.* (citing *Chesapeake Bay Found. v. USDA,* 108 F.3d 375, 377 (D.C. Cir. 1997); *Cotton v. Heyman,* 63 F.3d 1115, 1120 (D.C. Cir. 1995); *Tax Analysts v. U.S. Dep't of Justice,* 965 F.2d 1092, 1093-95, 965 (D.C. Cir. 1992). As a protective order would necessarily restrict the public value of the information sought, EPIC would also be disadvantaged in any subsequent fee determinations.

Finally, the subject matter of EPIC's FOIA request is particularly timely. EPIC aims to determine whether a particular cybersecurity strategy may run afoul of laws that protect communications privacy. Congress is currently considering several bills directly


related to EPIC's FOIA request.[2] The Defendant has also continued to implement cybersecurity policies that will impact individuals across the country.[3] And multiple reports indicate that the President is considering the issuance of an Executive Order on cybersecurity.[4]

The timely release of information responsive to EPIC's FOIA request is vital to inform the public about a timely matter of profound national concern that is pending before both the legislative and executive branches of government. In such circumstances, a Protective Order, "claw back" agreement or any limitations on disclosure not established by the FOIA would frustrate the purpose of the Act.

**STANDARD**

A Judge Lamberth recently explained, "[a] court's interlocutory orders 'may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Shea v. Clinton,* 850 F. Supp. 2d 153, 158 (D.D.C. 2012) (citing Fed. R. Civ. P. 54(b)). The rule for the D.C. Circuit is that "[r]econsideration may be warranted where there was a patent misunderstanding of the parties, where a decision was made that exceeded the issues presented, where a court failed to consider controlling law, or where a significant change in the law occurred after the decision was rendered. *Pueschel v. Nat'l Air Traffic Controllers' Ass'n,* 606 F. Supp. 2d 82, 85 (D.D.C. 2009).

---

[2] *See, e.g.*, Cyber Intelligence Sharing and Protection Act of 2011, H.R. 3523, 112th Cong. (2012) (Passed by House on April 26, 2012), *available at* http://intelligence.house.gov/sites/intelligence.house.gov/files/documents/HR3523.pdf; Strengthening and Enhancing Cybersecurity by Using Research, Education, Information, and Technology ("SECURE IT") Act of 2012, S. 2151, 112th Cong. (2012), *available at* http://thomas.loc.gov/cgi-bin/bdquery/z?d112:s.2151:; The Cybersecurity Act of 2012, S. 2105, 112th Cong. (2012), *available at* http://thomas.loc.gov/cgi-bin/query/z?c112:S.2105:.

[3] *See* DHS, *Public and Private Sector Experts Gather in Atlanta to Strengthen Partnerships and Address Cyber Threats*, http://www.dhs.gov/blog/2012/08/27/strengthening-partnerships-and-addressing-cyber-threats (last visited Sept. 4, 2012).

[4] *See, e.g,* Joseph Menn, "White House said to plan executive order on cybersecurity," *Reuters,* Sept. 24, 2012, at http://www.reuters.com/article/2012/09/25/us-usa-cybersecurity-idUSBRE88O01P20120925.

"Clear errors of law are grounds for reconsideration of a prior order." *Shea,* 850 F.Supp. 2d at 158. *See National Ctr. for Mfg. Sciences v. DOD,* 199 F.3d 507, 511. In *Shea*, the court found the motion for reconsideration "correctly granted based upon on what the court found to be clear errors of law." *Id.* 158.

## CONCLUSION

For the foregoing reasons, EPIC respectfully requests that the Court revise and amend its October 16, 2012 Order requiring a Protective Order and "claw back" agreement in a FOIA case.

Dated: November 7, 2012

Respectfully Submitted,
MARC ROTENBERG
GINGER McCALL
Electronic Privacy Information Center
1718 Connecticut Ave, NW
Suite 200
Washington, D.C. 20009
(202) 483-1140
*Counsel for Plaintiff*