**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------x

AMERICAN CIVIL LIBERTIES UNION and      :
AMERICAN CIVIL LIBERTIES UNION          :
FOUNDATION,                             :
                                        :
                    Plaintiffs,         :
                                        :
                                        :
            v.                          :
                                        :
                                        :
DEPARTMENT OF DEFENSE, CENTRAL          :
INTELLIGENCE AGENCY, DEPARTMENT OF      :
STATE, and DEPARTMENT OF JUSTICE,       :
                                        :
                    Defendants.         :
                                        :
----------------------------------------x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 3/20/12

09 Civ. 8071
(BSJ)(FM)

**Order**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiffs American Civil Liberties Union and American
Civil Liberties Union Foundation brought this action to compel
production of records in response to their Freedom of
Information Act requests regarding the detention of prisoners at
the Bagram Theater Internment Facility in Afghanistan (now the
Detention Facility in Parwan).  In responding to Plaintiffs'
requests, Defendant Department of Defense ("Defense")
inadvertently produced a classified document (the "Document") to
Plaintiffs.  Defense has moved for partial summary judgment on
the grounds that the Document is properly classified and asks
the Court to direct Plaintiffs to return the Document to
Defense.  (Dkt. 55.)  Plaintiffs oppose Defense's motion and

have moved for partial summary judgment on the grounds that the Document is not properly classified and that the Court may not order Plaintiffs to return a document that they possess lawfully. (Dkt. 87.) Defense added to its reply papers a request to indefinitely seal certain portions of Plaintiffs' opposition brief. (Dkt. 90.) Plaintiffs have opposed this request. (Dkt. 105.) For the reasons stated below, Defense's motion for partial summary judgment and related relief and its request to indefinitely seal portions of Plaintiffs' opposition brief are GRANTED, and Plaintiffs' motion for partial summary judgment is DENIED.

**BACKGROUND**

Plaintiffs submitted their original requests under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to several federal agencies, including Defense, on April 23, 2009. (Hilton Decl. in Support of Def.'s Original Mot. for Summary Judgment, Jan. 29, 2010, Ex. A.) In part, Plaintiffs sought production of records "pertaining to the process for determining and reviewing Bagram prisoners' status, the process for determining whether their detention is appropriate, and the process for determining who should be released." (Id. at 5.) On September 22, 2009, Plaintiffs filed this action seeking injunctive relief for the expedited processing and release of agency records requested by Plaintiffs. (Compl. ¶ 4.)

2

On August 2, 2010, Plaintiffs and Defense filed, and the
Court approved, a stipulation outlining the scope and timeline
of Defense's production of responsive documents and the court-
supervised process for determining the propriety of any
documents withheld from production by Defense.  (Second
Stipulation and Order Regarding Document Searches, Processing,
and Production by the U.S. Dep't of Def., Aug. 2, 2010
("Production Order").)  In accordance with the Production Order
and other stipulated productions, Defense produced several sets
of documents.  (Lietzau Decl. in Support of Def.'s Mot. for
Partial Summary Judgment, Jul. 13, 2011, ¶ 6 ("Lietzau Decl.").)
On May 13, 2011, Defense produced the final batch of documents
contemplated in the Production Order.  (Barnea Decl. in Support
of Def.'s Mot. for Partial Summary Judgment, Jul. 13, 2011, ¶ 2,
Ex. A ("Barnea Decl.").)  That production erroneously included
two copies of the Document, which Defense had withheld from
several prior productions.  (Lietzau Decl. ¶ 10.)  The Document
is titled "Detainee Review Board Report of Findings and
Recommendations (Classified Annex – Enduring Security Threat)"
and is a form used by Detainee Review Boards ("DRB") to
determine whether a Bagram detainee should be categorized as an
Enduring Security Threat ("EST").  (Lietzau Decl. ¶¶ 4, 7, 9.)

