**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ELECTRONIC PRIVACY INFORMATION** | : | |
| **CENTER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 12-333 (GK)** |
| | : | |
| **U.S. DEPARTMENT OF HOMELAND** | : | |
| **SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER**

Plaintiff has filed this FOIA request, pursuant to 15 U.S.C. § 552, for documents regarding the DIB Cyber Pilot, a cyber security pilot program jointly conducted by the Department of Defense and the Department of Homeland Security. Plaintiff filed the case on March 1, 2012; on May 24, 2012, the Court ordered the production of all documents and a Vaughn Index by August 24, 2012 [Dkt. No. 12]; since August 24, 2012, the Government moved for one ten-day stay [Dkt. No. 13], then moved for another ten-day stay [Dkt. No. 14], and then moved for a 16-month delay [Dkt. No. 17]. On October 15, 2012, the Court held a lengthy Status Conference and issued yet another Scheduling Order, which included provisions for a Protective Order and a "claw back" agreement [Dkt. No. 25].

Plaintiff has filed a Motion for Reconsideration of the October 16, 2012 Order [Dkt. No. 26]. Upon consideration of the Motion, Defendant's Opposition [Dkt. No. 32], and Defendant's Reply [Dkt. No. 35], the Court concludes that the Motion should be **granted in part and denied in part.**

There is no question that the Government did not take seriously its obligation under the Court's first Scheduling Order of May 24, 2012. It would appear, from the Government's processing

of 4,000 pages in the last two months, that the Government finally woke up and did take seriously the revised Scheduling Order of October 16, 2012.  In the detailed Declaration of James V.M.I. Holzer, the Government explained in substantial detail the difficulty in processing the remaining 5,200 pages to be examined.[1]

Taking into account the concerns of both parties as set forth in their briefs and as articulated at the Motion Hearing, the Court believes that the following Order is the fairest way to resolve these issues.

**WHEREFORE**, it is this 8th day of January, 2013, hereby

**ORDERED**, that the Government is no longer required to make "rolling productions"; and it is further

**ORDERED**, that the parties are no longer required to develop a proposed Protective Order and a Memorandum Agreement allowing the Government to "claw back" documents which were inadvertently produced; and it is further

**ORDERED**, that the Government is to continue reviewing at least 1,500 pages of documents per month; and it is further

**ORDERED**, that the deadline for a complete production of non-exempt documents is **no later than April 15, 2013**; and it is further

**ORDERED**, that Defendant's Vaughn Index is due by **June 1, 2013**; and it is further

---

[1]    As noted, the Government has already processed 4,000 of the 9,200 pages it believes were in question after the last Status Conference.  Interestingly, the Government concluded that not a single one of those 4,000 pages should be produced to Plaintiff.  Consequently, Plaintiff has still not received a single page in response to its request.

**ORDERED**, that Defendant's Motion for Summary Judgment is due by **July 1, 2013**; and it is further

**ORDERED**, that Plaintiff's Opposition and Cross-Motion for Summary Judgment is due by **August 1, 2013**; and it is further

**ORDERED**, that Defendant's Reply and Opposition to Plaintiff's Cross-Motion is due by **August 15, 2013**; and it is further

**ORDERED**, that Plaintiff's Reply is due by **September 1, 2013**; and it is further

**ORDERED**, that Defendant shall submit a monthly report, starting **February 1, 2013**, indicating how many non-exempt document pages it has produced to Plaintiff each month.

Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**