**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>HOMELAND SECURITY, )<br>)<br>Defendant. ) | Civil Action No. 12-0333 (GK) |

**DEFENDANT'S MOTION FOR
EXTENSION OF TIME TO FILE ITS SUMMARY JUDGMENT MOTION**

Defendant, the United States Department of Homeland Security ("DHS"), by and through undersigned counsel, respectfully requests an extension of six weeks, or until August 16, 2013, to file its summary judgment motion in this matter. In support of this motion, DHS states the following:

1. Under the current scheduling order, DHS was required to produce all non-exempt documents to plaintiff no later than April 15, 2013. DHS met that deadline, producing 1,327 non-exempt document pages (including some released in full, and some partially redacted) to plaintiff, the Electronic Privacy Information Center ("EPIC"). DHS withheld in full twenty-seven exempt documents (355 pages).

2. On June 14, 2013, DHS provided plaintiff with a twenty-page preliminary *Vaughn* index for the twenty-seven documents that the agency withheld in full. On June 21, 2013, DHS provided plaintiff with a 314-page preliminary *Vaughn* index describing the redactions in the 1,327 pages of documents that the agency had produced. All told, DHS's

preliminary *Vaughn* index totals 334 pages and contains detailed, fulsome descriptions of the basis for its withholdings.

3. The current briefing schedule requires the parties to brief summary judgment under the following time frame: (i) DHS files its summary judgment motion on July 1, 2013; (ii) plaintiff files its opposition and cross-motion for summary judgment by August 1, 2013; (iii) DHS files its opposition and reply in support of its summary judgment motion by August 15, 2013; and (iv) plaintiff files its reply in support of its cross-motion for summary judgment by September 1, 2013.

4. The additional time to brief summary judgment is needed to allow the parties to discuss the 334-page preliminary *Vaughn* index that DHS provided to plaintiff, which may help to narrow the issues required to be briefed at summary judgment and ultimately aid the Court in its resolution of this case.

5. In addition, DHS requires time to consult with other agency stakeholders regarding several documents that DHS has preliminarily identified as being potentially re-releasable with revisions to the redactions that were originally applied to the pages, allowing more information to be produced to plaintiff.

6. Finally, the additional time to brief summary judgment will allow DHS to finalize its declarations and supporting materials, to provide the Court with a full picture and understanding of DHS's compliance with the Freedom of Information Act. Given the multiple federal agencies that have consulted with DHS regarding the records in this matter, DHS needs time to allow these other agencies to review and provide comment on its summary judgment briefing.

7. DHS is cognizant that while this is the first request for an extension of the current summary judgment briefing schedule, DHS has previously requested extensions of time for completing its production of non-exempt documents to plaintiff and for providing plaintiff with the preliminary *Vaughn* index descriptions justifying its withholdings. In August of last year, after having identified approximately 10,000 pages of potentially responsive records and unable to meet the production schedule that the Court entered at the plaintiff's request, DHS sought a sixteen-month extension of time (until January 17, 2014) to complete its production of documents; DHS submitted a lengthy and detailed declaration from the Director of Disclosure and FOIA Operations for the Department of Homeland Security Privacy Office explaining, *inter alia*, the careful process that DHS was undertaking to segregate and produce non-exempt portions of the record, the classification review process that was underway, the sensitive nature of the requested records, and the need for inter-agency review. The Court granted the agency six-and-a-half additional months to complete its production (until March 15, 2013), and then—after the plaintiff moved for reconsideration of certain parts of the Court's scheduling order and the Court reconsidered its prior decision to allow the records to be produced pursuant to a temporary protective order and clawback agreement—the Court provided DHS with one additional month, setting April 15, 2013 as the production deadline. DHS worked around the clock to meet that deadline, and has since requested only modest extensions of time to produce its preliminary *Vaughn* descriptions to plaintiff, and now to negotiate a narrowing of the case and to submit its summary judgment briefing for any remaining issues.

8. On June 25, 2013, undersigned counsel attempted to meet and confer with counsel for plaintiff regarding the instant motion; undersigned counsel left a voicemail message and sent

a follow-up email to counsel but was unable to obtain the plaintiff's position regarding this motion.

For the foregoing reasons, DHS respectfully requests that the Court grant this motion and modify the existing summary judgment briefing schedule to allow the parties to brief summary judgment as follows:

a. DHS's summary judgment brief to be filed on or before August 16, 2013;

b. EPIC's opposition/cross-motion for summary judgment to be filed on or before September 13, 2013;

c. DHS's opposition/reply in support of summary judgment to be filed on or before October 4, 2013; and

d. EPIC's reply in support of summary judgment to be filed on or before October 25, 2013.

Dated:  June 25, 2013                                Respectfully submitted,

                                                     STUART F. DELERY
                                                     Acting Assistant Attorney General

                                                     JOHN R. TYLER
                                                     Assistant Director

                                                     */s/ Lisa Zeidner Marcus*
                                                     LISA ZEIDNER MARCUS
                                                     TAMRA T. MOORE
                                                     Trial Attorney
                                                     United States Department of Justice
                                                     Civil Division, Federal Programs Branch
                                                     20 Massachusetts Avenue, 7th floor
                                                     Washington, DC 20001
                                                     Tel: (202) 514-3336
                                                     Fax: (202) 616-8460
                                                     E-mail: Lisa.Marcus@usdoj.gov

                                                     Attorneys for Defendant