IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> No. 1:12-cv-00333-GK |

## PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER

Plaintiff Electronic Privacy Information Center respectfully requests this Court to modify the scheduling order in this matter in the interests of justice to reflect representations made by opposing counsel and to avoid further delay in this matter. Opposing counsel had represented in communications with EPIC on May 31, 2013 that it would not seek further extensions to file its Motion for Summary Judgment. However, opposing counsel filed a motion with this Court for just such an extension late on Tuesday, June 25, 2013, and this Court granted that motion early on Wednesday, June 26, 2013 without the opportunity for EPIC to file its opposition.

1. EPIC's Freedom of Information Act ("FOIA") request to the Department of Homeland Security ("DHS"), to which this matter pertains, was filed with DHS on July 26, 2011 – nearly two years ago. *See* Exhibit 1.

2. DHS has routinely filed motions for extensions and stays in this matter.[1]

---

[1] DHS' previous requests for delay include (1) a two-week extension of time to file the answer to EPIC's complaint (Dkt. No. 6), (2) two 10-day stays to discuss narrowing the scope of EPIC's FOIA Request (Dkt. Nos. 13, 14) (3) a modification to the Court's Scheduling Order to delay the production of responsive documents by 18 months (Dkt. No. 17), (4) a two-day extension of time to file a reply brief to EPIC's motion to show cause (Dkt. No. 20), (5) a nine-day extension of time to respond to EPIC's motion for reconsideration (Dkt. No. 29 filed Nov. 21, 2013), (6) a

3. On September 5, 2012, this Court ordered that no further stays would be granted in this matter. *See* Dkt. No. 16 (Filed Sept. 5, 2012) ("**ORDERED**, that this will be the **FINAL** Stay." (emphasis in original)).

4. On May 31, 2013, opposing counsel telephoned Ms. Stepanovich, counsel for EPIC, to request a two-week extension to this Court's deadline for DHS to file its *Vaughn* Index in order to "provide fulsome descriptions of the basis for its withholdings." Dkt. No. 43 (filed May 31, 2013).

5. During the May 31, 2013 phone call with Ms. Stepanovich, opposing counsel represented that the delay in the production of the *Vaughn* Index would not further delay the case and that DHS would not request any modification to the Court-appointed deadlines for the parties' dispositive motions.

6. EPIC consented to DHS's request for a two-week extension for the production of the *Vauhgn* index based upon the representation that this would not alter the filing deadlines for the dispositive motions. *See* Stepanovich Aff.; Exhibits 2-3.

7. On June 14, 2013, opposing counsel telephoned Ms. Stepanovich again to request a further one-week extension to produce the full *Vaughn* index. At that time, opposing counsel also indicated that DHS was considering a motion to stay the proceedings, effectively pushing back DHS' deadline to file its Motion for Summary Judgment, due by Court Order on July 1, 2013. Ms. Stepanovich reminded opposing counsel of DHS' prior commitment to not further modify the briefing schedule, and stated that EPIC would oppose any attempt by DHS to do so. *See* Stepanovich Aff.

---

non-descript modification of the scheduling order to allow for additional time to produce responsive records (Dkt. No. 33 filed Nov. 30, 2013), a two-week extension of time to produce the *Vaughn* Index (Dkt. No. 43 filed May 31, 2013), and (7) an additional one-week extension of time to produce the full *Vaughn* Index (Dkt. No. 44 filed June 14, 2013).

8. DHS moved on June 25, 2013 at 9:40 PM for a six-week extension of time to file its Motion for Summary Judgment, effectively further delaying the resolution of this litigation and ensuring that this case remains active on this Court's docket until at least October 25, 2013.

9. This Court granted Defendant's request on June 26, 2013, before EPIC had an opportunity to file an opposition. *See* Stepanovich Aff.

10. The subject matter of EPIC's FOIA request to DHS remains highly relevant to current Congressional debates and critical to advancing public discourse on the topic of cybersecurity and government surveillance of Internet traffic and communications.

11. EPIC met and conferred with opposing counsel about the instant motion. Opposing counsel indicated that DHS does not consent to this modification.

For the foregoing reasons, EPIC respectfully requests that this Court grant this motion and modify the existing summary judgment briefing schedule in the interests of justice and to expedite the resolution of this matter as follows:

   a. DHS's Summary Judgment Motion to be filed on or before July 15, 2013;

   b. EPIC's Opposition and Cross-Motion for Summary Judgment to be filed on or before August 15, 2013;

   c. DHS's Opposition and Reply in Support of Summary Judgment to be filed on or before August 29, 2013;

   d. EPIC's Reply in Support of Summary Judgment to be filed on or before September 12, 2013.

Respectfully submitted,

MARC ROTENBERG
Executive Director, EPIC

June 28, 2013                                        */s/ Amie L. Stepanovich*
DATE                                                 AMIE L. STEPANOVICH
                                                     GINGER MCCALL
                                                     Electronic Privacy Information Center
                                                     1718 Connecticut Ave., NW
                                                     Suite 200
                                                     Washington, D.C. 20009
                                                     (202) 483-1140
                                                     *Counsel for Plaintiff*