Plaintiffs notified Defense on May 25, 2011, that they
found the Document in the May 13 production and that Defense may

3

believe it had been included inadvertently.  (Barnea Decl. Ex.
B.)  Plaintiffs further asserted that they considered previous
withholdings of the same document to be improper and requested
that Defense declassify the Document so that Plaintiffs could
post the contents to its website.  (Id.)  Defense contacted
Plaintiffs and requested that Plaintiffs return the Document.
(Id. ¶ 4.)  Further discussions between the parties failed to
resolve the issue.  (Id.)

Defense filed the instant motion on July 13, 2011, in which
it asks the Court to conclude that the Document is properly
classified, and, assuming it does so, to order Plaintiffs to
return the Document.  (Def.'s Mem. in Support of Mot. for
Partial Summary Judgment, Jul. 13, 2011, at 13 ("Def.'s Mem.").)
Prior to the filing of Plaintiffs' opposition papers the Court
held a conference with the parties on October 12, 2011, to
discuss the manner in which Plaintiffs could appropriately
oppose the motion without disclosing any potentially classified
information.  The Court gave the following instructions to
Plaintiffs:

> You may make all of your arguments, you simply may not cite
> to the document and you cannot do any direct comparison.

(Hr'g Tr. at 33.)  The Court also advised the parties that
Defense would be permitted to review Plaintiffs' brief prior to
filing and could then propose to the Court the redaction of

4

problematic sections.  (Id.)  After reviewing Plaintiffs' brief,

Defense requested that certain portions be redacted, and

Plaintiffs objected.[1]  Over Plaintiffs' protests, the Court

granted Defense's request, and ordered that the redacted version

of Plaintiffs' brief be docketed pending resolution of the

sealing issue.  (Memo Endorsement, Nov. 23, 2012, at 1.)  The

Court also directed the parties to include briefing on the

sealing issue in their outstanding summary judgment submissions.

(Order, Nov. 23, 2012, at 1.)

### LEGAL STANDARD

An agency presented with a FOIA request "must disclose its

records unless its documents fall within one of the specific,

enumerated exemptions set forth in the Act."  Associated Press

v. Dep't of Def., 554 F.3d 274, 283 (2d Cir. 2009) (internal

quotation marks and citation omitted).  In light of "the strong

presumption in favor of disclosure," the burden falls on the

agency "to justify the withholding of any requested documents."

Id. (quoting U.S. Dep't of State v. Ray, 502 U.S. 164, 173

(1991)).  At the summary judgment stage, agency affidavits that

provide "reasonably detailed explanations why any withheld

documents fall within an exemption are sufficient to sustain the

agency's burden."  Carney v. Dep't of Justice, 19 F.3d 807, 812

(2d Cir. 1994) (citations omitted).  Declarations submitted by

---

[1] The parties submitted letter briefing on the initial sealing of these
portions at the time.

5

the agency are "accorded a presumption of good faith." Id.
(internal quotation marks and citation omitted).

Summary judgment is proper where the agency's "affidavits
describe the justifications for nondisclosure with reasonably
specific detail, demonstrate that the information withheld
logically falls within the claimed exemption, and are not
controverted by either contrary evidence in the record nor by
evidence of agency bad faith." Wilner v. Nat'l Sec. Agency, 592
F.3d 60, 73 (2d Cir. 2009) (internal quotation marks and
citation omitted). Ultimately, a court should accept an
agency's justification for invoking a FOIA exemption if it
appears logical or plausible. Id. (internal quotation marks and
citations omitted).

## ANALYSIS

### I.   The Document Is Properly Classified Under FOIA Exemption 1

FOIA Exemption 1 protects from disclosure records that are
"(A) specifically authorized under criteria established by an
Executive order to be kept secret in the interest of national
defense or foreign policy and (B) are in fact properly
classified pursuant to such Executive order." 5 U.S.C. §
552(b)(1). Executive Order No. 13,526 governs the
classification of national security information. 75 Fed. Reg.
707 (Dec. 29, 2009). Section 1.1 of Executive Order 13,526
provides that a document may be withheld as classified if the

6

following requirements are met: (1) an "original classification
authority" has classified the information; (2) the information
is "owned by, produced by or for, or is under the control of the
United States Government"; (3) the information falls within one
of eight protected categories listed in Section 1.4 of the
Executive Order; and (4) the original classification authority
determines that the unauthorized disclosure of the information
"reasonably could be expected to result in damage to the
national security . . . and the original classification
authority is able to identify or describe the damage."  Exec.
Order No. 13,526, § 1.1(a).

The parties do not dispute that the information in the
Document satisfies the first two elements under Exemption 1.
William K. Lietzau, the Deputy Assistant Secretary of Defense,
is an original classifying authority under Executive Order
13,526.  (Lietzau Decl. ¶ 3.)  He asserted in his declaration
that the Document was classified as SECRET because the contents
had been derived from other classified documents and that the
information in the Document is owned by and was produced by and
for the United States Government.  (Id. ¶ 8.)

As for the third element, Defense asserts that the
information in the Document pertains to "military plans . . . or
operations," (Section 1.4(a)), and to "foreign relations or

7

foreign activities of the United States," (Section 1.4(d)).
(Def.'s Mem. at 8; Lietzau Decl. ¶ 8.)

Defendant provides the following information in support of
nondisclosure. After a DRB determines that an individual may be
lawfully detained pursuant to the Authorization for Use of
Military Force, Pub. L. No. 107-40, § 2(a), 115 Stat. 224 (Sept.
18, 2001) (codified at 50 U.S.C. § 1541) ("AUMF"), the DRB
conducts a threat assessment to determine whether the lawfully
detained individual may be categorized as an EST. (Lietzau
Decl. ¶ 9 (emphasis added).) Classifying an individual as an
EST identifies the detainee as a member of the highest threat
level. (Id.) In turn, that determination informs future
discretionary decisions regarding the detainee's transfer and
release. (Id.) The transfer and release of an EST must be
approved by a higher-ranked official than is required to approve
the transfer or release of a non-EST detainee. (Id.)

According to Defense, the threat assessment conducted by a
DRB is an important military function for several "strategic and
operational reasons." (Id. ¶ 12.) The assessments are used to,
among other things, identify whether an individual whom the U.S.
may lawfully detain should nonetheless be released for policy
reasons, whether authorities in the region in which a detainee
might be released have the capacity to mitigate the threat, and
whether more dangerous detainees are appropriately separated

8

from less dangerous detainees within the facility.  (Id. ¶¶ 12-
15.)  In addition, accurate threat assessments are crucial to
the accuracy of U.S. military intelligence gathering.  (Id. ¶
16.)

     To address the fourth element in the analysis under FOIA
Exemption 1, Defense asserts that disclosure of the Document
could reasonably be expected to harm national security because
detainees could learn to craft their responses to the criteria
in order to create an inaccurate threat assessment, which in
turn could "result in the premature release or transfer of a
high-threat individual under conditions not designed to mitigate
his threat."  (Id. ¶ 11.)

     In reviewing a withholding asserted under Exemption 1, a
court must "'accord substantial weight to an agency's affidavit
concerning the details of the classified status of the disputed
record, albeit without relinquishing [the Court's] independent
responsibility' to review the agency's determinations de novo."
Associated Press v. U.S. Dep't of Def., 498 F. Supp. 2d 707, 710
(S.D.N.Y. 2007) (quoting Goldberg v. U.S. Dep't of State, 818
F.2d 71, 77 (D.C. Cir. 1987)).  In conducting its review, a
court must also be "mindful that issues of national security are
within the unique purview of the executive branches, and that as
a practical matter, few judges have the skill or experience to
weigh the repercussions of disclosure of intelligence

                              9

information." <u>Amnesty Int'l USA v. Cent. Intelligence</u>
<u>Agency</u>, 728 F. Supp. 2d 479, 506 (S.D.N.Y. 2010) (internal
quotation marks and citations omitted).[2]

The Court has applied the relevant law to the facts and
finds that Defense has established that the Document is properly
classified under FOIA Exemption 1.  Defense's publicly available
explanation demonstrates that the information in the Document
pertains to "military plans . . . or operations" and that
disclosure of the Document could reasonably be expected to harm
national security.[3]

The Supplemental Lietzau Declaration also provides
additional classified information explaining why the Document
should also be categorized as pertaining to "foreign relations
or foreign activities of the United States" under Section
1.4(d).  (Supp. Lietzau Decl. ¶¶ 11-12 and nn. 5-6.)  Having
already concluded that the Document is properly categorized
under Section 1.4(a), the Court need not engage in a discussion

---

[2] Plaintiffs assert that the Court must conduct an "even more searching review
of the government's Exemption 1 claim . . . because of the First Amendment
issues raised by the government's request that this Court order plaintiffs to
return the EST criteria."  (Pls.' Mem. in Opp. to Def.'s Mot. for Partial
Summary Judgment and in Support of Pls.' Mot. for Partial Summary Judgment,
Oct. 31, 2011, at 9 ("Pls.' Opp. Mem.").)  The Court rejects this argument.
The fact that Plaintiffs came to possess the Document via an inadvertent
disclosure and now wish to disseminate its contents is irrelevant to the
determination as to whether the Document is properly classified.
[3] Because of the posture of this case, the Court has already been called upon
to read the classified portions of the Supplemental Lietzau Declaration.  The
classified information in the declaration only bolsters the conclusion that
the Document falls within the parameters of Section 1.4(a).

of whether it qualifies for classification under Section 1.4(d)
as well.

Plaintiffs object to the Document's classification under
FOIA Exemption 1 because, they argue, the EST criteria
constitute secret law that may not be withheld under FOIA.
(Pls.' Opp. Mem. at 10.)  This argument is based on an apparent
misinterpretation of the function of the EST criteria.
Plaintiffs claim that the EST criteria contain the government's
interpretation of its authority to lawfully obtain an
individual.  (Id.)  But, as noted above, the EST criteria come
into play only after the decision about whether detention is
lawful under the AUMF is made.  (Lietzau Decl. ¶ 9; Supp.
Lietzau Decl. ¶ 8.)  A DRB does not conduct the threat
assessment unless detainment of the individual has already been
deemed lawful, and the EST assessment is merely a recommendation
that a higher level official make the discretionary decisions
regarding transfer and release of the individual.  (Lietzau
Decl. ¶ 9; Supp. Lietzau Decl. ¶¶ 6-9.)  Moreover, "there is no
requirement that a subsequent DRB conclude that the detainee is
not an EST before his transfer or release can be approved.  Nor
does a detainee's classification as an EST alter or limit DoD's
options with regard to the detainee's disposition."  (Supp.
Lietzau Decl. ¶ 9.)

11

Plaintiffs also argue that the EST criteria have already
been officially disclosed, are known to the Bagram detainees,
and that disclosure of the Document would not cause any
additional harm to the national security. (Pls.' Opp. Mem. at
19-20, 23-24.) "[C]lassified information that a party seeks to
obtain or publish is deemed to have been officially disclosed
only if it (1) is as specific as the information previously
disclosed, (2) matches the information previously disclosed, and
(3) was made public through an official and documented
disclosure." Wilson v. Cent. Intelligence Agency, 586 F.3d 171,
186 (2d Cir. 2009) (internal quotation marks and citations
omitted).

In determining this issue, the Court is mindful of its
obligation to create as complete a public record as possible
before conducting an in camera review of classified submissions
and it has done so. Phillippi v. Cent. Intelligence Agency, 546
F.2d 1009, 1013 (D.C. Cir. 1976). The public record on the
official disclosure issue is sparse, however, because much of
the parties' discussion is classified. As a result, the Court
finds it necessary to consider the classified portions of the
Supplemental Lietzau Declaration and of the sealed portions of
Plaintiffs' opposition papers, which address the official
disclosure issue. See Am. Civil Liberties Union v. Office of
the Dir. of Nat'l Intelligence, No. 10 Civ. 4419, 2011 WL

12

5563520, at *12 (S.D.N.Y. Nov. 15, 2011).  In light of the parties' briefing and the relevant classified information, the Court finds that the EST criteria have not been officially disclosed.

Plaintiffs have failed to provide any evidence to controvert the propriety of Defense's invocation of FOIA Exemption 1, and they have made no effort to establish bad faith on the part of Defense.  See Amnesty Int'l, 728 F. Supp. 2d at 510 (quoting Wilner, 592 F.3d at 75).  Because the Court finds that the Document falls within Section 1.4(a) and that disclosure could reasonably be expected to cause harm to national security, the Document is properly classified under FOIA Exemption 1.

## II.  The Court's Authority to Compel Return of the Document

Federal courts have "inherent equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices."  Pure Power Boot Camp v. Warrior Fitness Boot Camp, 587 F. Supp. 2d 548, 568 (S.D.N.Y. 2008) (quoting Int'l Prods. Corp. v. Koons, 325 F.2d 403, 408 (2d Cir. 1963)).  Courts also possess "the inherent authority to enforce their orders."  In re Zyprexa Injunction, 474 F. Supp. 2d 385, 417 (E.D.N.Y. 2007), aff'd sub nom., Eli Lilly & Co. v. Gottstein, 617 F.3d 186 (2d Cir. 2010).

13

Plaintiffs assert that they have a First Amendment right to access a document which they came to possess lawfully. (Pls.' Opp. Mem. at 30.)  However, classified information remains classified notwithstanding "any unauthorized disclosure of identical or similar information."  Exec. Order No. 13,526, § 1.1(c).  That Plaintiffs acquired the Document innocently does not change the fact that the Document is classified and Plaintiffs are not authorized to possess it.  See Am. Civil. Liberties Union v. Dep't of Def., 664 F. Supp. 2d 72, 79 (D.D.C. 2009).

The production containing the Document occurred in accordance with a court-ordered stipulation and as part of a court-supervised process.  Plaintiffs initiated this FOIA action so that the Court would compel the Government to respond to their FOIA requests.  That compelled process has generated a situation in which Plaintiffs seek to maintain their unauthorized possession of a classified document.  Plaintiffs may not now claim the Court lacks the authority to supervise the very process that they themselves set in motion.

Surely, if a district court in a FOIA case has the authority to order the return of two entire document productions which contained inadvertently produced documents wholly unrelated to national security, then this Court has the authority to order the return an inadvertently produced

14

classified document that implicates national security and which

Plaintiffs are not authorized to possess.  See <u>Hersh & Hersh v.</u>

<u>U.S. Dep't of Health & Human Servs.</u>, No. C 06-4234, 2008 WL

901539, at *9 (N.D. Cal. Mar. 31, 2008)[4]; <u>Al-Haramain Islamic</u>

<u>Found., Inc. v. Bush</u>, 451 F. Supp. 2d 1215, 1229 (D. Or. 2006),

<u>rev'd in part on other grounds</u>, 507 F.3d 1190 (9th Cir. 2007)[5].

Accordingly, the Court grants Defense's request and directs

Plaintiffs to return all copies of the Document in their

possession.

### III. Indefinite Sealing of Portions of Plaintiffs' Opposition Brief

Defense requests an order to indefinitely seal the

temporarily sealed portions of Plaintiffs' opposition brief

because making those sections available to the public "could

disclose information properly classified under Executive Order §

1.4(a) or § 1.4(d), and thus would harm national security."

(Supp. Lietzau Decl. ¶ 29.)

Plaintiffs claim that the disputed portions of their brief

"hew[] to the letter and spirit of the Court's October 12, 2011

order."  (Pls.' Sur-Reply Mem. in Opp. to Def.'s Mot. for

Partial Summary Judgment and in Support of Pls.' Mot. for

Partial Summary Judgment, Feb. 2, 2012, at 10 ("Pls.' Reply

---

[4] In <u>Hersh</u>, the Government replaced the erroneous productions with a complete set of the same documents, excluding the inadvertently produced documents. <u>Hersh</u>, 2008 WL 901539, at *9.
[5] Plaintiffs' attempts to factually distinguish <u>Al-Haramain</u> are unpersuasive. (<u>See</u> Pls.' Opp. Mem. at 29.)

15

Mem.").)  In addition, they argue that, under Joy v. North, 692
F.2d 880, 893 (2d Cir. 1982), judicial documents should not
remain under seal absent the most compelling reasons, and that
Defense's claim that disclosure could potentially reveal
classified information is not sufficiently compelling.  (Pls.'
Reply Mem. at 9-10.)  Finally, Plaintiffs contend that there is
no compelling need to withhold from the public portions of
judicial documents which merely cite to materials already in the
public record.  (Id. at 10.)

     The Court does not doubt that Plaintiffs made a good faith
effort to comply with the October 12 Order.  Nonetheless, the
Court concludes that the portions of Plaintiffs' brief that are
currently sealed must remain sealed indefinitely.

     On November 23, 2011, the Court ordered the temporary
sealing of portions of Plaintiffs' opposition brief pending the
resolution of the sealing issue that has now been fully briefed
by the parties.  (Memo Endorsement, Nov. 23, 2011, at 1.)  Now,
Defense has asked the Court to indefinitely seal the same
portions of Plaintiffs' brief because, Defense asserts, "public
release of Plaintiffs' opposition brief could potentially
disclose classified information, and thus would harm national
security."  (Def.'s Reply Mem. at 19.)  Because Defense's public
justification for indefinite sealing is insufficiently detailed
to resolve the issue, the Court found it necessary to review

Paragraphs 30-32 of the Supplemental Lietzau Declaration, which
are classified and in which Defense presents a fuller
explanation for why the sealed portions of Plaintiffs' brief
must remain sealed.  The Court finds that the classified
explanation for why unsealing the temporarily sealed portions of
Plaintiffs' brief would cause harm to national security is both
logical and plausible.  See Wilner, 592 F.3d at 73.

    The Court is mindful that "documents submitted to a court
for its consideration in a summary judgment motion are—as a
matter of law—judicial documents to which a strong presumption
of access attaches, under both the common law and the First
Amendment." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110,
121 (2d Cir. 2006).  However, after reviewing the information
provided to the Court in support of Defense's determination that
disclosure of the sealed portions of Plaintiffs' opposition
brief would harm national security, and having applied the
deference accorded to that determination, the Court is persuaded
that indefinitely sealing those portions of the brief is
necessary to preserve the national security.  Id. at 120.  The
Court therefore grants Defense's request.

### CONCLUSION

    For the foregoing reasons, Defense's motion for partial
summary judgment and related relief (Dkt. 55) is GRANTED and
Plaintiffs' motion for partial summary judgment (Dkt. 87) is

DENIED.  Plaintiffs are directed to return to Defense all copies of the Document in their possession.  The sealed portions of Plaintiffs' opposition brief shall remain sealed indefinitely.

If this Order does not resolve all of the outstanding issues in this case, the parties are directed to inform the Court of that fact by no later than March 30, 2012.  Otherwise, the Court will issue an order instructing the Clerk of the Court to close this case on that date.

**SO ORDERED:**

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:    New York, New York
          March 20, 2012

18