**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 12-0333 (GK) |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) ) ) | |
| Defendant. | ) | |

**Defendant's _Vaughn_ Index for Challenged Withholdings**

On June 14 and June 22, 2013, defendant the Department of Homeland Security ("DHS") provided plaintiff the Electronic Privacy Information Center ("EPIC") with a preliminary _Vaughn_ index that was, collectively, more than [300] pages, describing the exempt material withheld by DHS when DHS responded to plaintiff's Freedom of Information Act (FOIA) request. Following receipt of the preliminary _Vaughn_ index, EPIC indicated that it would not pursue a challenge to the withholdings that DHS made of employee contact and identification information, pursuant to either Exemption (b)(3) based on the National Security Agency Act of 1959, Section 6, Public Law 86-36 (50 U.S. Code 402 note), or Exemption (b)(6). EPIC further indicated it was challenging the remainder of DHS's withholdings. Accordingly, this _Vaughn_ index focuses on the withholdings that plaintiff continues to challenge, and it omits details regarding certain withholdings made pursuant to Exemptions 3 based on and 6.

| Document: | 1 |
|---|---|
| Bates Range: | 1 – 2 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 11/16/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains information relating to the development of an agenda for a regular DHS Data Privacy and Integrity Advisory Committee ("DPIAC") meeting, including intra-agency predecisional deliberations regarding what to include on the agenda, and the opinions and recommendations of DHS personnel.  The redacted paragraph includes an employee's suggestion for changing an aspect of the draft agenda and her reasoning for the change, and DHS redacted the paragraph pursuant to (b)(5) - deliberative process.

| Document: | 2 |
|---|---|
| Bates Range: | 3 – 5 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 4/7/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This inter-agency email chain gives a "heads up" to recipients that a paper on cybersecurity was circulated via other channels for inter-agency review and comment, and provides the recipients with action items.  The redacted portion of the email chain contains one DHS employee's internal, predecisional thoughts and recommendations for improving the content and language of the draft paper that had been circulated, as well as the employee's summary and editorial comments of the draft paper to assist his colleagues in formulating their edits and opinions of the draft.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 3 |
|---|---|
| Bates Range: | 6 – 8 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 4/7/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This inter-agency email chain gives a "heads up" to recipients that a paper on cybersecurity was circulated via other channels for inter-agency review and comment, and provides the recipients with action items.  The redacted portion of the email chain contains one DHS employee's internal, predecisional thoughts and recommendations for improving the content and language of the draft paper that had been circulated, as well as the employee's summary and editorial comments of the draft paper to assist his colleagues in formulating their edits and opinions of the draft.

| Document: | 4 |
|---|---|
| Bates Range: | 9 – 11 (Production PDF "Part1") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 5 |
|---|---|
| Bates Range: | 12 – 12 (Production PDF "Part1") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 6 |
|---|---|
| Bates Range: | 13 – 15 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 12/20/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**   (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains inter-agency, pre-decisional and deliberative discussion regarding information and action items for the Joint Cybersecurity Services Pilot (JCSP) transition.  The JCSP was/is a proof of concept program jointly undertaken by Department of Homeland Security (DHS) and the Department of Defense (DoD). The JCSP extended the existing operations of the Defense Industrial Base (DIB) Exploratory Cybersecurity Initiative (DIB Opt-In Pilot) and shifted the operational relationship with the CSPs in the pilot to DHS. This email circulated deliberative, discussion items in advance of an intra-agency conference call regarding the JCSP; the conference call was held to continue intra-agency deliberations regarding the roll-out and implementation of the JCSP. The redacted portions reflect predecisional considerations and questions posed to advance intra-agency deliberations regarding how to ensure a smooth transition.

| Document: | 7 |
|---|---|
| Bates Range: | 16 – 18 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 1/10/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, a senior privacy analyst in the DHS, National Protection and Programs Directorate ("NPPD") Office of Privacy circulates, to other DHS employees, a draft version of a Privacy Impact Assessment document for the JCSP.  After receiving the draft, DHS privacy officers and DHS Office of General Counsel attorneys discuss the draft and deliberate regarding potential improvements to the draft.  The redacted portions of the email chain contain DHS employees' observations, opinions, and recommendations regarding the circulated draft and specific potential revisions to it.  The attorneys provide legal comment and review.  Thus, redacted portions are protected by both the deliberative process privilege and the attorney-client privilege.

| Document: | 8 |
|---|---|
| Bates Range: | 19 – 24 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 1/11/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, a senior privacy analyst in the DHS, National Protection and Programs Directorate ("NPPD") Office of Privacy circulates, to other DHS employees, a draft version of a Privacy Impact Assessment document for the JCSP.  After receiving the draft, DHS privacy officers and DHS Office of General Counsel attorneys discuss the draft and deliberate regarding potential improvements to the draft.  The redacted portions of the email chain contain DHS employees' observations, opinions, and recommendations regarding the circulated draft and specific potential revisions to it.  The attorneys provide legal comment and review.  Thus, redacted portions are protected by both the deliberative process privilege and the attorney-client privilege.

| Document: | 9 |
|---|---|
| Bates Range: | 25 – 27 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 1/12/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, DHS employees discuss potential changes to a draft version of a Privacy Impact Assessment document for the JCSP.   The redacted portions of the email chain contain DHS employees' observations, opinions, and recommendations regarding the circulated draft and specific potential revisions to it. The redacted discussion also reveals and analyzes changes that had been made to the draft document since a prior draft had been circulated.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 10 |
|---|---|
| Bates Range: | 28 – 29 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 1/12/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**   (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This intra-agency email chain contains continued DHS privacy officer discussions regarding a draft version of a Privacy Impact Assessment (PIA) document for the JCSP.  The earliest email in the chain forwards a revised draft to the DHS Chief Privacy Officer who responds with comments and opinions regarding the revised draft.  These comments are predecisional and deliberative, reflecting internal DHS views in advance of an inter-agency decision and finalization of a Privacy Impact Statement.  The latest email in the chain circulates a marked-up draft version of the PIA that was sent by DOD.  The redacted portions of the email chain contain DHS employees' observations, opinions, questions, and recommendations regarding the circulated drafts and specific potential revisions to them.  This information is protected by the deliberative process privilege.

| Document: | 11 |
|---|---|
| Bates Range: | 30 – 31 (Production PDF "Part1") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 12 |
|---|---|
| Bates Range: | 32 – 32 (Production PDF "Part1") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 13 |
|---|---|

| Bates Range: | 33 – 35 (Production PDF "Part1") |
|---|---|
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 14 |
|---|---|
| Bates Range: | 36 – 37 (Production PDF "Part1") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 15 |
|---|---|
| Bates Range: | 38 – 41 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 1/19/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, DHS employees discuss how to respond to questions from a non-profit organization regarding the JCSP.  The redacted portions of the email chain include 1) draft, suggested material for the response, 2) discussions and analysis of the suggestions, and 3) predecisional discussions and recommendations suggesting and assessing an appropriate process for responding  to the request. These comments are predecisional and deliberative, reflecting internal DHS views in advance of responding to the non-profit's inquiry.

| Document: | 16 |
|---|---|
| Bates Range: | 42 – 46 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 1/19/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, DHS employees discuss how to respond to questions from a non-profit organization regarding the JCSP.  The redacted portions of the email chain include 1) draft, suggested material for the response, 2) discussions and analysis of the suggestions, and 3) predecisional discussions and recommendations suggesting and assessing an appropriate process for responding to the request. These comments are predecisional and deliberative, reflecting internal DHS views in advance of responding to the non-profit's inquiry. The email chain also contains comments from an attorney in DHS's Office of General Counsel and includes the attorney's analysis and recommendations to his clients regarding these topics; thus, portions of the (b)(5) redactions are protected by both the deliberative process privilege and the attorney/client privilege.

| Document: | 17 |
|---|---|
| Bates Range: | 47 – 52 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 1/19/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, DHS employees discuss how to respond to questions from a non-profit organization regarding the JCSP.  The redacted portions of the email chain include 1) draft, suggested material for the response, 2) discussions and analysis of the suggestions, and 3) predecisional discussions and recommendations suggesting and assessing an appropriate process for responding to the request. These comments are predecisional and deliberative, reflecting internal DHS views in advance of responding to the non-profit's inquiry. Two of the emails in the chain were written by an attorney in DHS's Office of General Counsel and includes the attorney's analysis and recommendations regarding these topics; the redactions in that email are protected by both the deliberative process privilege and the attorney/client privilege.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 18 |
|---|---|
| Bates Range: | 53 – 58 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 1/20/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, DHS employees discuss how to respond to questions from a non-profit organization regarding the JCSP.  The redacted portions of the email chain include 1) draft, suggested material for the response, 2) discussions and analysis of the suggestions, and 3) predecisional discussions and recommendations suggesting and assessing an appropriate process for responding to the request. These comments are predecisional and deliberative, reflecting internal DHS views in advance of responding to the non-profit's inquiry. The email chain also contains comments from an attorney in DHS's Office of General Counsel and includes the attorney's analysis and recommendations to his clients regarding these topics; thus, portions of the (b)(5) redactions are protected by both the deliberative process privilege and the attorney/client privilege.

| Document: | 19 |
|---|---|
| Bates Range: | 59 – 64 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 1/20/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, DHS employees discuss how to respond to questions from a non-profit organization regarding the JCSP.  The redacted portions of the email chain include 1) draft, suggested material for the response, 2) discussions and analysis of the suggestions, and 3) predecisional discussions and recommendations suggesting and assessing an appropriate process for responding  to the request. These comments are predecisional and deliberative, reflecting internal DHS views in advance of responding to the non-profit's inquiry. The email chain also contains comments from an attorney in DHS's Office of General Counsel and includes the attorney's analysis and recommendations to his clients regarding these topics; thus, portions of the (b)(5) redactions are protected by both the deliberative process privilege and the attorney/client privilege.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 20 |
|---|---|
| Bates Range: | 65 – 67 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 1/20/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, DHS employees discuss how to respond to questions from a non-profit organization regarding the JCSP.  The redacted portions of the email chain include 1) draft, suggested material for the response, 2) discussions and analysis of the suggestions, and 3) predecisional discussions and recommendations suggesting and assessing an appropriate process for responding to the request. These comments are predecisional and deliberative, reflecting internal DHS views in advance of responding to the non-profit's inquiry. The email chain also contains comments from an attorney in DHS's Office of General Counsel and includes the attorney's analysis and recommendations to his clients regarding these topics; thus, portions of the (b)(5) redactions are protected by both the deliberative process privilege and the attorney/client privilege.

| Document: | 21 |
|---|---|
| Bates Range: | 68 – 70 (Production PDF "Part1") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 22 |
|---|---|
| Bates Range: | 71 – 78 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 1/20/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(4), (b)(5), (b)(7)(d)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains essentially two parts.  In the earlier half of the email chain, DHS employees discuss how to respond to questions from a non-profit organization regarding the JCSP.  The redacted portions of the email chain include 1) draft, suggested material for the response, 2) discussions and analysis of the suggestions, and 3) predecisional discussions and recommendations suggesting and assessing an appropriate process for responding to the request. These comments are predecisional and deliberative, reflecting internal DHS views in advance of responding to the non-profit's inquiry.  The earlier half of the email chain also contains comments from an attorney in DHS's Office of General Counsel and includes the attorney's analysis and recommendations to his clients regarding these topics; thus, portions of the (b)(5) redactions are protected by both the deliberative process privilege and the attorney/client privilege.  The second, more recent half of the email chain contains DHS employee discussions regarding how to respond to a separate inquiry that one DHS employee had received from a private person.  According to the released portion of the email, the private person had read about the JCSP PIA and posed related questions to the DHS employee. One sentence of this portion of the email chain is redacted pursuant to (b)(5) because it contains the DHS employee's observations and recommendations relevant to a potential response.

Exemption (b)(4) / (b)(7):  A redacted portion of this email reveals the identity of a Defense Industrial Base ("DIB") company that participated in the DIB Cyber Pilot, to a Department of Homeland Security attorney.  The full text of the email is released except for two small redactions covering words that would reveal the identity of the DIB company.  Exemptions (b)(4) and (b)(7) protect the identity of Defense Industrial Base companies that participated in the DIB Cyber Pilot.

Exemption (b)(4):  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cybercrime for defense industry companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed.  To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.

Exemption (b)(7)(d):  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  The participating companies volunteered with an express promise of confidentiality and are thus confidential sources of law enforcement information.  Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

| Document: | 23 |
|---|---|
| Bates Range: | 79 – 83 (Production PDF "Part1") |
| Document description: | Email chain Dated: 1/24/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  The earliest email in this chain circulates, for DHS employees' review and comment, a draft DOD Interim Final Rule titled "Department of Defense (DoD)-Defense Industrial Base (DIB) Voluntary Cyber Security and Information Assurance (CS/IA) Activities." After receiving the email, DHS employees forward it to other DHS employees and commence a discussion among themselves about how to respond.  The redacted portions of the email chain include the DHS employees' opinions and analysis regarding the DOD draft rule, and their predecisional discussions and recommendations regarding a potential, coordinated DHS response.  The name of the title of a draft document is also withheld as protected by the deliberative process privilege the naming convention used to name the draft reveals privileged information about how the internal DHS review process is organized.  The email chain also contains comments from an attorney in DHS's Office of General Counsel and includes the attorney's analysis and recommendations to his clients regarding these topics; thus, portions of the (b)(5) redactions are protected by both the deliberative process privilege and the attorney/client privilege.

| Document: | 24 |
|---|---|
| Bates Range: | 84 – 84 (Production PDF "Part1") |
| Document description: | Email chain Dated: 2/7/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portion of the body of the email discusses, in unclassified terms, a draft document that the email author (a DHS employee) had reviewed on DHS's classified computer system.  The author describes the review that she had conducted of the document, and she flags particular issues for potential further review.  She also comments on particular questions that had been raised about a portion of the draft, noting what she believes to be outstanding issues that decision-making officials should consider resolving before finalizing the draft document.

| | |
|---|---|
| Document: | 25 |
| Bates Range: | 85 – 85 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 2/7/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portion of the body of the email summarizes discussions and analysis related to privacy issues raised with respect to the JCSP in a meeting with DHS employees.  The email references DHS's request for legal advice from the Office of General Counsel related to the JCSP's operation and discusses deliberations concerning the need for certain requirements in the implementation of the JCSP.  Because the redacted portion of the email contains predecisional recommendations and discussions regarding certain aspects of the JCSP's implementation, it was withheld as protected by the deliberative process privilege.  Moreover, because the redacted portion also references a request for legal advice from DHS's Office of General Counsel, portions of the email are also protected by the attorney/client privilege.

| | |
|---|---|
| Document: | 26 |
| Bates Range: | 86 – 86 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 2/15/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portion of the body of the email discusses, in unclassified terms,  email communications the author (a DHS employee) received from another DHS employee  on DHS's classified computer system.  The author references a draft document she received on DHS's classified system and also discusses her review of that document and her opinion regarding the need for additional input at a future date.

| Document: | 27 |
|---|---|
| Bates Range: | 87 – 88 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 3/12/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portion of the body of the email summarizes discussions and analysis related to privacy issues raised with respect to the JCSP in a meeting with DHS employees.  The email discusses DHS's internal process for finalizing a draft document related to the JCSP and discusses DHS agency employees' opinion regarding next steps with respect to JCSP implementation.  Because the redacted portion of the email contains predecisional recommendations and discussions regarding certain aspects of the JCSP's implementation, it was withheld as protected by the deliberative process privilege.

| Document: | 28 |
|---|---|
| Bates Range: | 89 – 89 (Production PDF "Part1") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 29 |
|---|---|
| Bates Range: | 90 – 92 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 3/21/2012 |

14

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portion of the email discusses DHS's implementation of the DIB Cyber Pilot including a discussion of modifications to the DIB Cyber Pilot.  The redacted portion discusses the author's review of questions posed to DHS regarding the scope of the DIB Cyber Pilot.  The email also contains references potential legal issues related to the DIB Cyber Pilot and discusses whether those issues were addressed.   Because the redacted portions of the email contain predecisional recommendations modification of the DIB Cyber Pilot, it was withheld as protected by the deliberative process privilege.  The redacted portion also was withheld as protected by the attorney/client privilege because it references legal issues related to the DIB Cyber Pilot and DHS's efforts to examine those issues.

Exemption (b)(7)(E):  The redacted portion of this email chain also contains a discussion of the DIB Cyber Pilot's operations, including how the program identifies cyber threats.   The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 30 |
|---|---|
| Bates Range: | 93 – 95 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 3/21/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portion of the email chain contains draft language regarding implementation of the JCSP.  Because the redacted portion of the email contains predecisional recommendations regarding text, it was withheld as protected by the deliberative process privilege.

Exemption (b)(7)(E):  The redacted portion of this email chain also contains a discussion of the DIB Cyber Pilot's operations, including how the program identifies cyber threats.   The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 31 |
|---|---|
| Bates Range: | 96 – 96 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 3/28/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5):  The redacted text in the body of the email contains a DHS employee's recommendations regarding the types of questions that need to be answered in order to consider new issues related to the DIB Cyber Pilot.  Because this redacted portion of the email contains predecisional recommendations, it was withheld as protected by the deliberative process privilege.

(b)(7)(E):  The redacted text in the body of the email also references the mechanics of how the DIB Cyber Pilot operates.  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 32 |
|---|---|
| Bates Range: | 97 – 98 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 5/10/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portions of this email chain contain recommendations regarding the content of a document that discusses the DIB Cyber Pilot.  The DHS employees' whose email texts have been redacted offer their opinion on issues related to the DIB Cyber Pilot that should be discussed in the draft document.  Because this document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, it was withheld as protected from disclosure by Exemption (b)(5).

DHS applied the 7(E) to redact the internal addresses of the DHS intranet.  Release of this information would disclose the precise methods for accessing the internal website. Additionally, disclosing this information would expose the DHS intranet to enterprising members of the public who possess the knowledge and ability to manipulate URL information to gain access to and navigate within the site.  Doing so would grant access to a wealth of internal information that could allow users to circumvent a variety of laws enforced by DHS, ranging from national security to trade law.  It would also provide users insight regarding the location of certain files within the DHS intranet, potentially leading to the circumvention of DHS's law enforcement mission.

| Document: | 33 |
|---|---|
| Bates Range: | 99 – 99 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 5/16/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5),

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portion of the text of this email contains a DHS employee's opinion regarding the status of possible changes to the title of the DIB Cyber Pilot and her assessment regarding the need for modifications of the PIA.  Because this document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, it was withheld as protected from disclosure by Exemption (b)(5).

| Document | 34 |
|---|---|
| Bates Range: | 100 – 100 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 5/18/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5),

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portion of the text of this email contains a DHS employee's recommendation regarding how to address certain privacy issues with respect to the JCSP. Because this redacted portion of the text of the email contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 35 |
|---|---|
| Bates Range: | 101 – 101 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 5/21/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5),

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portion of the text of this email contains a DHS employee's opinion regarding the need to brief certain individuals on privacy issues with respect to the DIB Cyber Pilot.  Because this redacted portion of the text of the email contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 36 |
|---|---|
| Bates Range: | 102 – 105 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 5/24/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portions in the text of this email  chain contain opinions and recommendations by DHS employees regarding the contents of a draft privacy assessment document related to the DIB Cyber Pilot and also the review process to finalize the same. Because the redacted portions of the text of the email chain contain information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, it was withheld as protected from disclosure by Exemption (b)(5).

DHS applied (b)(7)(E) exemption to redact the internal addresses of the DHS "share drive."  Release of this information would disclose the precise methods for accessing the internal website. Additionally, disclosing this information would expose the DHS intranet to enterprising members of the public who possess the knowledge and ability to manipulate URL information to gain access to and navigate within the site.  Doing so would grant access to a wealth of internal information that could allow users to circumvent a variety of laws enforced by DHS, ranging from national security to trade law.  It would also provide users insight regarding

the location of certain files within the DHS intranet, potentially leading to the circumvention of DHS's law enforcement mission.

| Document: | 37 |
|---|---|
| Bates Range: | 106 – 107 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 1/17/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  Parts of the email chain were sent to a distribution list of DOD, DHS, DOJ, NSS, and NSA employees.  The redacted portion of the text of this email chain contains a DHS employee's opinion regarding the scope of the agency's deliberation regarding the draft of the privacy assessment document.  Because the redacted text contains pre-decisional and deliberative discussion regarding the content of a draft document and what information was considered to finalize that document, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 38 |
|---|---|
| Bates Range: | 108 – 109 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: |

**Original Classification Level of Document**:

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  Parts of the email chain were sent to a distribution list of DOD, DHS, DOJ, NSS, and NSA employees.  The redacted portion of the text of this email chain contains a DHS employee's opinion regarding the scope of the agency's deliberation regarding the draft of the privacy assessment document.  Because the redacted text contains pre-decisional and deliberative discussion regarding the content of a draft document and what information was considered to finalize that document, it was withheld as protected from disclosure by Exemption (b)(5).

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 39 |
| --- | --- |
| Bates Range: | 110 – 111 (Production PDF "Part1") |
| Document description: | Email chain Dated: |

**Original Classification Level of Document**:

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5): The redacted portions of the text of this email chain contain a DHS's employee's recommendation regarding the manner in which to demonstrate for certain agency stakeholders how the DIB Cyber Pilot works.  Because this redacted text contains information relating to agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS's personnel, it was withheld as protected from disclosure under Exemption (b)(5).  In addition, redacted portions of the text of the email chain reference privacy-related legal issues needed to be addressed regarding the DIB Cyber Pilot.  Because the redacted portion of the email, contains a request for legal advice directed to DHS counsel, it was withheld as protected under the attorney/client privilege.

(b)(7)(e):  Redacted portions of this email chain discuss the mechanics of how the DIB Cyber Pilot works, including the efficacy of the Pilot and recommendations regarding how to address efficacy issues related to the same. The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 40 |
| --- | --- |
| Bates Range: | 112 – 113 (Production PDF "Part1") |
| Document description: | Email chain Dated: 1/30/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5):  The redacted portions of the text of this email chain contain a DHS's employee's recommendation regarding the manner in which to demonstrate for certain agency stakeholders

how the DIB Cyber Pilot works.  The email also contains the same employee's opinion regarding the need to consider certain material in developing privacy policies and procedures. Because this redacted text contains information relating to agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS's personnel, it was withheld as protected from disclosure under Exemption (b)(5).  In addition, redacted portions of the text of the email chain reference privacy-related legal issues needed to be addressed regarding the DIB Cyber Pilot.  Because the redacted portion of the email, contains a request for legal advice directed to DHS counsel, it was withheld as protected under the attorney/client privilege.

(b)(7)(e):  Redacted portions of this email chain discuss the mechanics of how the DIB Cyber Pilot works, including the efficacy of the Pilot and recommendations regarding how to address efficacy issues related to the same. The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 41 |
|---|---|
| Bates Range: | 114 – 114 (Production PDF "Part1") |
| Document description: | Email<br>Dated: 2/3/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5),

**Justification for redaction/withholding:**

(b)(5):  The redacted text in the body of this email contains a DHS employee's update regarding the status of a review of a draft privacy document and a discussion of the steps necessary to finalize the draft document.  Because this redacted text contains information relating to agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS's personnel, it was withheld as protected from disclosure under Exemption (b)(5).

| Document: | 42 |
|---|---|
| Bates Range: | 115 – 117 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 2/3/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  The redacted portions of the text of this email chain contain a DHS's employee's recommendation regarding the manner in which to demonstrate for certain agency stakeholders how the DIB Cyber Pilot works.  Because this redacted text contains information relating to agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS's personnel, it was withheld as protected from disclosure under Exemption (b)(5).  In addition, redacted portions of the text of the email chain reference privacy-related legal issues needed to be addressed regarding the DIB Cyber Pilot.  Because the redacted portion of the email, contains a request for legal advice directed to DHS counsel, it was withheld as protected under the attorney/client privilege.

(b)(7)(e):  Redacted portions of this email chain discuss the mechanics of how the DIB Cyber Pilot works, including the efficacy of the Pilot and recommendations regarding how to address efficacy issues related to the same. The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 43 |
|---|---|
| Bates Range: | 118 – 123 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 2/3/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5): The redacted portions of the text of certain parts of this email chain contain DHS's employees' recommendation regarding the content of a draft privacy assessment document related to the DIB Cyber Pilot works.  The employees recommend certain language to be included in the draft and also recommend information that should be omitted from the same. The redacted text also contains reference to a DHS employee's opinion regarding the need to consider certain material in developing privacy policies and procedures.  In addition, the email also contains a discussion of the internal review process necessary to finalize the document. Because this redacted text contains information relating to agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS's personnel, it was withheld as protected from disclosure under Exemption (b)(5).  In addition, redacted portions of the text of the email chain reference privacy-related legal issues needed to be addressed regarding the DIB Cyber Pilot.  Because the redacted portion of the email, contains a request for

legal advice directed to DHS counsel, it was withheld as protected under the attorney/client privilege.

(b)(7)(e):  Redacted portions of this email chain discuss the mechanics of how the DIB Cyber Pilot works, including the efficacy of the Pilot and recommendations regarding how to address efficacy issues related to the same. The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 44 |
|---|---|
| Bates Range: | 124 – 131 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 3/6/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5): The redacted portions of the text of certain parts of this email chain contain DHS's employees' recommendation regarding the content of a draft privacy assessment document related to the DIB Cyber Pilot works.  The employees recommend certain language to be included in the draft and also recommend information that should be omitted from the same. The redacted text also contains a DHS employee's opinion regarding the need to consider certain other documents before finalizing the draft privacy assessment.  In addition, redacted portions of the email chain contain a discussion of the internal review process necessary to finalize the document.  Because this redacted text contains information relating to agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS's personnel, it was withheld as protected from disclosure under Exemption (b)(5).  In addition, redacted portions of the text of the email chain reference privacy-related legal issues needed to be addressed regarding the DIB Cyber Pilot.  Because the redacted portion of the email, contains a request for legal advice directed to DHS counsel, it was withheld as protected under the attorney/client privilege.

| Document: | 45 |
|---|---|
| Bates Range: | 132 – 134 (Production PDF "Part1") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 46 |
|---|---|
| Bates Range: | 135 – 135 (Production PDF "Part1") |
| Document description: | Email chain<br>Dated: 5/26/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5),

**Justification for redaction/withholding:**

(b)(5):  The redacted portion of the text of this email contains a DHS employee's recommended language for a draft privacy assessment document and also references the employee's opinion regarding when the document may be finalized.  The redacted portion is a draft bullet point for inclusion in another document.  Not only is the bullet point itself a draft, but also it describes a preliminary (draft) timeline for the development of a PIA.

| Document: | 47 |
|---|---|
| Bates Range: | 136 – 136 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 8/3/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5),

**Justification for redaction/withholding:**

The redacted language is both non-responsive to this FOIA request and protected by (b)(5).  It forwards an attachment to recipients as an FYI, but then proceeds to discuss a different subject. The later emails in the chain describe the status of inter-agency discussions and deliberations regarding a different program other than the DIB Cyber Pilot.

| Document: | 48 |
|---|---|
| Bates Range: | 137 – 138 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 8/22/2011 |

**Original Classification Level of Document**: unclassified

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Exemptions protecting document from release:**  (b)(5),

**Justification for redaction/withholding:**

Exemption (b)(5):  A DHS employee forwards an excerpt from a news article and adds questions and comments to facilitate discussion and further decision-making.  The redacted portions include proposed (draft) questions to ask other DHS employees about the news report, and also discuss a proposed topic of discussion at an upcoming meeting.

| Document: | 49 |
|---|---|
| Bates Range: | 139 – 140 (Production PDF "Part2") |
| Document description: | Email chain Dated: 8/23/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5),

**Justification for redaction/withholding:**

Exemption (b)(5):  A DHS employee forwards an excerpt from a news article and adds questions and comments to facilitate discussion and further decision-making.  The redacted portions include an employee's views on the article and recommendations for next steps of action.

| Document: | 50 |
|---|---|
| Bates Range: | 141 – 142 (Production PDF "Part2") |
| Document description: | Email chain Dated: 8/24/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5),

**Justification for redaction/withholding:**

Exemption (b)(5):  This email was sent in advance of a workgroup conference call.  The email described updates from various teams, which were to be considered during the programmatic and policy discussions during the call.  The redacted portions of the email chain include bullet points reflecting items in deliberation and also the DHS employees assigned as the point persons for those issues.

| Document: | 51 |
|---|---|
| Bates Range: | 143 – 144 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 11/3/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5),

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, an evaluative consultant for the government emails DHS employees to request a phone meeting.  DHS employees then email among themselves to discuss a response.  Redactions were applied to deliberative information regarding a potential response to the consultant, including comments and questions raised by the DHS employees.

| Document: | 52 |
|---|---|
| Bates Range: | 145 – 146 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 11/22/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5),

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding potential development of Joint Cybersecurity Privacy Threshold Analysis ("PTA") or Privacy Impact Assessment ("PIA").  Redactions were applied to withhold information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel.  The redacted information includes employee considerations, recommendations, and questions regarding the development of a potential PTA or PIA.

| Document: | 53 |
|---|---|
| Bates Range: | 147 – 149 (Production PDF "Part2") |
| Document | Email chain |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| description: | Dated: 11/23/2011 |
|---|---|

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding potential development of Joint Cybersecurity Privacy Threshold Analysis ("PTA") or Privacy Impact Assessment ("PIA").  Redactions were applied to withhold information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel.  The redacted information includes employee considerations, recommendations, and questions regarding the development of a potential PTA or PIA, as well as an employee's summary of information potentially relevant to the development of a PTA or PIA.

| Document: | 54 |
|---|---|
| Bates Range: | 150 – 152 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 11/28/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain circulates a draft paper regarding a potential DIB Cyber Pilot extension, requests comments and views from various agencies, and assigns the recipients action items.  The redacted portion of the email chain contains descriptions of the internal deliberative process as well as specific, predecisional thoughts and recommendations for improving the content and language of the draft paper that had been circulated.

| Document: | 55 |
|---|---|
| Bates Range: | 153 – 156 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 11/29/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain circulates a draft agenda regarding a meeting related to JSCP transition activities.  The redacted portion of the email chain contains an annotated summary of the draft agenda, in which the author has added comments indicating the status of the various programmatic deliberations that are reflected on the agenda.

| Document: | 56 |
|---|---|
| Bates Range: | 157 – 158 (Production PDF "Part2") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 57 |
|---|---|
| Bates Range: | 159 – 160 (Production PDF "Part2") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 58 |
|---|---|
| Bates Range: | 161 – 162 (Production PDF "Part2") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 59 |
|---|---|

| Bates Range: | 163 – 164 (Production PDF "Part2") |
|---|---|
| Document description: | Email chain<br>Dated: 12/1/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains an exchange between a DHS program officer and an attorney in the DHS Office of General Counsel.  Specifically, the email sent from the client program officer asks the attorney for his summary and views regarding a legal topic; the attorney responds with an overview of several legal issues under consideration; then the program officer replies.  Redactions were applied to protect the program officer's legal question, and in the reply email a sentence containing her opinion/reaction to the attorney's email, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 60 |
|---|---|
| Bates Range: | 165 – 168 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/2/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, an "independent evaluator" serving as a consultant for the government emails DHS employees to request information regarding certain privacy guidelines and their applicability to the DIB Cyber Pilot.  DHS employees then email among themselves to discuss a response.  Redactions were applied to deliberative information regarding a potential response to the consultant, including comments and questions raised by the DHS employees, and a discussion of draft language to be used in a potential response.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 61 |
|---|---|
| Bates Range: | 169 – 172 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/2/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Much of this email chain is duplicative of the email chain in Bates 00165-68.

Exemption (b)(5):  In the one new email in this chain, a DHS employee writes to another DHS employee and provides his summary description of the current status of deliberations regarding a response to an independent evaluator serving as a consultant for the government.  The redaction includes the author's recommendations and views, both as to draft language for a response and the appropriate process for finalizing the response.  In addition, one sentence describes work that the author is doing related to a separate project; that sentence is redacted as non-responsive, and also because it reveals predecisional, deliberative information about the separate project.

| Document: | 62 |
|---|---|
| Bates Range: | 173 – 176 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/2/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  One sentence in this 4-page email chain was redacted because it is protected by the deliberative process privilege.  The sentence describes a potential process for obtaining inter-agency input and making decisions regarding the JCSP transition.  The JCSP was/is a proof of concept program jointly undertaken by Department of Homeland Security (DHS) and the Department of Defense (DoD). The JCSP extended the existing operations of the Defense Industrial Base (DIB) Exploratory Cybersecurity Initiative (DIB Opt-In Pilot) and shifted the operational relationship with the CSPs in the pilot to DHS.

| Document: | 63 |
|---|---|
| Bates Range: | 177 – 177 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/2/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding handling of privacy issues related to Joint Cybersecurity Services Pilot; specifically, the email summarizes deliberative discussions that had occurred at a meeting that day.  The withheld portion of the email describes ongoing considerations and discussion regarding certain aspects of the JCSP transition.  The JCSP was/is a proof of concept program jointly undertaken by Department of Homeland Security (DHS) and the Department of Defense (DoD). The JCSP extended the existing operations of the Defense Industrial Base (DIB) Exploratory Cybersecurity Initiative (DIB Opt-In Pilot) and shifted the operational relationship with the CSPs in the pilot to DHS.

| Document: | 64 |
|---|---|
| Bates Range: | 178 – 180 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/2/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain circulates a draft report regarding the DIB Cyber Pilot.  DHS employee comments regarding the draft are redacted because they contain the employee's views, opinions, and recommendations regarding next actions to take based on the draft document.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 65 |
|---|---|
| Bates Range: | 181 – 184 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/5/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Much of this email chain is duplicative of the email chain in Bates 00165-68.

Exemption (b)(5):  In the one new email in this chain, withheld information describes an outstanding question that provides the basis for the DHS employee's recommendation that employees in the Office of Cybersecurity and Communications (CS&C) provide their comments regarding a draft plan of action and decision to be made.

| Document: | 66 |
|---|---|
| Bates Range: | 185 – 188 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/5/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  The earliest half of this email chain is duplicative of portions of the email chain in Bates 00165-68.  In the more recent emails in this chain, DHS employees continue to discuss and deliberate regarding a potential response to the government consultant's inquiry. Redacted portions of the email chain include an employee's opinion regarding the proposed response and recommendation for additional process to determine the appropriate response.  In addition, the email from DHS privacy analyst includes some information that is both nonresponsive to the instant FOIA request and protected by the deliberative process; redacted sentences reveal deliberations related to the development of a Privacy Impact Assessment ("PIA") for another program ("E3" --- the U.S. Customs and Border Protection portal to U.S. Immigration and Customs Enforcement's Immigration and Enforcement Operational Records System ("ENFORCE"), Enforcement Integrated Database ("EID"), and US-VISIT's Automated Biometric Identification System ("IDENT")).

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 67 |
|---|---|
| Bates Range: | 189 – 193 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/5/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5): The earliest half of this email chain is duplicative of portions of the email chain in Bates 00165-68. In the more recent emails in this chain, DHS employees continue to discuss and deliberate regarding a potential response to the government consultant's inquiry.  Redacted portions of the email chain include an employee's question regarding finalizing the response and another employee's recommendation for additional process to determine the appropriate response.

| Document: | 68 |
|---|---|
| Bates Range: | 194 – 197 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/7/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  The earliest email in this chain forwards a "rough draft" of a JCSP Privacy Threshold Analysis ("PTA"), and a summary for intra-agency discussion/deliberation of some of the key issues related to the draft.  Subsequent emails contain specific, proposed, line edits and general suggested changes for the draft, along with DHS employee reasons for making such recommendations.  Several emails in the chain are either written by or respond to an attorney in the DHS Office of General Counsel, and summarize that attorney's legal considerations, observations, analysis, and recommendations.  Thus, redacted information is protected by both the deliberative process privilege and the attorney client privilege.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 69 |
|---|---|
| Bates Range: | 198 – 199 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/7/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  The earliest email in this chain forwards a "rough draft" of a JCSP Privacy Threshold Analysis ("PTA"), and a summary for intra-agency discussion/deliberation of some of the key issues related to the draft.  Subsequent emails contain an employee's questions about issues arising from the draft, and another employee's response.  This discussion was part of the predecisional deliberations regarding the draft PTA.

| Document: | 70 |
|---|---|
| Bates Range: | 200 – 201 (Production PDF "") |
| Document description: | Email chain<br>Dated: 12/7/2013 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  The earliest email in this chain forwards a "rough draft" of a JCSP Privacy Threshold Analysis ("PTA"), and a summary for intra-agency discussion/deliberation of some of the key issues related to the draft.  Subsequent emails contain specific, proposed, line edits and general suggested changes and questions for the draft, along with DHS employee reasons for making such recommendations. This information is both predecisional and deliberative.

| Document: | 71 |
|---|---|
| Bates Range: | 202 – 203 (Production PDF "Part2") |
| Document description: | Email and attachment<br>Dated: 12/9/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

The first page of this document is an email, the second page is the attachment.  The first page was released in full.  The second page was rereleased to EPIC on August 16, 2013.

Exemption (b)(5):  The redacted portion of this email chain describes some questions in advance of a conference call about ongoing programmatic issues and considerations relating to the upcoming transition of the DIB Pilot from the DOD to DHS.  The questions include possible answers and are provided for discussion during the upcoming conference call.  This information is protected by the deliberative process privilege.

| Document: | 72 |
|---|---|
| Bates Range: | 204 – 204 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/12/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portion of this email chain describes some questions that a DHS employee has in advance of a conference call about ongoing programmatic issues and considerations relating to the upcoming JCSP transition.  The questions are posed by the employee to assist with brainstorming of issues that need to be resolved, and to facilitate deliberative discussion during the upcoming conference call.  This information is protected by the deliberative process privilege.

| Document: | 73 |
|---|---|
| Bates Range: | 205 – 206 (Production PDF "Part2") |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document description: | Email chain<br>Dated: 12/12/2011 |
|---|---|

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  The earliest email in this chain is a duplicate of the redacted email that appears in Bates 00204.  The subsequent email responds to the questions raised in the first email and recaps the deliberative discussion that took place during the conference call. The redacted portions reflect predecisional considerations and questions posed to advance intra-agency deliberations regarding how to ensure a smooth JCSP transition. The JCSP was/is a proof of concept program jointly undertaken by Department of Homeland Security (DHS) and the Department of Defense (DoD). The JCSP extended the existing operations of the Defense Industrial Base (DIB) Exploratory Cybersecurity Initiative (DIB Opt-In Pilot) and shifted the operational relationship with the CSPs in the pilot to DHS. This email circulated deliberative, discussion items in advance of an intra-agency conference call regarding the JCSP; the conference call was held to continue intra-agency deliberations regarding the roll-out and implementation of the JCSP.

| Document: | 74 |
|---|---|
| Bates Range: | 207 – 207 (Production PDF "Part2") |
| Document description: | Email chain regarding DOE PIA<br>Dated: 12/13/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

The first email in this chain merely mentions the DIB Cyber Pilot, but it nonresponsive to the FOIA request; it focuses on predecisional deliberations relating to the development of "Electric Sector Cybersecurity Risk Management Maturity" project, a joint Department of Energy ("DOE")/DHS project.

Exemption (b)(5):  The redacted portion of the email contains the DHS employee's predecisional questions and considerations regarding privacy issues connected to the DOE / DHS project.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 75 |
|---|---|
| Bates Range: | 208 – 213 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/14/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain includes discussion of how to respond to a follow up question posed by an evaluative consultant for the government (the earlier inquiry was described in the Vaughn entry related to Bates 00165-68). DHS employees discuss and deliberate regarding a potential response to follow-up question.  Redacted portions of the email chain include employees' questions and opinions regarding a proposed response.  Several emails in the chain are either written by or respond to an attorney in the DHS Office of General Counsel; questions regarding legal authorities are directed to the attorney who responds with relevant legal considerations, observations, analysis, and recommendations.  Thus, redacted information is protected by both the deliberative process privilege and the attorney client privilege.

| Document: | 76 |
|---|---|
| Bates Range: | 214 – 219 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/14/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain includes discussion of how to respond to a follow up question posed by an evaluative consultant for the government (the earlier inquiry was described in the Vaughn entry related to Bates 00165-68. DHS employees discuss and deliberate regarding a potential response to follow-up question.  Redacted portions of the email chain include employees' questions and opinions regarding a proposed response.  Several emails in the chain are either written by or respond to an attorney in the DHS Office of General Counsel; questions regarding legal authorities are directed to the attorney who responds with relevant legal considerations, observations, analysis, and recommendations.  Thus, redacted information is protected by both the deliberative process privilege and the attorney client privilege.

| Document: | 77 |
|---|---|
| Bates Range: | 220 – 224 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/15/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain discusses a draft response to issues raised at an inter-agency meeting.  A draft paper is circulated and discussed by the DHS employees, and a conference call is arranged to allow further discussion.  Redacted portions of the email chain include comments and potential edits for the circulated draft document.  Several emails in the chain are either written by or respond to an attorney in the DHS Office of General Counsel; the attorney outlines his views regarding the circulated draft, including legal authorities cited therein. He also recommends that additional viewpoints be included in the proposed conference call, and explains why he makes that suggestion.  Portions of the redacted information are protected by the deliberative process privilege and portions are protected by both the deliberative process privilege and the attorney client privilege.

| Document: | 78 |
|---|---|
| Bates Range: | 225 – 225 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/16/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email, a DHS privacy analyst emails a contractor for DHS.  She asks the contractor whether he is in the office that day, and whether he has time to explain some issues to her.  In the redacted portion of the email, the privacy analyst describes the issues that she needs help understanding in order that she may draft a Privacy Impact Assessment.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 79 |
|---|---|
| Bates Range: | 226 – 231 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/16/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain is a later iteration of the email chain in Bates 220-224. It continues to discuss a draft response to issues raised at an inter-agency meeting.  A draft paper is circulated and discussed by the DHS employees.  The more recent emails in this chain discuss a process for obtaining comments on the draft.  Redactions include employee suggestions and updates regarding an appropriate process as well as certain potential changes to the draft position paper.

| Document: | 80 |
|---|---|
| Bates Range: | 232 – 239 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/16/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain is a later iteration of the email chain in Bates 00220-00224.  It continues to discuss a draft response to issues raised at an inter-agency meeting.  A draft paper is circulated and discussed by the DHS employees.  The more recent emails in this chain discuss a process for obtaining comments on the draft.  Redactions include employee suggestions and updates regarding an appropriate process as well as certain potential changes to the draft paper.

| Document: | 81 |
|---|---|
| Bates Range: | 240 – 241 (Production PDF "Part2") |
| This email is a later iteration of the email in Bates 00225.  The only additional redactions are pursuant to Exemption (b)(6); these withholdings are not challenged by plaintiff. ||

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 82 |
|---|---|
| Bates Range: | 242 – 242 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/19/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain discusses a draft response to an inquiry from the National Security Staff (NSS).  A draft paper is discussed by the DHS employees.  Redacted portions of the email chain include description of the status of the review process for the draft paper, and employee suggestions regarding next steps with regard to the draft paper and response to the NSS.  This information is protected by the deliberative process privilege. One email was written by an attorney in the DHS Office of General Counsel; the attorney is advising regarding legal considerations for the issues discussed in the draft response.  Here he outlines his views and recommendations on these subjects.  Portions of the  redacted information are protected by the deliberative process privilege and portions are protected by both the deliberative process privilege and the attorney client privilege.

| Document: | 83 |
|---|---|
| Bates Range: | 243 – 243 (Production PDF "Part2") |
| This email chain is largely duplicative of the immediate prior document, Bates 00242.  In the one more recent email, there are no additional (b)(5) redactions.  The only redaction in the most recent part of the email chain is made pursuant to Exemption (b)(6); this withholding is not challenged by plaintiff.. | |

| Document: | 84 |
|---|---|
| Bates Range: | 244 – 245 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/19/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain discusses a draft response to an inquiry from the National Security Staff (NSS).  A draft paper is discussed by the DHS employees.  Redacted portions of the email chain include description of the status of the review process for the draft paper, and employee suggestions regarding next steps with regard to the draft paper and response to the NSS.  This information is protected by the deliberative process privilege.  One email was written by an attorney in the DHS Office of General Counsel; the attorney is advising regarding legal considerations for the issues discussed in the draft response.  Another email discusses what the attorney wrote in his email.  Portions of the  redacted information are protected by the deliberative process privilege and portions are protected by both the deliberative process privilege and the attorney client privilege.

| Document: | 85 |
|---|---|
| Bates Range: | 246 – 246 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/19/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains an email from and response to an attorney in the DHS Office of General Counsel, discussing a draft response to an inquiry from the National Security Staff (NSS).  The attorney is advising regarding legal considerations for the issues discussed in the draft response.  Redacted portions of the email chain include description of the status of the review process for the draft paper, and employee questions regarding next steps with regard to the draft paper and response to the NSS.  This information is protected by both the deliberative process privilege and the attorney-client privilege.

| Document: | 86 |
|---|---|
| Bates Range: | 247 – 248 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/19/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain discusses a draft response to an inquiry from the National Security Staff (NSS).  A draft paper is discussed by the DHS employees.  Redacted portions of the email chain include description of the status of the review process for the draft paper, and employee suggestions regarding next steps with regard to the draft paper and response to the NSS.  This information is protected by the deliberative process privilege. Several emails were written by or to an attorney in the DHS Office of General Counsel; the attorney is advising regarding legal considerations for the issues discussed in the draft response. Portions of the redacted information are protected by the deliberative process privilege and portions are protected by both the deliberative process privilege and the attorney client privilege.

| Document: | 87 |
|---|---|
| Bates Range: | 250 – 251 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12:00:00 AM |

**Original Classification Level of Document**:

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain discusses a draft document.  Redacted portions of the document include a question reflecting the predecisional concerns of one employee and a description of the employee's then concern with regard to the draft document.  These preliminary evaluations of DHS personnel are protected by the deliberative process privilege.

| Document: | 88 |
|---|---|
| Bates Range: | 252 – 252 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 1/13/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(7)(e)

**Justification for redaction/withholding:**

Exemption (b)(7)(e):  DHS has applied FOIA Exemption (b)(7)(e) to protect from disclosure internal agency secure URL addresses contained within the documents.  The disclosure of these secure URL addresses would allow an individual or a group to target, attack, and/or

43

fraudulently access secure information and records located in internal agency databases and network locations.

| Document: | 89 |
|---|---|
| Bates Range: | 253 – 255 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 3/19/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain discusses the drafting of statements regarding legal and programmatic issues.  The earliest email in the chain is sent by a staff member in the National Security Staff ("NSS") to an inter-agency distribution list.  Subsequent emails include a follow-up email from the NSS staff member to a DHS attorney, followed by internal DHS discussion regarding a potential response.  The draft statements are requested as part of the inter-agency deliberative process of preparing for cyber-security programs following the DIB Cyber Pilot. Redacted portions of the email chain include 1) descriptions of the information requested from the inter-agency distribution, which reflect the inter-agency process for collaborating and decision-making as well as the specific focus of the NSS staff member, 2) the DHS attorney's summary and description of a draft statement he circulates, and 3) the  comments, opinions, and recommendations from DHS program official responding to the DHS attorney.  Redactions in this document are protected by the deliberative process privilege and the attorney-client privilege.

| Document: | 90 |
|---|---|
| Bates Range: | 256 – 256 (Production PDF "Part2") |
| Document description: | One page email<br>Dated: 8/10/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(4), (b)(7)(d)

**Justification for redaction/withholding:**

This is a one page email from an employee of a Defense Industrial Base ("DIB") company that participated in the DIB Cyber Pilot, to a Department of Homeland Security attorney.  The full text of the email is released except for two small redactions covering words that would reveal the

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

identity of the DIB company.  The name, title, and phone number of the email author, and the name of another employee of the DIB company are likewise redacted because that information would identify the DIB company.  Exemptions (b)(4) and (b)(7) protect the identity of Defense Industrial Base companies that participated in the DIB Cyber Pilot.

Exemption (b)(4):  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cybercrime for defense industry companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed.  To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.

Exemption (b)(7)(d):  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  The participating companies volunteered with an express promise of confidentiality and are thus confidential sources of law enforcement information.  Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

| Document: | 91 |
|---|---|
| Bates Range: | 257 – 257 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 8/26/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email discusses a draft response to a follow-up media inquiry following a published news article regarding the DIB Cyber Pilot.  The redacted portion of the email includes an explanation of the issue for discussion, and draft response language written by a DHS spokesperson and circulated by her to other DHS employees for their review and comment.  This deliberative and pre-decisional discussion is protected from disclosure by Exemption (b)(5).

| Document: | 92 |
|---|---|
| Bates Range: | 258 – 258 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 5/3/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portion of this email, written by a DHS attorney and sent to other legal and policy staff at DHS, describes potential topics for discussion at a meeting, including updates on various legal topics including a) legislation unrelated to the DIB Cyber Pilot, b) National Cyber Incident Response Plan, and c) the DIB cyber pilot.  This information is protected by both the attorney-client privilege and the deliberative process privilege.

| Document: | 93 |
|---|---|
| Bates Range: | 259 – 261 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 10/25/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain discusses a draft document. The redacted portion of this email includes bullet points listing employee comments, preliminary evaluations, opinions, and recommendations regarding the draft document that is attached to the email. Another redacted portion of the email chain describe a DHS employees recommended "tweaks" to the draft, and his reasons for the recommended changes. This information is predecisional and deliberative.

| Document: | 94 |
|---|---|
| Bates Range: | 262 – 267 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 12/12/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS budget officers and several DHS offices, including U.S. Computer Emergency Readiness Team ("US-CERT"), Network Security Deployment ("NSD") , and Critical Infrastructure Cyber Protection & Awareness ("CICPA"), request information to help the budget officers prepare materials to provide to the Office of Management and Budget, to aid in inter-agency deliberations to prepare the FY2013 budget. Redacted portions of the email chain include requests for cost estimates, preliminary evaluations, opinions, and recommendations of DHS personnel.

| Document: | 95 |
|---|---|
| Bates Range: | 268 – 269 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 7/8/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, a member of the DHS Data Privacy and Integrity Advisory Committee ("DPIAC") Subcommittee –  a Federal Advisory Committee Act ("FACA") advisory body that advises DHS -- emails a DHS privacy officer .  The comments of the DPIAC member and the attached document he sends are used by DHS employees as part of their deliberative process in drafting a presentation to make at an upcoming meeting, and are also part of DHS's larger deliberations regarding policy enhancements to facilitate public-private partnerships and the strengthening of network defense capabilities.  Redacted portions of the email include draft language and recommendations of DHS personnel.

| Document: | 96 |
|---|---|
| Bates Range: | 270 – 270 (Production PDF "Part2") |
| Document description: | Email chain<br>Dated: 7/17/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  The redacted portions of this email disclose a DHS employee's recommendation for communicating information regarding a DPIAC meeting to other interagency employees.  In addition to disclosing the DHS employee's opinion regarding the best way to communicate this information to the interagency group, the DHS employee also included in the email a draft summary of the DPIAC meeting for review.

| Document: | 97 |
|---|---|
| Bates Range: | 271 – 271 (Production PDF "Part2") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. ||

| Document: | 98 |
|---|---|
| Bates Range: | 272 – 281 (Production PDF "Part2") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. ||

| Document: | 99 |
|---|---|
| Bates Range: | 282 – 282 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 11/27/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email discusses efforts to finalize a draft document related to the JCSP.  The redacted text in the body of the email contains a DHS employee's opinion regarding whose input is needed to finalize the document.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion regarding the agency's efforts to finalize a draft document, the  information relates to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and was withheld as  protected from disclosure by Exemption (b)(5).

| Document: | 100 |
|---|---|
| Bates Range: | 283 – 285 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 7/8/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(4), (b)(5)

**Justification for redaction/withholding:**

(b)(4):  This email  details DHS's efforts to finalize certain draft documents related to the DIB Cyber Pilot.  Portions of the redacted text in the body of the email  reference the names of companies participating in the DIB Cyber Pilot.  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cybercrime for defense industry companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed.  To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.

(b)(5):  In addition, the vast majority of the redacted text in the body of the email contains a DHS employee's summary of the process required to finalize these documents and also contains the employee's opinion regarding how to deal with certain issues that related to the review process.  Because the redacted text in the body of the email  contains deliberative and pre-decisional discussion regarding draft documents related to the DIB Cyber Pilot, including intra-agency predecisional deliberations, preliminary evaluations, opinions, and recommendations of DHS personnel, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 101 |
|---|---|
| Bates Range: | 286 – 294 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 12/3/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses DHS's efforts to finalize a draft document related to the DIB Cyber Pilot.  The redacted text in the body of the email chain contains DHS employees' recommendations regarding the content of the draft document, what the review process should entail, and the status of the review process.  In addition, the redacted text in the body of the email contains the text of the draft document.  Because this email chain contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel regarding the content of a draft document, it was withheld as protected from disclosure by Exemption (b)(5).  In addition, the redacted portions of the text in the body of the email reflect DHS's counsel's opinion regarding draft language regarding legal issues related to the DIB Cyber Pilot.  Because this redacted text contains attorney-client privileged and work product communications among counsel and program personnel regarding the DIB Cyber Pilot, it also was withheld as protected from disclosure by Exemption (b)(5).

(b)(7)(e):  Redacted portions of the text in the body of the email chain discuss the operational structure of the DIB Cyber Pilot including the scope of the Pilot.   The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 102 |
|---|---|
| Bates Range: | 295 – 295 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 8/25/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to finalize a draft document related to the DIB Cyber Pilot.  The redacted text in the body of the email contains a DHS employee's summary of the content of the draft document and recommendations regarding additional ways in which to revise the draft.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the content of a draft document, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 103 |
|---|---|
| Bates Range: | 296 – 296 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 8/27/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email contains a DHS employee's opinion regarding  documents to consult as the DIB Cyber Pilot developed.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 104 |
|---|---|
| Bates Range: | 297 – 297 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 9/3/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email contains an inter-agency discussion and legal analysis regarding proposed language for a draft document.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).  In addition, because redacted portions of the text in the body of the email reflect DHS's counsel's advice regarding the content of the draft document, it was withheld as protected under the attorney/client work product privilege set out in Exemption (b)(5).

| Document: | 105 |
|---|---|
| Bates Range: | 298 – 298 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 11/2/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email contains a DHS employee's discussion of the status of the development of the DIB Cyber Pilot including the employee's opinion regarding future development projects related to the same.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 106 |
|---|---|
| Bates Range: | 299 – 299 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 8/26/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email contains a summary of inter-agency discussion and legal analysis regarding the development of the DIB Cyber Pilot.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).  In addition, because redacted portions of the text in the body of the email reflect DHS's counsel's advice regarding the content of the draft document, it was withheld as protected under the attorney/client work product privilege set out in Exemption (b)(5).

| Document: | 107 |
|---|---|
| Bates Range: | 300 – 301 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 9/24/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email contains a summary of inter-agency discussion and legal analysis regarding the development of the DIB Cyber Pilot.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).  In addition, because redacted portions of the text in the body of the email reflect DHS's counsel's summary of legal advice provided to DHS regarding  the DIB Cyber Pilot, it was withheld as protected under the attorney/client work product privilege set out in Exemption (b)(5).

| Document: | 108 |
|---|---|
| Bates Range: | 302 – 303 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 11/16/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email contains a summary of inter-agency discussion and legal analysis regarding the development of the DIB Cyber Pilot.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).  In addition, because redacted portions of the text in the body of the email reflect DHS's counsel's summary of legal advice provided to DHS regarding the DIB Cyber Pilot and counsel's own advice regarding the need to modify certain aspects of the DIB Cyber Pilot, it was withheld as protected under the attorney/client work product privilege set out in Exemption (b)(5).

| Document: | 109 |
|---|---|
| Bates Range: | 304 – 304 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 11/2/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email contains a summary of inter-agency discussion and legal analysis regarding the development of the DIB Cyber Pilot.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).  In addition, because redacted portions of the text in the body of the email reflect DHS's counsel's summary of legal advice provided to DHS regarding  the DIB Cyber Pilot and counsel's own advice regarding the need to modify certain aspects of the DIB Cyber Pilot, it was withheld as protected under the attorney/client work product privilege set out in Exemption (b)(5).

| Document: | 110 |
|---|---|
| Bates Range: | 305 – 305 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 6/29/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(4), (b)(5)

**Justification for redaction/withholding:**

(b)(4):  This email  discusses DHS's efforts to  develop the DIB Cyber Pilot.  Portions of the redacted text in the body of the email  reference the names of companies participating in the DIB Cyber Pilot.  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cybercrime for defense industry companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed.  To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.  (b)(5):  The redacted text in the body of the email also contains a DHS employee's summary of inter-agency discussions regarding legal issues related to the development of the DIB Cyber Pilot.  Because the redacted text in the body of the email  contains deliberative and pre-decisional discussion regarding the development of the DIB Cyber Pilot, including intra-agency predecisional deliberations, preliminary evaluations, opinions, and recommendations of DHS personnel, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 111 |
|---|---|
| Bates Range: | 306 – 306 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 6/9/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  The redacted text in the body of the email  also contains a DHS employee's summary of inter-agency discussions regarding  the development of the DIB Cyber Pilot.  Because the

redacted text in the body of the email  contains deliberative and pre-decisional discussion regarding the development of the DIB Cyber Pilot, including intra-agency predecisional deliberations, preliminary evaluations, opinions, and recommendations of DHS personnel, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 112 |
|---|---|
| Bates Range: | 307 – 307 (Production PDF "Part3") |
| Document description: | Email Dated: 9/27/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email  contains a DHS employee's summary of inter-agency review of a draft document addressing the development of the DIB Cyber Pilot.  Because the redacted text in the body of the email  contains deliberative and pre-decisional discussion regarding the development of the DIB Cyber Pilot including reference to issues addressed in the draft document, including intra-agency predecisional deliberations, preliminary evaluations, opinions, and recommendations of DHS personnel, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 113 |
|---|---|
| Bates Range: | 308 – 308 (Production PDF "Part3") |
| Document description: | Email Dated: 7/27/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email is the proposed text of a draft document addressing the development of the DIB Cyber Pilot.  The redacted text also discusses DHS's internal review process for reviewing the same.  Because the redacted text in the body of the email  contains deliberative and pre-decisional discussion regarding the development of the DIB Cyber Pilot, including intra-

56

agency predecisional deliberations, preliminary evaluations, opinions, and recommendations of DHS personnel, it was withheld as protected from disclosure by Exemption (b)(5).

(b)(7)(e):  The redacted text in the body of the email also discusses the operation of the DIB Cyber Pilot, in particular what areas of the federal government's cyber infrastructure are the focus of the Pilot.  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level.  Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 114 |
|---|---|
| Bates Range: | 309 – 309 (Production PDF "Part3") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. ||

| Document: | 115 |
|---|---|
| Bates Range: | 310 – 310 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 8/30/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email contains a summary of inter-agency discussion  regarding the development of the DIB Cyber Pilot including recommendations regarding how to modify the same, a summary of other agency personnel's views on modification of the DIB Cyber Pilot, and the DHS employee's opinion regarding the need to modify the DIB Cyber Pilot.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 116 |
|---|---|
| Bates Range: | 311 – 312 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 12/17/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted portions of the text in the body of the email chain reference inter-agency discussions regarding the development of the DIB Cyber Pilot, including a legal analysis of certain issues related to the same.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).  Because the redacted text also discusses inter-agency discussions regarding the legality of certain aspects of the DIB Cyber Pilot, it also was withheld as protected under the attorney/client privilege and work product doctrine.

| Document: | 117 |
|---|---|
| Bates Range: | 313 – 313 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 9/21/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email contains a summary of inter-agency discussion of issues related to the development of the DIB Cyber Pilot, including a discussion of the inter-agency review process to finalize a draft document related to the DIB Cyber Pilot.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 118 |
|---|---|
| Bates Range: | 314 – 314 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 11/17/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email discusses efforts to finalize a draft document related to the development of the DIB Cyber Pilot.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 119 |
|---|---|
| Bates Range: | 315 – 316 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 10/27/2008 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email contains the DHS employee's opinion regarding the ways in which he may assist with the development of the DIB Cyber Pilot, including a discussion of proposed list of action items related to the development of the DIB Cyber Pilot.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

(b)(7)(e):  Redacted portions of the text of the email discuss the certain aspects of how the DIB Cyber Pilot operates.  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material

reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level.  Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 120 |
|---|---|
| Bates Range: | 317 – 319 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 7/7/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  The redacted text in the body of the email a discussion of DHS's efforts to analyze statutory authority related to the DIB Cyber Pilot.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 121 |
|---|---|
| Bates Range: | 320 – 323 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 4/29/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses DHS's efforts to develop the DIB Cyber Pilot, including addressing certain legal issues related to the same.  The redacted portions of the text in the body of the email chain reference inter-agency discussions  regarding legal issues related to the development of the DIB Cyber Pilot and also reveal inter-agency legal analysis of the same and the inter-agency review process necessary to resolve these legal questions.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

Because the redacted text also discusses inter-agency discussions regarding the legality of certain aspects of the DIB Cyber Pilot, it also was withheld as protected under the attorney/client privilege and work product doctrine.

| Document: | 122 |
|---|---|
| Bates Range: | 324 – 325 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 9/7/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted portions of the text in the body of the email chain reference inter-agency discussions, including proposed action item lists  regarding legal issues related to the development of the DIB Cyber Pilot.  The redacted text also reveals inter-agency recommendations regarding the development of the DIB Cyber Pilot, including a summary of inter-agency deliberations related to the development of the DIB Cyber Pilot and proposed areas to examine further.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).  Because the redacted text also discusses inter-agency discussions regarding the legality of certain aspects of the DIB Cyber Pilot, it also was withheld as protected under the attorney/client privilege and work product doctrine.

| Document: | 123 |
|---|---|
| Bates Range: | 326 – 327 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 7/20/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted portions of the text in the body of the email chain summarize inter-agency discussions regarding

the development of the DIB Cyber Pilot and also contains proposed text for a draft document related to the same Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

(b)(7)(e): The redacted text in the body of the email also discusses the mechanics how the DIB Cyber Pilot would operate.  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 124 |
| --- | --- |
| Bates Range: | 328 – 328 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 8/26/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email discusses DHS's efforts to develop the DIB Cyber Pilot.  The redacted portions of the text in the body of the email chain summarizes inter-agency discussions regarding the development of the DIB Cyber Pilot including efforts to coordinate inter-agency review of the same.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 125 |
| --- | --- |
| Bates Range: | 329 – 331 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 10/21/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

(b)(5): This email discusses DHS's efforts to develop the DIB Cyber Pilot. The redacted portions of the text in the body of the email chain contain inter-agency discussions regarding legal issues related to the development of the DIB Cyber Pilot. The redacted portion of the text in the email chain also reveal proposed text for a draft document related to the DIB Cyber Pilot and inter-agency review and recommendations regarding the same. Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 126 |
|---|---|
| Bates Range: | 332 – 336 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 12/13/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

(b)(5): This email chain discusses DHS employees' efforts to put together a draft document discussing the mechanics of how the DIB Cyber Pilot operates. The redacted portions of the text in the body of the email chain contain intra-agency discussions regarding the need for and content of the draft document. Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 127 |
|---|---|
| Bates Range: | 337 – 338 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 3/31/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:** (b)(5)

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses DHS employees' efforts to put together a draft document related to the DIB Cyber Pilot.  The redacted portions of the text in the body of the email chain contain intra-agency opinions regarding the inter-agency review process to finalize the draft document and also DHS employee's recommendation regarding the need for additional revisions.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the content of a draft document related to the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 128 |
|---|---|
| Bates Range: | 339 – 351 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 8/25/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses DHS employees' efforts to put together an interagency meeting  to discuss development of the DIB Cyber Pilot.  The redacted portions of the text in the body of the email chain contain intra-agency discussion regarding how to prepare for the inter-agency meeting, including the need to review draft material related to the same. Opinions regarding the inter-agency review process to finalize the draft document and also DHS employee's recommendation regarding the need for additional revisions.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the content of a draft document related to the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 129 |
|---|---|
| Bates Range: | 352 – 355 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 7/8/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses development of the DIB Cyber Pilot.  The redacted portions of the text in the body of the email chain contain intra-agency discussion regarding certain issues related to the development of the same, including a summary of inter-agency concerns regarding the Pilot Development.  The redacted portion of the email also briefly legal and policy issues related to the development of the same.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the content of a draft document related to the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 130 |
|---|---|
| Bates Range: | 356 – 359 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 8/20/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses intra-agency efforts to develop talking points for an inter-agency meeting to discuss development of the DIB Cyber Pilot.  The redacted portions of the text in the body of the email chain contain intra-agency discussion regarding recommendations concerning the classified status of the meeting, a proposed agenda for the meeting, and proposed talking points.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the content of a draft document related to the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).  (b)(6): Of the numerous DHS employees whose names appear in email chain, DHS redacted the names and employee contact information for lower-level DHS policy and legal personnel.  DHS also redacted the employee contact information (e.g., email address, phone number, page number, blackberry number, and office room number) for one DHS whose name is released in the email; it is DHS's general practice to withhold employee direct phone numbers and email addresses, while DHS typically releases main phone numbers.  The redacted information does not directly shed light on the operations or activities of the government.  The privacy interests of the employees in the redacted information outweigh the public's interest in this information.

| Document: | 131 |
|---|---|
| Bates Range: | 360 – 364 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 8/25/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses  intra-agency efforts to develop talking points for an inter-agency meeting to discuss development of the DIB Cyber Pilot.  The redacted portions of the text in the body of the email chain reveal DHS's internal review process for finalizing a draft document related to the meeting on the DIB Cyber Pilot.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the internal review of a draft document, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 132 |
|---|---|
| Bates Range: | 365 – 365 (Production PDF "Part3") |
| Document description: | Email<br>Dated: 9/8/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  The redacted portions of the text in the body of the email  contain an intra-agency recommendation regarding certain aspects related to the development of the DIB Cyber Pilot. Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 133 |
|---|---|
| Bates Range: | 366 – 372 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 5/17/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5):  The redacted portions of the text in the body of the email  contain intra-agency discussion regarding topics related to the development of the DIB Cyber Pilot that DHS personnel recommends be discussed at a meeting related to the Pilot. The redacted portions of the text in the body of the email chain also reveal inter-agency  and intra-agency assignments related to the development of the DIB Cyber Pilot and also contain a proposed agenda with a summary of the status of the DIB Cyber Pilot development, including recommended benchmarks.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, and proposed agenda items, it was withheld as protected from disclosure by Exemption (b)(5).

(b)(7)(e):  The redacted portion of the text of the email chain also contains a discussion regarding the mechanics of how the DIB Cyber Pilot works, including a discussion of challenges related to the same.  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 134 |
|---|---|
| Bates Range: | 373 – 375 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 10/9/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Justification for redaction/withholding:**

(b)(5):  This email chain contains a discussion of DHS's efforts to finalize a draft document related to the development of the DIB Cyber Pilot.  The redacted portions of the text in the body of the email chain contain a discussion of DHS's intra-agency process for reviewing the draft document, including a DHS employee's recommendation regarding the steps necessary to complete review of the document both within DHS and inter-agency review.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel related to the agency's efforts to finalize a draft document, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 135 |
|---|---|
| Bates Range: | 376 – 377 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 5/26/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5):  The redacted portions of the text in the body of the email  contain a DHS's employee's recommendation regarding another DHS employee's role in the development of the DIB Cyber Pilot.  Other redacted portions of the text in the body of the email contain a summary of issues discussed related to the development of the DIB Cyber Pilot at an inter-agency meeting, including a list of proposed action items necessary to implement the  Pilot and recommended benchmarks.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency and inter-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel and inter-agency personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

(b)(7)(e):  The redacted portion of the text of the email chain also contains a discussion regarding the mechanics of how the DIB Cyber Pilot works, including a discussion of challenges related to the same.  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level.  Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 136 |
| --- | --- |
| Bates Range: | 378 – 380 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 8/19/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email chain contains an intra-agency discussion regarding the development of the DIB Cyber Pilot.  The redacted portions of the text in the body of the email contain a DHS employee's recommendation regarding modifications to the DIB Cyber Pilot; other redacted portions provide an update on the status of the development of the Pilot, including a proposal to establish time benchmarks  for implementation and inter-agency review.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to intra-agency and inter-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel and inter-agency personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 137 |
| --- | --- |
| Bates Range: | 381 – 381 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 8/29/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  The redacted portions of the text in the body of the email contains a DHS employee's recommendation regarding documents to review regarding the development of the DIB Cyber Pilot in preparation for a meeting regarding the same.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency  predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding documents to review in preparation for a meeting regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

| Document: | 138 |
|---|---|
| Bates Range: | 382 – 384 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 12/9/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses issues related to the development of the DIB Cyber Pilot. The redacted portions of the text in the body of the email contain intra-agency and inter-agency discussions related to an issue related to the development of the DIB Cyber Pilot.  The redacted text discusses operational, policy, and legal issues related to the implementation of the Pilot and inter-agency recommendations regarding how to resolve the same.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to both intra-agency and inter-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations regarding operation, policy, and legal issues related to the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

 (b)(7)(e):  The redacted text also reveals how the DIB Cyber Pilot operates, including issues related to the federal government's cyber infrastructure and recommendations to strengthen the same.  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level.  Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 139 |
|---|---|
| Bates Range: | 385 – 387 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 9/24/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses DHS's efforts to address legal issues related to the development of the DIB Cyber Pilot.  The redacted portions of the text in the body of the email chain reference a DHS employee's recommendation regarding the need to brief DHS personnel regarding issues related to the development of the DIB Cyber Pilot, including possible legal issues related to the same and inter-agency recommendations addressing the same.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including  information relating to intra-agency and inter-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations of DHS personnel regarding the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).  Because the redacted text also discusses inter-agency discussions regarding the legality of certain aspects of the DIB Cyber Pilot, it also was withheld as protected under the attorney/client privilege and work product doctrine.

| Document: | 140 |
|---|---|
| Bates Range: | 388 – 397 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 6/17/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses issues related to the development of the DIB Cyber Pilot. The redacted portions of the text in the body of the email contain intra-agency and inter-agency discussions related to an issue related to the development of the DIB Cyber Pilot.  The redacted text discusses operational, policy, and legal issues related to the implementation of the Pilot and inter-agency recommendations regarding how to resolve the same.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to both intra-agency and inter-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations regarding operation, policy, and legal issues related to the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

(b)(7)(e):  The redacted text also reveals how the DIB Cyber Pilot operates, including issues related to the federal government's cyber infrastructure and recommendations to strengthen the same. The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level.  Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 141 |
|---|---|
| Bates Range: | 398 – 398 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 8/19/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5):   This email chain discusses issues related to the development of the DIB Cyber Pilot. The redacted portions of the text in the body of the email contain proposed topics for discussion related to implementation of the DIB Cyber Pilot and inter-agency efforts to coordinate review of the same.  The redacted text also reveals inter-agency roles in the development of the DIB Cyber Pilot and efforts to understand the mechanics of how the DIB Cyber Pilot operates including a discussion related to the status of development efforts.  Because the redacted text in the body of the email contains pre-decisional and deliberative discussion including information relating to both intra-agency and inter-agency predecisional deliberations, including preliminary evaluations, opinions, and the recommendations regarding operation and policy issues related to the development of the DIB Cyber Pilot, it was withheld as protected from disclosure by Exemption (b)(5).

(b)(7)(e):  The redacted text also reveals how the DIB Cyber Pilot operates, including specific efforts to implement the Pilot. The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 142 |
|---|---|
| Bates Range: | 399 – 401 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 7/9/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Justification for redaction/withholding:**

(b)(5) : In this email chain, a member of the DHS Data Privacy and Integrity Advisory Committee ("DPIAC") Subcommittee – a Federal Advisory Committee Act ("FACA") advisory body that advises DHS -- emails, among others, a DHS privacy officer . The redacted comments of the DHS employee reflect his opinion regarding the scope of the government's effort to implement the DIB Cyber Pilot.   The comments of the DPIAC member reflect his opinion regarding the validity of an article discussing the government's cyber security efforts and reflect  DHS's larger deliberations regarding policy enhancements to facilitate public-private partnerships and the strengthening of network defense capabilities.  Redacted portions of the email include recommendations of DHS personnel.

| Document: | 143 |
|---|---|
| Bates Range: | 402 – 403 (Production PDF "Part 3") |
| Document description: | Email chain<br>Dated: 7/8/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5) : In this email chain, a member of the DHS Data Privacy and Integrity Advisory Committee ("DPIAC") Subcommittee – a Federal Advisory Committee Act ("FACA") advisory body that advises DHS -- emails, among others, a DHS privacy officer . The redacted comments of the DHS employee reflect his opinion regarding the scope of the government's effort to implement the DIB Cyber Pilot.   The comments of the DPIAC member reflect his opinion regarding the validity of an article discussing the government's cyber security efforts and reflect  DHS's larger deliberations regarding policy enhancements to facilitate public-private partnerships and the strengthening of network defense capabilities.  Redacted portions of the email include recommendations of DHS personnel.

| Document: | 144 |
|---|---|
| Bates Range: | 404 – 405 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 12/8/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  The redacted text in the body of the email chain contain DHS employees' opinions regarding revisions to a draft document related to the development of the DIB Cyber Pilot.  The redacted text also contains proposed draft language for the document.  Because the redacted portions of the email chain contain pre-decisional and deliberative discussion regarding a draft document discussing the development of the DIB Cyber Pilot and that information relates to intra-agency pre-decisional deliberations, including preliminary opinions and recommendations of DHS personnel, it was withheld as protected from disclosure under Exemption (b)(5).

| Document: | 145 |
|---|---|
| Bates Range: | 406 – 411 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 6/15/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses DHS's intra-agency efforts to provide comment on proposed legislation related to cyber security.  The redacted text in the body of the email chain contains DHS employees' opinions regarding the content of the proposed legislation, including preliminary views on the form and text of DHS's edits to proposed legislation.  Because the redacted portions of the email chain contain pre-decisional and deliberative discussion regarding the intra-agency deliberation regarding the text and form of proposed cyber security legislation, and that information relates to intra-agency pre-decisional deliberations, including preliminary opinions and recommendations of DHS personnel, it was withheld as protected from disclosure under Exemption (b)(5).

| Document: | 146 |
|---|---|
| Bates Range: | 412 – 413 (Production PDF "Part3") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 147 |
|---|---|
| Bates Range: | 414 – 414 (Production PDF "Part3") |
| Document description: | Email chain<br><br>Dated: 10/4/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses DHS's intra-agency effort to provide proposed text for a draft document related to the development of the DIB Cyber Pilot.  The redacted text in the body of the email chain contains a DHS employee's recommendations regarding  the text for a draft document related to the DIB Cyber Pilot.  Because the redacted portions of the email chain contain pre-decisional and deliberative discussion regarding the intra-agency deliberation regarding the text and form of a draft document, and that information relates to intra-agency pre-decisional deliberations, including preliminary opinions and recommendations of DHS personnel, it was withheld as protected from disclosure under Exemption (b)(5).

| Document: | 148 |
|---|---|
| Bates Range: | 415 – 417 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 5/26/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses legal authority related to inter-agency efforts to develop the DIB Cyber Pilot.  The redacted text in the body of the email chain provides DHS agency counsel's  opinion about the relevance of certain statutory and regulatory authority related to inter-agency development of the Pilot.    Because the redacted portions of the email chain contain DHS's counsel's legal advice regarding the relevance of certain statutory and regulatory provisions in connection with inter-agency efforts to develop the DIB Cyber Pilot, it was withheld as protected from disclosure under the attorney/client and work product privilege.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 149 |
|---|---|
| Bates Range: | 418 – 418 (Production PDF "Part3") |
| Document description: | Memorandum<br>Dated: 6/17/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email chain discusses DHS's intra-agency effort to provide proposed text for a draft document related to the development of the DIB Cyber Pilot.  The redacted text in the body of the email chain contains a DHS employee's recommendations regarding  the text for a draft document related to the DIB Cyber Pilot and a summary of intra-agency opinions regarding the same.  Because the redacted portions of the email chain contain pre-decisional and deliberative discussion regarding the intra-agency deliberation regarding the text and form of a draft document, and that information relates to intra-agency pre-decisional deliberations, including preliminary opinions and recommendations of DHS personnel, it was withheld as protected from disclosure under Exemption (b)(5).

| Document: | 150 |
|---|---|
| Bates Range: | 419 – 420 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 5/13/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5):  This email  discusses DHS's intra-agency and inter-agency efforts to develop  the DIB Cyber Pilot.  The redacted text in the body of the email contains a DHS employee's summary of inter-agency preliminary decisions regarding the development of the DIB Cyber Pilot, including a discussion of draft documents related to the same.  The redacted text also contains the DHS employee's recommendations regarding  proposed action items related to implementation and development of the DIB Cyber Pilot.  Because the redacted portions of the email chain contain pre-decisional and deliberative discussion regarding the intra-agency deliberation regarding the text and form of a draft document, and that information relates to intra-agency pre-decisional deliberations, including preliminary opinions and recommendations of DHS personnel, it was withheld as protected from disclosure under Exemption (b)(5).

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

(b)(7)(e):  The redacted text of the email also contains a discussion of the mechanics of how the DIB Cyber Pilot operates, including recommendations on areas of focus related to protecting the federal government's cyber infrastructure.   The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 151 |
|---|---|
| Bates Range: | 421 – 435 (Production PDF "Part3") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. ||

| Document: | 152 |
|---|---|
| Bates Range: | 436 – 437 (Production PDF "Part3") |
| Document description: | Email chain<br>Dated: 12/5/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e)

**Justification for redaction/withholding:**

(b)(5):  This email  discusses DHS's intra-agency  efforts to develop and implement the DIB Cyber Pilot.  The redacted text in the body of the email contains a DHS employee's proposed agenda and list of topics and issues to be discussed regarding the development of the DIB Cyber Pilot, including a discussion of draft documents related to the same and the review process needed to finalize the same.  The redacted text also contains the DHS employee's recommendations regarding the status of  intra-agency and inter-agency efforts to implement and develop the DIB Cyber Pilot.  Because the redacted portions of the email chain contain pre-decisional and deliberative discussion regarding the intra-agency deliberation regarding the text and form of a draft document and efforts to finalize the same, and that information relates to intra-agency pre-decisional deliberations, including preliminary opinions and recommendations of DHS personnel, it was withheld as protected from disclosure under Exemption (b)(5).

(b)(7)(e):  The redacted text of the email also contains a discussion of the mechanics of how the DIB Cyber Pilot operates, including information on the types of issues monitored and reported on.   The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for

"law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 153 |
|---|---|
| Bates Range: | 438 – 438 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 5/16/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain circulates draft legislative language and discussion regarding the language regarding DHS pilots to test commercial cybersecurity technology.  The redacted portion of the email chain contains discussion of the language and its connection to the Defense Authorization bill timing.  Thus, redacted portions are protected by both the deliberative process privilege.

| Document: | 154 |
|---|---|
| Bates Range: | 439 – 440 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 5/4/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain circulates draft legislative language and discussion regarding the language regarding DHS pilots to test commercial cybersecurity technology.  The redacted portion of the email chain contains discussion of the language and its connection to the Defense Authorization bill timing.  Thus, redacted portions are protected by both the deliberative process privilege and the attorney-client privilege.

| Document: | 155 |
|---|---|
| Bates Range: | 441 – 441 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 9/30/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains an exchange between DHS program officers and attorneys in the DHS Office of General Counsel.  Specifically, the email sent from the client program officer provides additional information received after a meeting the prior day and asks legal counsel for views on changes discussed.  Redactions were applied to protect the program officer's legal question and discussion of legal counsel's prior views, thus the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 156 |
|---|---|
| Bates Range: | 442 – 442 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 4/7/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains an exchange between DHS program officers and attorneys in the DHS Office of General Counsel.  Specifically, the email sent from the client program officer provides a summary of analysis of the effect of DOJ's legal analysis related to the DIB 90-day pilot.  Redactions were applied to protect the discussion of legal counsel's views, thus the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 157 |
|---|---|
| Bates Range: | 443 – 443 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 8/20/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains information relating to the development of an agenda for a regular DHS Data Privacy and Integrity Advisory Committee ("DPIAC") meeting, including intra-agency predecisional deliberations regarding what to include on the agenda, and the opinions and recommendations of DHS personnel.  The redacted paragraph includes an employee's suggestion for changing an aspect of the draft agenda and her reasoning for the change, and DHS redacted the paragraph pursuant to (b)(5) - deliberative process.

| Document: | 158 |
|---|---|
| Bates Range: | 445 – 445 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 6/25/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains information relating to the development of an agenda for a regular DHS Data Privacy and Integrity Advisory Committee ("DPIAC") meeting, including intra-agency predecisional deliberations regarding what to include on the agenda, and the opinions and recommendations of DHS personnel.  The redacted paragraph includes an employee's suggestion for changing an aspect of the draft agenda and her reasoning for the change, and DHS redacted the paragraph pursuant to (b)(5) - deliberative process.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 159 |
|---|---|
| Bates Range: | 446 – 446 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 8/18/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains information relating to the development of an agenda for a regular DHS Data Privacy and Integrity Advisory Committee ("DPIAC") meeting, including intra-agency predecisional deliberations regarding what to include on the agenda, and the opinions and recommendations of DHS personnel.  The redacted paragraph includes an employee's suggestion for changing an aspect of the draft agenda and her reasoning for the change, and DHS redacted the paragraph pursuant to (b)(5) - deliberative process.

| Document: | 160 |
|---|---|
| Bates Range: | 453 – 453 (Production PDF "Part4") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 161 |
|---|---|
| Bates Range: | 454 – 455 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 12/20/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5): The majority of this email was disclosed except for the redacted portion at the bottom of the email chain.  The redacted text discloses a DHS employee's recommendation for communicating information related to the DIB Cyber Pilot program and another DHS employee's explanation regarding the need for the communication.

| Document: | 162 |
|---|---|
| Bates Range: | 456 – 459 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 7/8/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains information relating to the development of an agenda for a regular DHS Data Privacy and Integrity Advisory Committee ("DPIAC") meeting, including intra-agency predecisional deliberations regarding what to include on the agenda, and the opinions and recommendations of DHS personnel.  The redacted paragraph includes an employee's suggestion for changing an aspect of the draft agenda and her reasoning for the change, and DHS redacted the paragraph pursuant to (b)(5) - deliberative process.

| Document: | 163 |
|---|---|
| Bates Range: | 460 – 461 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 7/17/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains information relating to the development of an agenda for a regular DHS Data Privacy and Integrity Advisory Committee ("DPIAC") meeting, including intra-agency predecisional deliberations regarding what to include on the agenda, and the opinions and recommendations of DHS personnel.  The redacted paragraph includes an employee's suggestion for changing an aspect of the draft agenda and her reasoning for the change, and DHS redacted the paragraph pursuant to (b)(5) - deliberative process.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 164 |
|---|---|
| Bates Range: | 462 – 465 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 8/20/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards distribution of documents for review in preparation for an S2 meeting regarding the DIB Pilot.  Redactions were applied to protect deliberative descriptions and language because the deliberative process privilege protects this information.

| Document: | 165 |
|---|---|
| Bates Range: | 466 – 469 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 11/18/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards comments from DHS program officials and DHS legal counsel regarding materials developed for a meeting with General Alexander on Cyber issues.  The redacted portion of the email chain contains DHS legal counsel's internal, predecisional thoughts and recommendations for improving the content outlined.  Redactions were applied to protect the program officer's legal question, and also in the reply email a sentence containing her opinion/reaction to the attorney's email, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 166 |
|---|---|
| Bates Range: | 470 – 471 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 12/1/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains information relating to the development of an agenda for a meeting on JCSP transitioning, including intra-agency predecisional deliberations regarding what to include on the agenda, and the opinions and recommendations of DHS personnel.  The redacted paragraph includes an employee's suggestion for changing an aspect of the draft agenda and her reasoning for the change, and DHS legal counsel opinions because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 167 |
|---|---|
| Bates Range: | 472 – 474 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 5/13/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion of and comments regarding input received from other agencies regarding the drafting of a Memorandum of Agreement.  The redacted portion of the email chain contains one DHS employee's internal, predecisional thoughts and recommendations for improving the content outlined.  Redactions were applied to protect the program officer's legal question, and also in the reply email a sentence containing her opinion/reaction to the attorney's email, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 168 |
|---|---|
| Bates Range: | 475 – 478 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 8/24/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussions regarding logistics for a DIB pilot meeting with DOJ.  The redacted portion of the email chain contains one DHS employee's internal, predecisional thoughts and recommendations regarding possible attendees and preparation for the meeting.  The deliberative process privilege protects this information.

| Document: | 169 |
|---|---|
| Bates Range: | 479 – 484 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 3/21/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards distribution, discussion and review of and comments regarding DOJ talking points on proposed amendments to the Homeland Security Act.  Redactions were applied to protect discussion of legal analysis and review priorities because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 170 |
|---|---|
| Bates Range: | 485 – 488 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 8/18/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards distribution of a DIB Pilot communications plan among DHS program officials and OGC attorneys, including discussion of classified distribution issues and discussion of action steps anticipated when the plan is final.  The redacted portion of the email chain contains one DHS employee's internal, predecisional thoughts and recommendations for distribution and post-distribution action items, including proposed language.  Redactions were applied to protect legal counsel's opinions, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 171 |
|---|---|
| Bates Range: | 489 – 489 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 6/23/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion of the contents of a binder for review by CS&C regarding the DIB Pilot.  Revealing the contents of the binder would disclose the status and content of substantive predecisional discussions regarding the DIB pilot.   The binder was prepared for the DHS Deputy Assistant Secretary for Cybersecurity and Communications by his Special Assistant in preparation for a DIB meeting with ISPs.  Redactions were applied to protect discussion of certain items as deliberative process privileged pursuant to FOIA exemption (b)(5).

86

| Document: | 172 |
|---|---|
| Bates Range: | 490 – 490 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 9/7/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion of the agenda for an IPC meeting and strategies for addressing topics.  The redacted portion of the email contains the predecisional recommendation and suggestion of a DHS program office employee.  The redacted portions are internal agency discussion protected by the deliberative process pursuant to FOIA exemption (b)(5).

| Document: | 173 |
|---|---|
| Bates Range: | 491 – 495 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 11/3/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials and DHS legal counsel regards a discussion of authorities supporting a DIB expansion.  Redactions were applied to protect legal counsel's opinions, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 174 |
|---|---|
| Bates Range: | 496 – 499 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 11/7/2011 |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion among DHS program officials and DHS legal counsel regarding a plan for disclosure suggested by Department of Energy (DOE) and the need for agreement by all agencies on any disclosures made.  Redactions were applied to protect the program officer's discussion because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 175 |
|---|---|
| Bates Range: | 500 – 503 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 9/15/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials  regards discussion of which companies are considered to be participating DIB companies, including discussion of the criteria for allowing participation.  The redacted portion of the email chain contains discussion of what information will be made public, predecisional thoughts and recommendations for informing the dialogue.  The deliberative process privilege protects this information.

| Document: | 176 |
|---|---|
| Bates Range: | 504 – 505 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 8/13/2009 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This inter-agency email chain between DHS program officials and program officials from other agencies regards discussion of a Framework Agreement for the DIB Pilot.

One redacted portion is non-responsive.  Another redacted portion of the email chain contains discussion of strategies for how to approach revisions going forward.  The deliberative process privilege protects this information.

| Document: | 177 |
|---|---|
| Bates Range: | 506 – 507 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 6/9/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials  regards discussion about disclosing information to the public and each agency's role in that.  The redacted portion of the email chain contains discussion of what information will be made public, predecisional thoughts and recommendations for informing the dialogue.  Redactions were applied to protect legal counsel's opinions, because the deliberative process privilege protects this information.

| Document: | 178 |
|---|---|
| Bates Range: | 508 – 509 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 9/10/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials and DHS legal counsel regards a summary of a DIB legal discussion of the various agency authorities and appropriations are used to support the DIB Pilot.  Redactions were applied to protect legal counsel's opinions, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 179 |
|---|---|
| Bates Range: | 510 – 514 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 9/24/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials and DHS legal counsel regards a summary of a DIB legal discussion of the various agency authorities and appropriations are used to support the DIB Pilot.  Redactions were applied to protect legal counsel's opinions, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 180 |
|---|---|
| Bates Range: | 515 – 516 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 11/16/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains discussion of DIB legal issues among counsel and program personnel.  The redacted portion of the email chain contains legal counsel's internal, predecisional thoughts and recommendations for determining decisional authority.  Redactions were applied to protect counsel's legal question, and also in the reply email a sentence containing her opinion/reaction to the attorney's email, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 181 |
|---|---|
| Bates Range: | 517 – 518 (Production PDF "Part4") |
| Document | Email chain |

| | |
|---|---|
| description: | Dated: 11/3/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains discussion of DIB legal issues among counsel and program personnel.  The redacted portion of the email chain contains legal counsel's  internal, predecisional thoughts and recommendations for determining decisional authority.  Redactions were applied to protect counsel's legal question, and also in the reply email a sentence containing her opinion/reaction to the attorney's email, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 182 |
|---|---|
| Bates Range: | 519 – 519 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 8/24/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussions regarding logistics for a DIB pilot meeting with DOJ.  The redacted portion of the email chain contains one DHS employee's internal, predecisional thoughts and recommendations regarding possible attendees and preparation for the meeting.  The deliberative process privilege protects this information.

| Document: | 183 |
|---|---|
| Bates Range: | 519 – 521 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 7/6/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains notes from a DIB meeting, including a report on legal issues discussed by legal counsel and program personnel.  The redacted portion of the email chain contains legal counsel's internal, predecisional thoughts and recommendations.  Redactions were applied to protect counsel's legal question, and also in the reply email a sentence containing her opinion/reaction to the attorney's email, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 184 |
|---|---|
| Bates Range: | 522 – 522 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 6/29/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains notes from a DIB meeting, including a report on legal issues discussed by legal counsel and program personnel.  The redacted portion of the email chain contains legal counsel's  internal, predecisional thoughts and recommendations .  Redactions were applied to protect counsel's legal question, and also in the reply email a sentence containing her opinion/reaction to the attorney's email, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 185 |
|---|---|
| Bates Range: | 523 – 523 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 12/12/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains notes from a DIB meeting, including a report on legal issues discussed by legal counsel and program personnel.  The redacted portion of the

email chain contains legal counsel's internal, predecisional thoughts and recommendations. Redactions were applied to protect counsel's legal question, and also in the reply email a sentence containing her opinion/reaction to the attorney's email, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 186 |
|---|---|
| Bates Range: | 526 – 527 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 9/20/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This  email chain contains discussion among DHS program officials and DHS legal counsel regarding a paper on cybersecurity that was circulated via other channels for inter-agency review and comment.  The redacted portion of the email chain contains one DHS employee's internal, predecisional thoughts and recommendations for improving the content and language of the draft paper that had been circulated, as well as the employee's summary and editorial comments of the draft paper to assist his colleagues in formulating their edits and opinions of the draft, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 187 |
|---|---|
| Bates Range: | 533 – 534 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 9/12/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussions regarding guidance for the DIB timeline. The redacted portion of the email chain contains one DHS employee's internal, predecisional thoughts and recommendations regarding possible opinions regarding that timeline because the attorney-client privilege and the deliberative process privilege protect this information.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 188 |
|---|---|
| Bates Range: | 534 – 535 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 12/7/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards distribution of a report and summary on evaluation of the DIB Pilot, including criteria for reviewing the report.  The redacted portion of the email chain contains discussion of who has the report and who is or will be providing input, because the deliberative process privilege protect this information.

| Document: | 189 |
|---|---|
| Bates Range: | 536 – 537 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 4/5/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains an overview of a meeting and talking points on the status and next steps of the DIB Pilot, including references to comments and input from other agencies.  Redactions were applied notes and comments because the deliberative process privilege protects this information.

| Document: | 190 |
|---|---|
| Bates Range: | 538 – 539 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 8/19/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain among DHS program officials and DHS legal counsel contains discussion of a draft of a public affairs communications plan, including discussion of key legal issues.  Redactions were applied to protect discussion of the legal questions being considered, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 191 |
|---|---|
| Bates Range: | 539 – 540 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 9/23/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain among DHS program officials and DHS legal counsel contains discussion of a draft of a public affairs communications plan, including discussion of key legal issues.  Redactions were applied to protect discussion of the legal questions being considered, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 192 |
|---|---|
| Bates Range: | 541 – 542 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 2/11/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

Exemption (b)(5):  This email chain regards distribution of a DIB Pilot communications plan among DHS program officials and OGC attorneys, including discussion of classified distribution issues and discussion of action steps anticipated when the plan is final.  The redacted portion of the email chain contains one DHS employee's internal, predecisional thoughts and recommendations for distribution and post-distribution action items, including proposed language.  Redactions were applied to protect legal counsel's opinions, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 193 |
|---|---|
| Bates Range: | 543 – 544 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 9/28/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials and DHS legal counsel regards the drafting and editing of the  DIB Pilot plan.  Redactions were applied to protect the legal discussion of outstanding issues regarding agency authorities, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 194 |
|---|---|
| Bates Range: | 545 – 545 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 7/29/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials and DHS legal counsel regards the drafting and editing of the  DIB Pilot plan.  Redactions were applied to protect the legal discussion of outstanding issues regarding agency authorities, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 195 |
|---|---|
| Bates Range: | 546 – 546 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 2/5/2009 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion among DHS program officials of identifying points of contact at various agencies and what roles those POCs should play in planning the DIB pilot.  Redactions were applied to protect the program officer's discussion because the deliberative process privilege protects this information.

| Document: | 196 |
|---|---|
| Bates Range: | 547 – 548 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 9/2/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(6)

**Justification for redaction/withholding:**

Exemption (b)(6):  This email chain regards logistics and planning among DHS program officials for a meeting with DOD regarding an MOU for the DIB Pilot.  Redactions were applied to protect the program officer's discussion because the deliberative process privilege protects this information.

| Document: | 197 |
|---|---|
| Bates Range: | 549 – 551 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 5/27/2011 |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion among DHS program officials of a meeting with the Department of Energy (DOE) on managed services and talking points prepared for that meeting.  Disclosure of the redacted information would reveal the pre-decisional discussions of agency employees regarding preparation of a presentation slide deck on the DIB pilot.  One of the agency employees is an attorney that is providing legal advice to the client office concerning the substantive content of the proposed slides.   The redactions were applied to protect the discussion as deliberative process privileged.

| Document: | 198 |
|---|---|
| Bates Range: | 552 – 555 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 5/31/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion among DHS program officials of a meeting with the Department of Energy (DOE) on managed services and talking points prepared for that meeting.  Disclosure of the redacted information would reveal the pre-decisional discussions of agency employees regarding preparation of a presentation slide deck on the DIB pilot.  One of the agency employees is an attorney that is providing legal advice to the client office concerning the substantive content of the proposed slides.  The email chain also includes a predecisional exchange about draft talking points outlining possible topics of discussion for the upcoming meeting.  The agency employee that drafted the talking points was seeking input and recommendations from the other agency employees on the email string underscoring the predecisional nature of the list of proposed talking points.   The redactions were applied to protect the discussion as deliberative process privileged.

| Document: | 199 |
|---|---|
| Bates Range: | 556 – 558 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 1/19/2011 |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials and DHS legal counsel regards comments received from DOJ counsel regarding disclosure of the government's role and federal agency relationships.  The Deputy Associate General Counsel of DHS NPPD offered his legal opinion to another DHS attorney on DOJ comments on agency liability concerning the DIB pilot program.  Here, DHS, as the client, was discussing legal advice received from DOJ.  DHS was further discussing DOJ recommendations to DHS concerning potential legal risks of the DIB Pilot to DHS officials.   The redactions were applied to protect the legal discussion as attorney-client privileged and deliberative process privileged.

| Document: | 200 |
|---|---|
| Bates Range: | 559 – 560 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 12/8/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials and DHS legal counsel regards the drafting and editing of talking points for the draft DIB Pilot transition.  The email string includes legal advice from a DHS attorney concerning the scope of the talking points. The redactions were applied to protect the legal discussion as attorney-client privileged and deliberative process privileged.

| Document: | 201 |
|---|---|
| Bates Range: | 561 – 562 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 6/7/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials and DHS legal counsel regards Interagency agreements and the roles of the agencies in procurement related issues, including comments regarding disclosure of the government's role and agency relationships. This email string reflects the client program office's request for legal review to a DHS attorney. The attorney provided legal analysis of the issues in response to the request and further engages in discussion with other DHS counsel.     The redactions were applied to protect the legal discussion as attorney-client privileged and deliberative process privileged.

| Document: | 202 |
|---|---|
| Bates Range: | 563 – 565 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 7/8/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials  regards a discussion of issues for analysis regarding various agency authorities and appropriations used to support the DIB Pilot.  Redactions were applied to protect legal counsel's opinions, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 203 |
|---|---|
| Bates Range: | 566 – 567 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 5/3/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This is an email chain between the Deputy Associate General Counsel of DHS NPPD and other DHS agency officials wherein the Deputy Associate General Counsel summarized the results of a meeting between DHS, NSA and DOD attorneys regarding several legal issues, including the DIB Pilot program.  The email includes the legal analysis and opinions of the Deputy Associate General Counsel. The other agency officials on the email discuss the incorporation of some of the legal analysis and issues from the meeting into

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

proposed talking points for higher level DHS officials.   The redactions were applied to protect the legal discussion as attorney-client privileged and deliberative process privileged.

| Document: | 204 |
|---|---|
| Bates Range: | 568 – 569 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 12:00:00 AM |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials and DHS legal counsel regards language to be used regarding internet service providers in agreements and other documents.  Redactions were applied to protect the legal discussion, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 205 |
|---|---|
| Bates Range: | 570 – 572 (Production PDF "Part4") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 206 |
|---|---|
| Bates Range: | 573 – 575 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 10/14/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

Exemption (b)(5):  This email chain regards discussion among DHS program officials of information sharing with the Department of Energy (DOE) regarding classified signatures and agreements with ISPs.  This email string contains an interagency discussion between several DHS employees, including DHS counsel, regarding proposed options for signature management from DOE.   DHS employees discuss agency action and proposed evaluation of the process.  Redactions were applied to protect the program officer's discussion as a deliberative and predecisional.

| Document: | 207 |
|---|---|
| Bates Range: | 576 – 577 (Production PDF "Part4") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 208 |
|---|---|
| Bates Range: | 578 – 578 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 1/13/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion of the agenda for an IPC meeting and strategies for addressing topics.  In the email, the DHS Director of Cybersecurity Coordination expressed concern regarding certain unsolved aspects of the DIB Pilot and recommended that the IPC attendee seek more information.  Portions of the discussion are redacted as deliberative process.

| Document: | 209 |
|---|---|
| Bates Range: | 479 – 479 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 3/4/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e), (b)(7)(d)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion among DHS program officials  regarding classified signatures and agreements with ISPs.  Redactions were applied to protect the program officer's discussion because the deliberative process privilege protects this information.

Exemption (b)(7)(d): The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  The participating companies volunteered with an express promise of confidentiality and are thus confidential sources of law enforcement information.  Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

Exemption (b)(7)(e):  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 210 |
|---|---|
| Bates Range: | 580 – 587 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 2/18/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e), (b)(7)(d)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion among DHS program officials  regarding classified signatures and agreements with ISPs.  Redactions were applied to protect the program officer's discussion because the deliberative process privilege protects this information.

Exemption (b)(7)(d): The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  The participating companies volunteered with an express promise of confidentiality and are thus confidential sources of law enforcement information.  Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

Exemption (b)(7)(e): The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 211 |
|---|---|
| Bates Range: | 588 – 589 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 12/1/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains an exchange between a DHS program officer and an attorney in the DHS Office of General Counsel.  Specifically, the email sent from the client program officer asks the attorney for his summary and views regarding a legal topic; the attorney responds with an overview of several legal issues under consideration; then the program officer replies.  Redactions were applied to protect the program officer's legal question, and also in the reply email a sentence containing her opinion/reaction to the attorney's email, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 212 |
|---|---|
| Bates Range: | 590 – 591 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 12/14/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials and DHS legal counsel regards the drafting and editing of talking points for the draft DIB Pilot transition.  Redactions

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

were applied to protect the legal discussion, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 213 |
|---|---|
| Bates Range: | 592 – 592 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 12/8/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials and DHS legal counsel regards the drafting and editing of talking points for the draft DIB Pilot transition.  Redactions were applied to protect the legal discussion, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 214 |
|---|---|
| Bates Range: | 593 – 600 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 1/18/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5), (b)(7)(e), (b)(7)(d)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials regards the drafting and editing of a  Joint DOD-DHS Pilot Plan.  Redactions were applied to protect the  discussion of which document language has been approved and by which agency, because the deliberative process privilege protect this information.

Exemption (b)(7)(d): The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  The participating companies volunteered with an express promise of confidentiality and are thus confidential sources of law enforcement

information.  Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

Exemption (b)(7)(e):  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | 215 |
|---|---|
| Bates Range: | 601 – 602 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 10/21/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards distribution, discussion and review of and comments regarding talking points on S3454 National Defense Authorization Act for Fiscal Year 2011 LRM [BL-111-325].

| Document: | 216 |
|---|---|
| Bates Range: | 603 – 603 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 8/18/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion of legal authorities for the DOD DIB Pilot including internal, predecisional thoughts and recommendations of legal counsel.  A DHS attorney provided summary of key points of a meeting between DHS, NSA and DOJ counsel regarding several legal issues pertaining to the DIB Pilot program.  The email includes the legal analysis and opinions of the DHS attorney as well as discussion of the legal analysis provided by DOJ. There is also further discussion of DOD legal authorities, and legal issues relating to government funding and protection of ISP networks.

Redactions were applied pursuant to the attorney-client privilege and the deliberative process privilege.

| Document: | 217 |
|---|---|
| Bates Range: | 604 – 605 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 8/18/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion of legal authorities for the DOD DIB Pilot including internal, predecisional thoughts and recommendations of legal counsel.

A DHS attorney provided summary of key points of a meeting between DHS, NSA and DOJ counsel regarding several legal issues pertaining to the DIB Pilot program.  The email includes the legal analysis and opinions of the DHS attorney as well as discussion of the legal analysis provided by DOJ. There is also further discussion of DOD legal authorities, and legal issues relating to government funding and protection of ISP networks.

Redactions were applied pursuant to the attorney-client privilege and the deliberative process privilege..

| Document: | 218 |
|---|---|
| Bates Range: | 606 – 607 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 5/26/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion of legal authorities for the DOD DIB Pilot including internal, predecisional thoughts and recommendations of legal counsel.  Several DHS attorneys, including DHS General Counsel Ivan Fong, provided legal advice, including a discussion of legal authorities for the DIB Pilot, as briefing material for senior agency officials. Deputy Associate General Counsel for DHS NPPD offered suggestions regarding the inclusion of additional legal authorities. Redactions were applied pursuant to the attorney-client privilege and the deliberative process privilege.

| Document: | 219 |
|---|---|
| Bates Range: | 609 – 609 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 11/4/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussions regarding logistics for a DIB pilot meeting with DOJ.  The redacted portion of the email chain contains one DHS employee's internal, predecisional thoughts and recommendations regarding possible attendees and preparation for the meeting.  The deliberative process privilege protects this information.

| Document: | 220 |
|---|---|
| Bates Range: | 610 – 610 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 11/4/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussions regarding logistics for a DIB pilot meeting with DOJ.  The redacted portion of the email chain contains one DHS employee's internal, predecisional thoughts and recommendations regarding possible attendees and preparation for the meeting.  The deliberative process privilege protects this information.

| Document: | 221 |
|---|---|
| Bates Range: | 611 – 612 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 8/24/2010 |

**Original Classification Level of Document**: unclassified

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussions regarding logistics for a DIB pilot meeting with DOJ.  The redacted portion of the email chain contains one DHS employee's internal, predecisional thoughts and recommendations regarding possible attendees and preparation for the meeting.  The deliberative process privilege protects this information.

| Document: | 222 |
|---|---|
| Bates Range: | 613 – 613 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 6/9/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials  regards discussion of which companies are considered to be participating DIB companies, including discussion of whether such information is or has been made public.  The redacted portion of the email chain contains employee recommendations regarding what information should be made public and what should be kept confidential, as well as other predecisional thoughts and recommendations for informing the dialogue.  The deliberative process privilege protects this information.

| Document: | 223 |
|---|---|
| Bates Range: | 614 – 617 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 5/16/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain regards discussion of and comments regarding input received from other agencies regarding the drafting of a Memorandum of Agreement.  The redacted portion of the email chain contains one DHS employee's internal, predecisional thoughts and recommendations for improving the content outlined. Redactions were applied to protect the program officer's legal question, and also in the reply email a sentence containing

109

her opinion/reaction to the attorney's email, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 224 |
|---|---|
| Bates Range: | 618 – 618 (Production PDF "Part4") |
| Document description: | Email chain<br>Dated: 6/9/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain between DHS program officials  regards discussion of which companies are considered to be participating DIB companies, including discussion of whether such information is or has been made public.  The redacted portion of the email chain contains discussion of what information will be made public, predecisional thoughts and recommendations for informing the dialogue.  The deliberative process privilege protects this information.

| Document: | 225 |
|---|---|
| Bates Range: | 619 – 620 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 9/9/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussions regarding a GAO engagement focused on DoD's efforts to protect the DIB.  Specifically, this email chain contains an exchange between DHS employees and potential responses to questions from the GAO regarding the DIB Pilot.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 226 |
|---|---|
| Bates Range: | 620 – 620 (Production PDF "Part5") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 227 |
|---|---|
| Bates Range: | 621 – 629 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/30/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding DHS views on an OMB letter S.3454 National Defense Authorization Act for FY 2011.  Specifically, this email chain contains proposed DHS views, including the legal analysis of DHS counsel, on a letter that was circulated for interagency comment and contains an exchange on DIB legal issues and funding of the DIB pilot, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 228 |
|---|---|
| Bates Range: | 630 – 631 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 8/24/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains an exchange between a DHS program officer and an attorney in the DHS Office of General Counsel.  Specifically, the email sent from the client program officer asks the attorney for his summary and views regarding a legal topic; the attorney responds with an overview of several legal issues under consideration; then the program officer replies.  Redactions were applied to protect the program officer's legal question,

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

and also in the reply email a sentence containing her opinion/reaction to the attorney's email, because the attorney-client privilege and the deliberative process privilege protect this information.  Likewise, the attorney-client privilege protects the contents of the attorney's email/analysis.

| Document: | 229 |
|---|---|
| Bates Range: | 632 – 636 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 1/7/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussions regarding an OMB session related to the DIB Pilot.  This email string contains strategic discussions about how to approach the OMB session, discussion on what other agencies might be presenting, and discussion of proposed talking points.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and is redacted as deliberative process privileged.

| Document: | 230 |
|---|---|
| Bates Range: | 637 – 643 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 5/6/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding OSD/ DIB legal issues.  The email string contains the legal analysis and opinion of DHS counsel, including the Deputy Associate General Counsel of DHS NPPD.  DHS counsel provided legal analysis to DHS client program officials regarding a proposed meeting with DOD.   This information is redacted under Exemption (b)(5) as both attorney-client privileged and deliberative process privileged.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 231 |
|---|---|
| Bates Range: | 644 – 648 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 3/25/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding DoD's DIB Pilot briefings cards seeking DHS review and comment.  This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding DIB pilot privacy act issues, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 232 |
|---|---|
| Bates Range: | 649 – 652 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 9/27/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(6)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussions regarding a permanent DIB Proposal between DHS program officials and DHS counsel.  The discussions relate to the transition of the DIB program from the pilot phase. The emails include discussion about the level of detail necessary in the proposal, and the evaluation and opinions of DHS personnel regarding the feasibility of certain aspects of the proposal. Redactions to the email string of predecisional deliberative comments were made pursuant to  Exemption (b)(5).

| Document: | 233 |
|---|---|
| Bates Range: | 653 – 653 (Production PDF "Part5") |
| Document | Email chain |

| description: | Dated: 4/7/2011 |
|---|---|

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):

This email chain contains pre-decisional and deliberative discussions regarding DOJ's legal analysis of the DIB pilot program between DHS program officials and DHS counsel. Specifically, the discussion related to DOJ's legal analysis of the legal implications of utilizing a login banner notifying users of potential information sharing. Redactions to the email string were made pursuant to  Exemption (b)(5).

| Document: | 234 |
|---|---|
| Bates Range: | 654 – 655 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 10/6/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussions regarding a press roundtable.  The email discussion between DHS personnel includes discussion about what information to include in a draft document under preparation for the roundtable.  The comments include DHS Policy's recommendations on verbiage and format. This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, that are redacted pursuant to Exemption (b)(5) as protected by the deliberative process privilege.

| Document: | 235 |
|---|---|
| Bates Range: | 656 – 656 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/3/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussions regarding a proposed DHS position on the DIB pilot.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 236 |
|---|---|
| Bates Range: | 657 – 658 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 6/14/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding traffic volume analysis with particular ISPs.   Discussion between DHS counsel and DHS program officials regarding the results of a meeting with counsel for a specific internet service provider.  The discussion related to the willingness of the ISP to provide DHS with certain information sought by DHS to further the DIB program. Redactions of attorney client privileged and deliberative process privileged material were made pursuant to Exemption (b)(5).

| Document: | 237 |
|---|---|
| Bates Range: | 659 – 661 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 6/8/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding DIB legal issues.   DHS counsel inquired about the technical issues pertaining to ISP traffic volume and reporting requirements under 18 U.S.C. section 2703(c).  DHS counsel discussed legal issues pertaining to obtaining traffic volume information and discussed the possibility of obtaining information from publically available sources. Portions of this email string that have been identified as attorney-client privileged and deliberative process privileged are redacted pursuant to Exemption (b)(5).

| Document: | 238 |
|---|---|
| Bates Range: | 662 – 663 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 1/20/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding information and action items related to a DIB Model. This email string discusses DHS strategy for approaching topics of interest to OMB pertaining to the DIB model.  One of the DHS personnel provides opinion and advice regarding a successful interaction on a somewhat analogous project with another agency.  Redactions were applied to information identified as protected by the deliberative process privilege pursuant to  Exemption (b)(5).

| Document: | 239 |
|---|---|
| Bates Range: | 664 – 666 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 3/8/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding information included in a readout for a DSD/S2/DAG meeting.   DHS program officials sought legal advice from DHS General Counsel Ivan Fong regarding several issues that arose in the DSD/S2/DAG meeting on the DIB program, including legal requirements for participating companies, and the language

116

used in DOJ's legal analysis.  Redactions were applied to attorney-client privileged and deliberative process privileged information pursuant to Exemption (b)(5).

| Document: | 240 |
| --- | --- |
| Bates Range: | 667 – 668 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 9/17/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding a revised DIB pilot plan.  The email string involves discussions between DHS counsel and program officials on revising language for the DIB pilot program as well as the timing of sharing the draft plan and proposed legal authorities with DHS operational partners.  Redactions were applied to attorney-client privileged and  deliberative process privileged information pursuant to Exemption (b)(5).

| Document: | 241 |
| --- | --- |
| Bates Range: | 669 – 671 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/12/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding briefing materials for S1 on updates to the DIB program.   This email string involves DHS agency personnel engaged in discussions concerning how to update S1 on the DIB program and what specific roadblocks to the program DHS can attempt to work around.  Redactions were made to attorney-client privileged and deliberative process privileged information pursuant to Exemption (b)(5).

| Document: | 242 |
| --- | --- |

117

| Bates Range: | 672 – 672 (Production PDF "Part5") |
|---|---|

| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. |
|---|

| Document: | 243 |
|---|---|
| Bates Range: | 673 – 678 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 8/24/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding information included in a readout and proposed talking points for an S2 DSD meeting.  Various DHS personnel discuss possible topics and language to suggest to S2 in preparation for future meetings with DOD and DOJ.   A DHS program official makes suggestions about how much and what type of background information to include on contentious issues.  Redactions were made to information protected by attorney client privilege and deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 244 |
|---|---|
| Bates Range: | 679 – 679 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 8/25/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding information included in a readout for an S2 DSD meeting, and thus is protected from disclosure by Exemption (b)(5).

118

| Document: | 245 |
|---|---|
| Bates Range: | 680 – 682 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/21/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains an attorney client privileged and deliberative discussion regarding a summary of discussions related to JCSP transition activities.  DHS counsel advised DHS program officials to consider methods to streamline the communication between ISPs and the agency.  The email string also includes a list of questions posed by agency program officials to DHS counsel seeking legal advice on a number of issues related to an ongoing discussion with a specific ISP. Redactions were made to information that is protected by attorney-client privilege and deliberative process privileged pursuant to Exemption (b)(5).

| Document: | 246 |
|---|---|
| Bates Range: | 683 – 683 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 12/9/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding a summary of discussions related to  the possibility of canceling a CIO/CISO briefing of activities,  and thus is protected from disclosure by Exemption (b)(5).

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 247 |
|---|---|
| Bates Range: | 684 – 684 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 4/26/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding a DIB Pilot meeting.  Discussion between program officials concerning the development of proposed documentation for the DIB program, including development of a privacy impact assessment (PIA).  Redactions were made to information protected as deliberative process privileged pursuant to Exemption (b)(5).

| Document: | 248 |
|---|---|
| Bates Range: | 685 – 686 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 8/2/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding a DIB Pilot meeting.  DHS program personnel provided more senior program officials with notes from a DIB meeting with Department of Education officials and ISP partners.  The notes include summaries of predecisional intra-agency discussions on the DIB program, the respective responsibilities of the parties and possible operational concerns, and deficiencies. Redactions were made to information protected by deliberative process privilege pursuant to Exemption (b)(5).

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 249 |
|---|---|
| Bates Range: | 687 – 688 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 9/2/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding a DIB Pilot meeting.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 250 |
|---|---|
| Bates Range: | 689 – 690 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 8/20/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding taskers for an S2 meeting.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 251 |
|---|---|
| Bates Range: | 691 – 694 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 12/15/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding taskers for a DIP Pilot Transition briefing. This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 252 |
|---|---|
| Bates Range: | 695 – 695 (Production PDF "Part5") |
| Document description: | Email chain Dated: 5/11/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding a legal meeting with the DOJ. Deputy Associate General Counsel of NPPD provided a summary of legal issues discussed in a meeting between DHS, DOJ, DOD and several other federal agencies to senior DHS officials.  The discussion included the legal analysis and impressions of the author.  Redactions were made to information protected under the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 253 |
|---|---|
| Bates Range: | 696 – 698 (Production PDF "Part5") |
| Document description: | Email chain Dated: 5/3/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and deliberative discussion regarding DIP Pilot legal issues.

DHS counsel engaged in a discussion of legal issues pertaining to the DIB pilot program in preparation to attend a meeting between DHS, DOJ, DOD and several other federal agencies.

The discussion included the legal analysis and impressions of the DHS counsel.  DHS agency personnel were also engaged in the discussion of the status of proposed legislation related to cyberlaw issues, including seeking the advice of DHS counsel.  Redactions were made to information protected under the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 254 |
|---|---|
| Bates Range: | 699 – 700 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 9/2/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding a DIB Pilot meeting.  Deputy Associate General Counsel of DHS NPPD provided of summary of the issues from a DIB legal discussion between DHS, DOJ, DOD and NSA.  Senior DHS personnel further discussed one of the points raised by the summary.  Redactions were made to information protected by attorney-client privilege and by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 255 |
|---|---|
| Bates Range: | 701 – 702 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 7/2/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding a transition plan for the DIB pilot.  DHS counsel provided a summary of a briefing and legal discussion between DHS, DOJ, DOD and NSA to DHS program officials, including counsel's legal analysis and impressions on the interaction of the agencies at the meeting.  The program office sought additional information on the content of the briefing and meeting; counsel provided additional information and legal analysis.  Redactions were made to information

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

protected by attorney-client privilege and by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 256 |
|---|---|
| Bates Range: | 703 – 704 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/21/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding a transition plan for the DIB pilot.  DHS program officials discussed the points to include in a draft transition plan for the DIB pilot, including a proposed timeline for deployment. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 257 |
|---|---|
| Bates Range: | 705 – 706 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 9/29/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding updates on the S2 Cyber Strategy briefing. Disclosure of the redacted information would reveal the pre-decisional discussions of agency employees regarding preparation of a presentation slide deck on the S2 Cyber Strategy briefing.  One of the agency employees is an attorney that is providing legal advice to the client office concerning the substantive content of the proposed slides. Redactions were made to information protected by attorney-client privilege and by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 258 |
|---|---|
| Bates Range: | 708 – 709 (Production PDF "Part5") |

124

| Document description: | Email chain Dated: 10/6/2010 |
|---|---|

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussions regarding the DIB pilot. DHS program officials discussed with DHS agency counsel a statement proposed by DOD for release to a news media outlet pertaining to the DIB program.  Deputy Associate General Counsel of DHS NPPD suggested revisions to the statement.   The DHS Deputy Assistant Secretary for Cybersecurity and Communications also advised counsel and program officials regarding additional background information to support the suggested edits to the media statement.  Redactions were made to information protected by attorney-client privilege and by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 259 |
|---|---|
| Bates Range: | 710 – 712 (Production PDF "Part5") |
| Document description: | Email chain Dated: 8/27/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussions regarding the DIB pilot. DHS program officials and senior DHS leadership engaged in discussion regarding a statement proposed by DOD for release the Washington Post on the DIB program.  The discussion dealt with the use of specific language to clarify the agency's position regarding the monitoring of certain types of internet traffic.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 260 |
|---|---|
| Bates Range: | 713 – 713 (Production PDF "Part5") |
| Document description: | Email chain Dated: 6/30/2010 |

**Original Classification Level of Document**: unclassified

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussions regarding material to be included in an Operations Group Government Principals meeting.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 261 |
|---|---|
| Bates Range: | 714 – 714 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 6/29/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional recommendations and discussions regarding setting an agenda for an Operations Group Government Principals meeting.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 262 |
|---|---|
| Bates Range: | 715 – 715 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 9/15/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussions regarding a revised DIB pilot plan. This email was sent by DHS counsel seeking client office information regarding the status of a revised DIB pilot plan.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions,

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 263 |
|---|---|
| Bates Range: | 716 – 716 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 8/27/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding the DIB cyber pilot. Email from the DHS Deputy Assistant Secretary for Cybersecurity and Communications summarizing the results of a meeting with DOD as a proposed point for the daily briefing material for DHS S2.  The meeting covered the DIB pilot and the partnership between DHS and DOD.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 264 |
|---|---|
| Bates Range: | 717 – 717 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 8/23/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussions regarding material to be included in a DIB Cyber pilot meeting.  Email from the DHS Deputy Assistant Secretary for Cybersecurity and Communications summarizing the results of a meeting and conference call on DIB.  The summary was intended as a proposed update to the daily briefing material for DHS S2.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 265 |
|---|---|
| Bates Range: | 718 – 718 (Production PDF "Part5") |
| Document | Email chain |

| description: | Dated: 12/1/2011 |
|---|---|

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding NSA DIB opt-in. This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 266 |
|---|---|
| Bates Range: | 719 – 719 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/15/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding the next DIB pilot steps. Email from DHS counsel to other agency officials concerning preparation for a joint briefing with NSA on the DIB pilot.  The email attached a proposed slide for the presentation for circulation and comment.  Redactions were made to information protected by attorney-client privilege and by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 267 |
|---|---|
| Bates Range: | 720 – 720 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 9/2/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding a sync meeting with S2.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| | |
|---|---|
| Document: | 268 |
| Bates Range: | 721 – 724 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 12/13/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding taskers for a DIB Pilot Transition briefing. This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| | |
|---|---|
| Document: | 269 |
| Bates Range: | 725 – 725 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 12/9/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding the DIP Cyber Pilot Transition. This email from DHS program official to other DHS employees, including DHS counsel, outlines the agency's operational targets through the DIB transition period.   The email is offered to provide additional structure for the agency's daily activities in furtherance of the transition period. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| | |
|---|---|
| Document: | 270 |

| Bates Range: | 726 – 726 (Production PDF "Part5") |
|---|---|
| Document description: | Email chain<br>Dated: 9/16/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding a DIB pilot discussion at DOJ. DHS counsel summarized the outcome of a legal discussion with DOJ and NSA on the DIB pilot to senior agency officials.  The email discussed the ongoing discussion between the agencies on legal authorities for the DIB program.  Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 271 |
|---|---|
| Bates Range: | 727 – 727 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 6/30/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion Frequently Asked Questions and a participants list for an ESF meeting.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 272 |
|---|---|
| Bates Range: | 728 – 728 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 9/2/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding DIB legal issues. DHS counsel provided a summary of a briefing and legal discussion between DHS, DOJ, DOD and NSA to DHS program officials, including counsel's legal analysis and impressions on the interaction of the agencies at the meeting.  The meeting notes advised on the ongoing legal authorities discussion between the agencies. Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 273 |
|---|---|
| Bates Range: | 729 – 729 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 9/3/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney client privileged communication between DHS program official and DHS counsel  regarding DIB plan email chain.   A DHS program official advised counsel that a proposed statement on the DIB plan email chain was insufficient for DHS Deputy Undersecretary concurrence.  Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 274 |
|---|---|
| Bates Range: | 730 – 730 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 5/4/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains deliberative communications among program personnel regarding updates to the JWICS.  A DHS program official provide updates on a proposed meeting to discuss the DIB pilot to a more senior official. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 275 |
|---|---|
| Bates Range: | 731 – 731 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 6/29/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding a meeting to discuss DIB legal issues.  DHS counsel sent the email to DHS program officials seeking information regarding a meeting that was convened to discuss legal issues raised by two ISPs.  Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 276 |
|---|---|
| Bates Range: | 732 – 734 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 6/17/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding a DIB cyber pilot meeting.  DHS counsel requested information from DHS program officials regarding a meeting to address inquiries about the DIB program from an ISP.  DHS program officials discussed the proposed meeting and speculated about the reason for the ISP's meeting request.  Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 277 |
|---|---|
| Bates Range: | 735 – 735 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 9/16/2010 |

**Original Classification Level of Document**: unclassified

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding a revised DIB pilot plan. DHS counsel discussion regarding a revised version of the DIB pilot plan, including a discussion of when the plan could be shared with DHS's operational partners. Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 278 |
|---|---|
| Bates Range: | 736 – 736 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 3/31/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding a DIB cyber pilot meeting, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 279 |
|---|---|
| Bates Range: | 737 – 737 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 8/16/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains work product communications among program personnel regarding updates to the JWICS, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 280 |
|---|---|

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Bates Range: | 738 – 738 (Production PDF "Part5") |
| --- | --- |
| Document description: | Email chain<br>Dated: 7/29/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussions regarding the DIB  Cyber Pilot.  DHS Deputy Assistant Secretary of Cybersecurity and Communications provided an email summary of the DIB Pilot Implementation to senior level DHS officials.   The email includes the comments and observations of the DAS that were raised for consideration by his superiors.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 281 |
| --- | --- |
| Bates Range: | 739 – 739 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 1/7/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative discussion among program personnel regarding DIB legal issues.  The Special Assistant to the Director of Cybersecurity Coordination summarized a number of issues raised by DHS counsel regarding the DIB program in an email to his supervisor.  The email contained legal advice of DHS counsel as well as the observations and comments of the Special Assistant for consideration by his superior. Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 282 |
| --- | --- |
| Bates Range: | 740 – 741 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 6/15/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussions regarding notes from a DIB Cyber meeting.  The Special Assistant to the Director of Cybersecurity Coordination provided a summary of a meeting between DHS, NSA, and DOD on DIB issues in an email to his supervisor.  The email contained the observations and comments of the Special Assistant for consideration by his superior as well as list of pending issues for further internal agency discussion.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5). This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 283 |
|---|---|
| Bates Range: | 742 – 742 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 12/20/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussions regarding the attendance of a DIB cyber meeting.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 284 |
|---|---|
| Bates Range: | 743 – 746 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 8/20/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to talking points on Cyber Storm III, NCIRP and background information.

DHS program officials engaged in a predecisional discussion about what information to include in talking points and what documents should be included as part of the background information. Two different proposed lists of documents were presented for the group's consideration. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 285 |
|---|---|
| Bates Range: | 747 – 747 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 12/14/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to a Cyber IPC: DIB Pilot & Cybersecurity Information meeting.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 286 |
|---|---|
| Bates Range: | 748 – 748 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 1/19/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains deliberative  communications among program personnel regarding DIB legal issues.  The DHS Director on Cybersecurity Coordination provided senior DHS officials with his thoughts on DOJ comments on COA2.   The Director was seeking further guidance on the issue from senior agency officials.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 287 |
|---|---|
| Bates Range: | 749 – 749 (Production PDF "Part5") |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document description: | Email chain Dated: 9/10/2010 |
|---|---|

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding DIB legal issues.   DHS counsel provided a summary to senior DHS officials of the DIB legal discussion which was led by NSS counsel. The email contains the legal analysis and observations of DHS counsel and contains counsel's advice on steps for moving forward with several DIB related issues.  Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 288 |
|---|---|
| Bates Range: | 751 – 752 (Production PDF "Part5") |
| Document description: | Email chain Dated: 4/11/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to DIB.  DHS Director of Cybersecurity and Communications sought information from DHS staff on the status of DIB issues.  An email exchange followed between the Director and various staff members on procedural and substantive issues pertaining to the DIB meetings. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 289 |
|---|---|
| Bates Range: | 753 – 754 (Production PDF "Part5") |
| Document description: | Email chain Dated: 9/23/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding DIB Plans.   The email string contains communications between DHS counsel and DHS program officials on the status of revisions to the DIB plans.  DHS counsel also provided an update on what they expected to discuss at the NSS legal discussion; the update contains the comments and observations of DHS counsel. Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 290 |
|---|---|
| Bates Range: | 755 – 758 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 3/21/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains deliberative communications among program personnel regarding DIB issues DHS Director of Cybersecurity and Communications sought information from DHS staff on the status of DIB issues.  An email exchange followed between the Director and various staff members on procedural and substantive issues pertaining to the DIB program. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 291 |
|---|---|
| Bates Range: | 759 – 760 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 6/7/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding DIB Pilot procurement issues.   DHS counsel contacted DHS program officials with several issues related to E3/DIB pilot procurement issues. Counsel and program office personnel engaged in a discussion of the issues, and DHS counsel provided legal analysis and comment.  Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 292 |
|---|---|

| Bates Range: | 761 – 762 (Production PDF "Part5") |
|---|---|
| Document description: | Email chain<br>Dated: 5/14/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding E3 and DIB information and action items related to DIB.  DHS Deputy Assistant Secretary of Cybersecurity and Communication discussed several pending DIB issues with a DOD official.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 293 |
|---|---|
| Bates Range: | 763 – 764 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 8/29/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to DIB.  DHS Deputy Assistant Secretary of Cybersecurity and Communication provided an email update on DIB Pilot Implementation to senior DHS officials and responded to a question from senior official.   Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5

| Document: | 294 |
|---|---|
| Bates Range: | 765 – 766 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 7/21/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

This email chain contains pre-decisional and deliberative discussion regarding major differences between old and new DIB Pilot Lessons Learned and action items related to DIB.  DHS program personnel reviewed two sets of lists of "lessons learned" in preparation for meeting to discuss the differences between the two documents.  DHS program personnel provided an update to more senior program officials, including a predecisional recommendation on DHS response to the "lessons learned" documents.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 295 |
|---|---|
| Bates Range: | 767 – 767 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/4/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to preparation for a meeting between DHS/NSA/DOJ on the DIB Pilot. This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 296 |
|---|---|
| Bates Range: | 768 – 768 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/4/2011 |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 297 |
|---|---|
| Bates Range: | 769 – 770 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/23/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding DIB legal issues.  DHS program personnel requested information from DHS counsel regarding a DIB meeting staffed by DHS counsel.  Counsel provided notes on the meeting as well as counsel's legal analysis and observations.  Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 298 |
|---|---|
| Bates Range: | 771 – 772 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 8/24/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client and deliberative discussion regarding information and action items related to DIB. DHS Deputy Assistant Secretary for Cybersecurity and Communications sought updates on DIB plan and legal issues from program personnel in order to prepare to brief high level DHS officials.  DHS program personnel in turn engaged DHS counsel for an update, which was provided by DHS counsel in an email that contained both legal analysis as well as counsel's observations.  DHS program personnel provided additional commentary and updates for consideration by the DAS.  Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 299 |
|---|---|
| Bates Range: | 773 – 774 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 9/17/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding DIB legal issues.  DHS counsel initiated email communication about a draft of the DIB revised pilot plan wherein he

sought an update as to the status of the document.  DHS program officials and counsel engaged in a discussion about the draft revised pilot plan.   DHS Deputy Assistant Secretary of Cybersecurity and Communications sent an email to high level agency officials providing his thoughts and comments on the progress of the document.   Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 300 |
|---|---|
| Bates Range: | 775 – 776 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/21/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding information and action items related to DIB. Specifically, this email contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel on the POA&M for the DIB Pilot Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 301 |
|---|---|
| Bates Range: | 777 – 777 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 12/2/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding information and action items related to DIB. Specifically, this email discusses signatures to NSA for DIB opt in.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 302 |
|---|---|
| Bates Range: | 778 – 780 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 9/23/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding information and action items related to DIB Pilot and planned briefings.  The DHS Director of Legislative Affairs sent an email to DHS program officials advising that a member of Congress had requested a briefing on the DIB pilot.   The email contains the observations of the Director and his recommendations on how to approach the briefing.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 303 |
|---|---|
| Bates Range: | 781 – 782 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/15/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to DIB.  DHS program personnel provided notes on the November 2010 SSCI Staff Brief on the DIB pilot.  The notes include the observations and follow up questions for DHS personnel.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 304 |
|---|---|
| Bates Range: | 783 – 784 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 8/2/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to the DIB Pilot.  DHS program personnel provided more senior program officials with notes from a DIB meeting with Department of Education officials and ISP partners. The notes include summaries of predecisional intra-agency discussions on the DIB program, the respective responsibilities of the parties and possible operational concerns, and deficiencies. Redactions were made to information protected by deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 305 |
|---|---|
| Bates Range: | 785 – 789 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 2/1/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding the RFI Package.  DHS counsel and program personnel engaged in a predecisional discussion regarding procurement issues.   Counsel provided legal analysis and comment.  Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 306 |
|---|---|
| Bates Range: | 790 – 791 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/21/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(4), (b)(5), (b)(7)(d)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to JSCP transition activities.  DHS program personnel engaged in a discussion of issues related to the JSCP transition, including a summary of items accomplished and a recommendation of items that were up for further discussion.  Redactions were made to

information protected by the deliberative process privilege pursuant to Exemption (b)(5). In addition to Exemption (b)(6), Exemptions (b)(4) and (b)(7)(d) also provide protection for the names and email addresses of the DIB company employees.  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed.  To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.  Moreover, with respect to (b)(7)(d), this record was compiled for "law enforcement" purposes; the participating companies volunteered with an express promise of confidentiality and are thus confidential sources of law enforcement information.  Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

| Document: | 307 |
|---|---|
| Bates Range: | 792 – 792 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 3/28/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to subsidizing JSCP Costs for D/As.  Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 308 |
|---|---|
| Bates Range: | 793 – 794 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding a meeting to be held for a JCSP long term strategy development discussion.  DHS program personnel drafted a proposed agenda for the JCSP long term strategy discussion.   Program personnel sought comment and concurrence from higher level DHS personnel.   Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 309 |
|---|---|
| Bates Range: | 795 – 795 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 2/21/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding background information for a media inquiry pertaining to DIB Pilot activities.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 310 |
|---|---|
| Bates Range: | 796 – 797 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 12/15/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to OMB taskings.  DHS personnel communicated with a representative from the CERT organization regarding various questions posed by an OMB tasker related to the DIB pilot.  This communication is protected under the consultant corollary of the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 311 |
|---|---|

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Bates Range: | 799 – 801 (Production PDF "Part5") |
|---|---|
| Document description: | Email chain<br>Dated: 1/3/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to OMB taskings. DHS personnel discussed the draft responses to various questions posed by an OMB tasker related to the DIB pilot.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 312 |
|---|---|
| Bates Range: | 802 – 802 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 4/3/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information related to communication with ISPs.  The Chief of the Systems Engineering and Acquisition Oversight, DHS National Cybersecurity Protection System, sent an email regarding particular feedback received from ISPs to other DHS program personnel for situational awareness and comment. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 313 |
|---|---|
| Bates Range: | 803 – 803 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/15/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to E3-DIB Pilot implementation comparison.  DHS program personnel circulated a draft chart comparing E3 against the DIB pilot.   DHS program officials engaged in predecisional discussions about possible revisions to the document.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 314 |
| --- | --- |
| Bates Range: | 804 – 805 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 1/12/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to JSCP transition activities.  DHS program personnel circulated three draft documents, the Cyber Security Services Strategy and the IPS MSS Transition Strategy and MSS Statement of Objectives, to other DHS employees for comment and review. The email also provided background information on the current status of the draft documents.   Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 315 |
| --- | --- |
| Bates Range: | 806 – 807 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 3/21/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussions regarding written responses for internal use to questions from the GAO regarding the DIB Pilot.  DHS program personnel requested legal advice and input from DHS counsel and the DHS Privacy office on specified questions from the GAO review entitled "DOD's Efforts for Protecting the Defense Industrial Base from Cyber Threats".  The review sought information about the DIB pilot; DHS counsel provided legal advice and recommendations for responding to the inquiry.  Redactions were made to information protected by the attorney client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

148

| Document: | 316 |
|---|---|
| Bates Range: | 809 – 810 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 4/24/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to JCSP transition activities.  DHS program officials received an email from an ISP partner regarding questions from the ISP on JCSP transition activities.  DHS personnel engaged in internal discussion about information that is necessary to respond to the ISP's questions.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 317 |
|---|---|
| Bates Range: | 811 – 813 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 12/12/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to JSCP transition activities.  A DHS program employee sent an email to other DHS program personnel regarding status updates on several topics to be gathered from an upcoming call on JCSP transition activities.  Another employee provided a summary of the call, which included the observations and comments of the employee.  Other DHS employees provide comments and corrections to the meeting notes.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 318 |
|---|---|
| Bates Range: | 814 – 816 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 11/15/2011 |

**Original Classification Level of Document**: unclassified

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion among program personnel regarding DIB issues. On page 814, the Director of Federal Network Security, DHS National Cyber Security Division, posed a list of questions about the DIB pilot to DHS program personnel in an effort to familiarize himself with the DIB pilot program.  On pages 815-816, the DHS Deputy Undersecretary for Cybersecurity, NPPD, provided an email note to high level DHS and DOD officials concerning the progress of DHS and DOD teams regarding the future of E3 and a related initiative.   Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 319 |
|---|---|
| Bates Range: | 817 – 820 (Production PDF "Part5") |
| Document description: | Email chain<br>Dated: 6/6/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion among program personnel regarding DIB issues, and thus is protected from disclosure by Exemption (b)(5).  Specifically, this email chain is from a program officer to personnel in the DOJ, DoD, and the NSA regarding the status of the DIB Pilot and outstanding actions to include the draft PIA, preliminary evaluations, opinions, and recommendations of DHS personnel.

| Document: | 320 |
|---|---|
| Bates Range: | 821 – 822 (Production PDF "Part6") |
| Document description: | Email chain<br>Dated: 3/25/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain discusses the policy assessments of the DIB Pilot and potential policy implications.  Predecisional discussion between DHS personnel regarding comments to the DOD's DIB Opt In Pilot briefing card.  Further discussion between DHS personnel took place

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

regarding the recommendations and comments of the DHS Director of Privacy Technology and the possible need for development of a privacy impact assessment.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 321 |
|---|---|
| Bates Range: | 823 – 825 (Production PDF "Part6") |
| Document description: | Email chain<br>Dated: 4/26/2011 |
| | The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. |

| Document: | 322 |
|---|---|
| Bates Range: | 826 – 829 (Production PDF "Part6") |
| Document description: | Email chain<br>Dated: 5/11/2011 |
| | The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. |

| Document: | 323 |
|---|---|
| Bates Range: | 830 – 839 (Production PDF "Part6") |
| Document description: | Email chain<br>Dated: 6/7/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain describes potential privacy implications of the DIB pilot program and includes deliberative material and potential policy assessments and changes. Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding  development of a Joint Cybersecurity Services Pilot PIA.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 324 |
|---|---|
| Bates Range: | 840 – 841 (Production PDF "Part6") |
| Document description: | Email chain<br>Dated: 11/7/2011 |
| | The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. |

| Document: | 325 |
|---|---|
| Bates Range: | 842 – 846 (Production PDF "Part6") |
| Document description: | Email chain<br>Dated: 12/7/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This is an email chain that discusses questions and policy issues regarding DIB Cyber Pilot.

Exemption (b)(5):  This email chain contains deliberative discussions among program personnel regarding DIB issues.  Discussion between DHS personnel took place regarding the recommendations and comments of the DHS Director of Privacy Technology and the possible need for development of a privacy impact assessment.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5). ,

| Document: | 326 |
|---|---|
| Bates Range: | 847 – 858 (Production PDF "Part6") |
| Document description: | Email chain<br>Dated: 1/11/2012 |
| | The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. |

| Document: | 327 |
|---|---|
| Bates Range: | 859 – 863 (Production PDF "Part6") |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document description: | Email chain<br>Dated: 1/12/2012 |
|---|---|
| | The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. |

| Document: | 328 |
|---|---|
| Bates Range: | 864 – 866 (Production PDF "Part6") |
| Document description: | Email chain<br>Dated: 1/13/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding  development of a Joint Cybersecurity Services Pilot PIA.  The JCSP PIA was transmitted by DHS personnel to DOD for review and comment.  DOD's Office of Cyber Policy responded to DHS with a suggested change regarding application of Paperwork Reduction Act requirements. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 329 |
|---|---|
| Bates Range: | 867 – 870 (Production PDF "Part6") |
| Document description: | Email chain<br>Dated: 1/13/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding  development of a Joint Cybersecurity Services Pilot PIA.  The JCSP PIA was transmitted by DHS personnel to DOD for review and comment.  DOD's Office of Cyber Policy responded to DHS with a suggested change regarding application of Paperwork Reduction Act requirements. DHS personnel engaged in further predecisional internal discussions regarding

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

several additional questions and DOD's suggested line edits.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 330 |
|---|---|
| Bates Range: | 871 – 874 (Production PDF "Part6") |
| Document description: | Email chain<br>Dated: 1/13/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding  development of a Joint Cybersecurity Services Pilot PIA.  The JCSP PIA was transmitted by DHS personnel to DOD for review and comment.  DOD's Office of Cyber Policy responded to DHS with a suggested change regarding application of Paperwork Reduction Act requirements. DHS personnel engaged in further predecisional internal discussions regarding several additional questions and DOD's suggested line edits.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 331 |
|---|---|
| Bates Range: | 875 – 877 (Production PDF "Part6") |
| Document description: | Email chain<br>Dated: 1/14/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding  development of a Joint Cybersecurity Services Pilot PIA.  The JCSP PIA was transmitted by DHS personnel to DOD for review and comment.  DOD's Office of Cyber Policy responded to DHS with a suggested change regarding application of Paperwork Reduction Act requirements. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| | |
|---|---|
| Document: | 332 |
| Bates Range: | 878 – 880 (Production PDF "Part6") |
| Document description: | Email chain<br>Dated: 5/15/2012 |
| | The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. |

| | |
|---|---|
| Document: | 333 |
| Bates Range: | 881 – 883 (Production PDF "Part6") |
| Document description: | DIB Cyber Pilot Agenda<br>Dated: 12/9/2011 |
| | This document is released in full. |

| | |
|---|---|
| Document: | 334 |
| Bates Range: | 884 – 896 (Production PDF "Part6") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| | |
|---|---|
| Document: | 336 |
| Bates Range: | 944 – 963 (Production PDF "Part6 - Part7") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| | |
|---|---|
| Document: | 337 |
| Bates Range: | 964 – 967 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 12/20/2010 |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains inter-agency discussion regarding the development of the DIB Cyber Pilot, including attorney-client privileged and work product communications among counsel and program personnel regarding DIB proposal legal authorities.  Counsel from DOJ, DOD, and NSS were involved in a legal discussion regarding the DIB Pilot program.   The legal discussion was shared with DHS counsel by DOD counsel. Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| | |
|---|---|
| Document: | 338 |
| Bates Range: | 968 – 972 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 4/1/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains inter-agency discussion and legal analysis regarding  a potential modification/extension of the DIB Cyber Pilot, including inter-agency attorney-client privileged and work product communications, and including intra-agency predecisional deliberations, preliminary evaluations, opinions, and recommendations of government personnel and DHS counsel. Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| | |
|---|---|
| Document: | 339 |
| Bates Range: | 973 – 975 (Production PDF "Part7") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| | |
|---|---|
| Document: | 340 |
| Bates Range: | 976 – 979 (Production PDF "Part7") |

| Document description: | Email chain<br>Dated: 4/12/2010 |
|---|---|

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains inter-agency discussion regarding the development of the DIB Cyber Pilot.  DOD personnel transmitted a list of outstanding issues and questions on the DIB initiative to DHS officials for review and comment. .  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 341 |
|---|---|
| Bates Range: | 980 – 980 (Production PDF "Part7") |
| Document description: | 1-page email<br>Dated: 9/17/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email contains inter-agency discussion regarding the development of the DIB Cyber Pilot.  A DOD official transmitted an email to DHS and other DOD personnel regarding the DIB Pilot Plan and DHS/DOD authority language.  The email sought comment and review regarding suggested language on the legal authorities for the DIB program. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 342 |
|---|---|
| Bates Range: | 981 – 982 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 8/31/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email contains inter-agency discussion regarding the development of the DIB Cyber Pilot, including intra-agency predecisional deliberations, preliminary evaluations,

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

opinions, and recommendations of government personnel, and thus portions are withheld pursuant to the deliberative process privilege.

| Document: | 343 |
|---|---|
| Bates Range: | 983 – 983 (Production PDF "Part7") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 344 |
|---|---|
| Bates Range: | 984 – 985 (Production PDF "Part7") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 345 |
|---|---|
| Bates Range: | 986 – 987 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 5/19/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email contains inter-agency discussion regarding the development of the DIB Cyber Pilot and the drafting of a Memorandum of Agreement.  DHS Deputy Assistant Secretary for Cybersecurity and Communications responded to a DOD comment on the draft ESISAC MOA.  The DHS official offered DHS's perspective on the proposed comment and advised that DHS was exploring additional avenues and resources to address certain outstanding issues with the MOA.   Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 346 |
|---|---|
| Bates Range: | 988 – 991 (Production PDF "Part7") |

| Document description: | Email chain<br>Dated: 12/20/2010 |
|---|---|

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains inter-agency discussion and legal analysis regarding  a potential modification/extension of the DIB Cyber Pilot.  DHS counsel engaged in a discussion of legal issues regarding the DIB pilot program with DOJ  and DOD counsel.   DHS counsel further engaged in an internal discussion of DOJ's position on the DIB pilot with DHS program personnel.  Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 347 |
|---|---|
| Bates Range: | 992 – 995 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 5/17/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email contains inter-agency discussion regarding the development of the DIB Cyber Pilot.  NSA counsel's office provided an update regarding the DIB pilot to DOD and DHS officials.  DHS counsel responded to the update and offered staffing suggestions for an upcoming meeting.  Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 348 |
|---|---|
| Bates Range: | 996 – 997 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 5/21/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:  (b)(4),** (b)(5)

**Justification for redaction/withholding:**

159

Exemption (b)(5): This email contains inter-agency discussion regarding the development of the DIB Cyber Pilot; redacted portions include intra-agency predecisional deliberations, preliminary evaluations, opinions, and recommendations of government personnel.   DHS, DOD, and NSA received an informational update on the a specific ISP program from a congressional staffer. The staffer provided comments and observations on the program update for DHS, DOD, and NSA consideration.   Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5)(b)(4).  The email contains proprietary and confidential commercial information obtained from a Commercial Service Provider.  Notably one of the email authors explains that "this material and what I am going to tell you is proprietary and sensitive. "  The email discusses proprietary information about the CSP's technical capabilities, customers, and views regarding other members of the CSP industry.

| Document: | 349 |
|---|---|
| Bates Range: | 998 – 1001 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 9/28/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains inter-agency discussion and legal analysis regarding  a draft statement and the development of the DIB Cyber Pilot.   DOD counsel provided information and edits to suggested legal authorities language from DHS.  Further, DOD provided DHS Deputy Assistant Secretary for Cybersecurity and Communications with an update on next steps for the DIB pilot and DHS-DOD MOA. Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 350 |
|---|---|
| Bates Range: | 1002 – 1003 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 8/19/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

160

Exemption (b)(5):  This email chain contains inter-agency discussion regarding the cancellation of a scheduled secure teleconference.   DOD personnel suggest reconvening a future teleconference schedule on a suggested list of topics. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 351 |
|---|---|
| Bates Range: | 1004 – 1006 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 8/29/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(6)

**Justification for redaction/withholding:**

Exemption (b)(5): This email chain contains inter-agency discussion regarding communications with Congressional leaders and the development of legislative strategy.  DOD and NSA personnel suggested strategy for the congressional engagement regarding the DIB pilot. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 352 |
|---|---|
| Bates Range: | 1007 – 1008 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 1/10/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains inter-agency discussion and legal analysis regarding an upcoming Cyber Security PMC presentation.   DHS and DOD officials engaged in discussion regarding development of a slide presentation. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 353 |
|---|---|
| Bates Range: | 1009 – 1011 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 5/17/2010 |

161

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains inter-agency discussion and legal analysis regarding  a potential modification/extension of the DIB Cyber Pilot, including inter-agency attorney-client privileged and work product communications, intra-agency predecisional deliberations, preliminary evaluations, opinions, and recommendations of government personnel.

| Document: | 354 |
|---|---|
| Bates Range: | 1012 – 1013 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 9/7/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains inter-agency discussion and legal analysis regarding legal issues pertaining to the DIB Cyber Pilot.   Email from NSS to DOD, NSA, and DHS personnel advising of follow up items following a meeting with John Brennan.  A DOD official provided additional items for consideration in a reply email to DHS officials.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 355 |
|---|---|
| Bates Range: | 1014 – 1017 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 9/9/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Justification for redaction/withholding:**

Email exchange between DHS and DOD officials regarding the DHS-DOD DIB description. The email discussion includes the observations and predecisional comments of both agencies regarding the specific verbiage to be used in the description. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 356 |
|---|---|
| Bates Range: | 1018 – 1019 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 9/6/2012 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Email exchange between DHS and DOD officials regarding the DHS-DOD DIB description. The email discussion includes the observations and predecisional comments of both agencies regarding the specific verbiage to be used in the description. Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 357 |
|---|---|
| Bates Range: | 1020 – 1021 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 9/4/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  Email exchange between DHS and DOD officials regarding the DHS-DOD DIB description.   The email discussion includes the observations and predecisional comments of both agencies regarding the specific verbiage to be used in the description.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 358 |
|---|---|
| Bates Range: | 1022 – 1025 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 8/30/2010 |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative communications among counsel, DHS program personnel, DOD and NSA regarding DIB and E3 briefings. Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 359 |
|---|---|
| Bates Range: | 1026 – 1028 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 12/7/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and work product communications among counsel and program personnel.  Email discussion between DHS counsel and DHS program personnel regarding legal issues pertaining to the use of a DIB logon banner, including a lengthy email from DOD regarding a live test case for the DIB banner.  The DOD email sought review and comments from DHS, DOJ, and NSA.   Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 360 |
|---|---|
| Bates Range: | 1029 – 1030 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 12/17/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

This email chain contains attorney-client privileged and work product communications among counsel and program personnel.  Email contains an interagency legal discussion between DOJ, DHS, and DOD about use of a DIB logon banner.  Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

).

| Document: | 361 |
|---|---|
| Bates Range: | 1031 – 1032 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 8/24/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding the DIB Cyber Mission Assurance Panel. This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 362 |
|---|---|
| Bates Range: | 1033 – 1037 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 4/12/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains discussions points on legal and policy questions related to DIB.  DOD counsel and program personnel generated a list of questions and observations about the DIB pilot for discussion and comment to DHS.  The list included legal and operational questions. Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 363 |
|---|---|
| Bates Range: | 1038 – 1040 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 1/20/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains discussions points on legal and policy questions related to DIB pilot and comms plan.  DOD counsel and program personnel sought input from NSS and DHS regarding the comms plan.  Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 364 |
|---|---|
| Bates Range: | 1041 – 1042 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 7/1/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative communications among DHS and DOD counsel regarding a  DIB pilot meeting.  DHS counsel provided an update to senior DHS officials on the inclusion of DHS counsel at DIB pilot legal meetings. Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 365 |
|---|---|
| Bates Range: | 1043 – 1044 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 3/25/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion regarding information and action items related to the DIB pilot kickoff and branding as a DHS program.  The DHS Director of Cybersecurity Coordination, NPPD, sent an email to advise his staff of the upcoming start of the DIB pilot, including points of concern.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

.

| Document: | 366 |
|---|---|
| Bates Range: | 1045 – 1048 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 12/5/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding a draft agenda for a DIB meeting.  Comments were received from both DHS and DOD regarding proposed changes to the agenda and possible topics to be discussed. Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 367 |
|---|---|
| Bates Range: | 1049 – 1049 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 5/6/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

FYI email from DHS counsel to DHS program personnel forwarding an email from a senate staffer regarding comments on a draft pilot outline.   Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

167

| Document: | 368 |
|---|---|
| Bates Range: | 1050 – 1051 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 9/16/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Email chain from DOD officials summarizing the outcome of a phone call with DOD officials and DOD Deputy Secretary Lute regarding the DIB pilot.  DOD shared the notes, including comments and observations about next steps, with DHS senior officials.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 369 |
|---|---|
| Bates Range: | 1052 – 1054 (Production PDF "Part7") |
| Document Description | Email chain<br>Dated: 8/23/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Email communication between DOD and DHS personnel regarding a variety of legal issues, including the DHS-DOD MOA and fiscal issues.   The email discussion includes a list of proposed read-aheads in anticipation of a meeting between high level DHS and DOD officials. Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 370 |
|---|---|
| Bates Range: | 1055 – 1061 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 2/15/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding the final master draft of the Comms plan for the DIB. DOD circulated the draft to DHS, NSA, NSS, and DOJ program personnel and counsel for review and comment.  Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 371 |
|---|---|
| Bates Range: | 1062 – 1067 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 8/19/2010 |
| | The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. |

| Document: | 372 |
|---|---|
| Bates Range: | 1068 – 1071 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 8/24/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative interagency communications among counsel and program personnel regarding legal issues pertaining to the DIB pilot.  DOJ, DOD, and DHS counsel engaged in a discussion of legal questions about DIB

169

activities.   Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 373 |
|---|---|
| Bates Range: | 1072 – 1073 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 9/1/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative interagency communications among counsel and program personnel regarding legal issues pertaining to the DIB pilot.  DOD and DHS agency personnel engaged in a discussion about the DIB initiative, including the appointment of a DHS Director of Cybersecurity Communications.   Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 374 |
|---|---|
| Bates Range: | 1074 – 1076 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 9/24/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding DIB proposal legal authorities.   Email string between DOD and DHS counsel discussing the legal authorities underlying the DIB pilot.  The email contains the legal analysis and recommendation of counsel for consideration by the client program offices.  Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 375 |
|---|---|

| Bates Range: | 1077 – 1077 (Production PDF "Part7") |
|---|---|
| Document description: | Email chain<br>Dated: 12/5/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding several pending issues pertaining to the DIB, including the status of privacy, security, and outreach engagement efforts.  The email circulates a list of proposed agenda items for a meeting among program staff.  Redactions were made to information protected by the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 376 |
|---|---|
| Bates Range: | 1078 – 1079 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 9/9/2010 |
| | The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. |
| Document: | 377 |
| Bates Range: | 1080 – 1085 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 5/19/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains predecisional discussions among high level DHS officials concerning the direction of the DIB pilot and E3.  The discussion contains the opinions and observations of DHS employees and agency counsel.  The email string also contains the intra-agency discussions between DHS and NSA counsel regarding follow up items to a teleconference convened between the agencies. Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 378 |
|---|---|
| Bates Range: | 1086 – 1087 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 8/2/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding DIB working group meetings.   In the email string, DHS counsel advised DHS program officials about the existence of the working group meetings and provided counsel's thoughts on DHS participation.  Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 379 |
|---|---|
| Bates Range: | 1088 – 1092 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 9/27/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding draft document covering DIB proposed legal authorities.  The redacted portion of the email chain contains proposed language changes, including specific words to be deleted, added, and changed.  The email chain also reflects the predecisional suggestions of several DHS employees. Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

 DHS applied the (b)(6) exemption to protect the names of certain personnel, email tracking

| Document: | 380 |
|---|---|
| Bates Range: | 1093 – 1094 (Production PDF "Part7") |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff.

| Document: | 381 |
|---|---|
| Bates Range: | 1095 – 1097 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 10/25/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel regarding  a draft DIB evaluation document. The redacted portions of the email chain contain the legal analysis and observations of DHS legal counsel to DHS program officials and senior DHS counsel.  Senior DHS counsel also provided legal analysis as well as sought comment on a proposed DHS response to the evaluation. Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 382 |
|---|---|
| Bates Range: | 1098 – 1098 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 4/9/2010 |
| | The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. |

| Document: | 383 |
|---|---|
| Bates Range: | 1099 – 1100 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 9/14/2011 |
| | The only redactions in this document were made pursuant to (b)(6); these |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| | withholdings are not challenged by plaintiff. |
|---|---|

| Document: | 384 |
|---|---|
| Bates Range: | 1101 – 1104 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 3/25/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative discussion regarding information and action items related to the start of the DIB pilot and the branding of DIB as a DHS program.  The DHS Director of Cybersecuirty Coordination issued some instructions to his staff on preparations for the pilot rollout.

| Document: | 385 |
|---|---|
| Bates Range: | 1105 – 1106 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 8/31/2010 |
| | The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. |

| Document: | 386 |
|---|---|
| Bates Range: | 1107 – 1108 (Production PDF "Part7") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 387 |
|---|---|
| Bates Range: | 1109 – 1110 (Production PDF "Part7") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 388 |
|---|---|
| Bates Range: | 1111 – 1112 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 12/17/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel..  The redacted portion of the email contains the legal analysis and observations of DHS counsel regarding DIB proposal legal authorities.  Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 389 |
|---|---|
| Bates Range: | 1113 – 1114 (Production PDF "Part7") |
| Document description: | Email chain<br>Dated: 7/7/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains pre-decisional and deliberative discussion relating to development of criteria for a DPIAC input, including intra-agency predecisional deliberations, preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by Exemption (b)(5).

| Document: | 390 |
|---|---|
| Bates Range: | 1115 – 1116 (Production PDF "Part7") |
| Document | Email chain |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| | |
|---|---|
| description: | Dated: 9/16/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

This email chain contains attorney-client privileged and deliberative communications among counsel and program personnel.  The redacted portions of the email string pertain to a summary of a call on DOD issues, including several unrelated to the DIB pilot.   The summary includes a discussion between DOD counsel and program officials regarding proposed DIB legal authorities. DOD counsel forwards the discussion to a senior DHS official for his review and comments.   Redactions were made to information protected by the attorney-client privilege and the deliberative process privilege pursuant to Exemption (b)(5).

| Document: | 392 |
|---|---|
| Bates Range: | 1120 – 1125 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 8/13/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain discusses an upcoming meeting, and some policy and legal issues that will be deliberated in advance of the meeting.  Redacted portions of the email include a potential topic for discussion at the meeting, and a question posed to the distribution list to generate discussion while formulating the plan for conducting the meeting.  DHS also withheld portions of the email that reveal predecisional considerations regarding certain policy and legal issues, the initial views of the email authors, and a proposed process for decision making on the issues.  Portions of the email chain also contain attorney-client privileged and work product communications among counsel and program personnel regarding the legal issues.  Thus, DHS relied on both the deliberative process privilege and the attorney-client privilege.

| Document: | 393 |
|---|---|
| Bates Range: | 1126 – 1131 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 10/27/2010 |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain discusses an upcoming meeting, and some policy and legal issues that will be deliberated in advance of the meeting.  Redacted portions of the email include a potential topic for discussion at the meeting, and a question posed to the distribution list to generate discussion while formulating the plan for conducting the meeting.  DHS also withheld portions of the email that reveal predecisional considerations regarding certain policy and legal issues, the initial views of the email authors, and a proposed process for decision making on the issues.  Portions of the email chain also contain attorney-client privileged and work product communications among counsel and program personnel regarding the legal issues.  Thus, DHS relied on both the deliberative process privilege and the attorney-client privilege.

| Document: | 394 |
|---|---|
| Bates Range: | 1132 – 1134 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 10/7/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding proposed language for a joint DOD-DHS statement regarding the DIB Pilot. The redacted portion of the email chain describes a DHS employee's synopsis of a deliberative inter-agency discussion that had taken place in an effort to draft appropriate language.

| Document: | 395 |
|---|---|
| Bates Range: | 1135 – 1140 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 11/23/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain discusses an upcoming inter-agency meeting about plans for the DIB Cyber pilot, and some programmatic and legal issues that will be deliberated both in advance of the meeting and at the meeting.  Redacted portions of the email include proposed topics for discussion at the meeting, and question posed to the distribution list to generate ideas and request information in advance of the meeting to facilitate the inter-agency deliberative discussion.  DHS also withheld portions of the email summarizing predecisional considerations and questions regarding certain programmatic and legal issues, the initial views of the email authors, and proposed processes for decision making on the issues.  Emails within the chain were written by attorneys at DOD's Office of General Counsel and by a DOJ attorney; portions of the email chain contain attorney-client privileged and work product communications among counsel regarding the programmatic and legal issues.  Thus, DHS relied on both the deliberative process privilege and the attorney-client privilege.

| Document: | 396 |
|---|---|
| Bates Range: | 1141 – 1142 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 9/3/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  Parts of the email chain were sent to (or from) DOD, DHS, and NSA employees.   This email chain discusses proposed language changes for a Memorandum of Agreement (MOA).  The redacted portion of the email chain contains proposed language changes, including specific words to be deleted, added, and changed.  The current draft version of the template was updated with these proposed edits, and the language would undergo further review.

| Document: | 397 |
|---|---|
| Bates Range: | 1143 – 1144 (Production PDF "Part8") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 398 |
|---|---|

| Bates Range: | 1145 – 1148 (Production PDF "Part8") |
|---|---|

The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff.

| Document: | 399 |
|---|---|
| Bates Range: | 1149 – 1149 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 4/7/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This document contains a legal discussion of the potential effect of DIB Pilot legal analysis on the information sharing framework/CRADA.  This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding DIB legal issues, and thus is protected from disclosure by Exemption (b)(5); the deliberative process privilege also protects the redacted language. The redacted portion of the email chain was written by an Attorney Advisor for Cybersecurity at the Department of Homeland Security.  It summarizes his legal analysis, and contains a set of questions he asks to the program officers to facilitate additional legal analysis and considerations.

| Document: | 400 |
|---|---|
| Bates Range: | 1150 – 1153 (Production PDF "Part8") |

The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff.

| Document: | 401 |
|---|---|
| Bates Range: | 1154 – 1155 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 8/10/2010 |

**Original Classification Level of Document**:

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, DOD and DHS employees discuss a proposed plan for responding to an inquiry from a news media publication.  The redacted language includes a proposed process for responding and the employees' opinions regarding the contents of the draft response.

| Document: | 402 |
|---|---|
| Bates Range: | 1156 – 1159 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 8/10/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In this email chain, DOD and DHS employees discuss a proposed plan for responding to an inquiry from a news media publication.  The redacted language includes a proposed process for responding, multiple versions of draft language for a response, and the employees' opinions and recommendations regarding the contents of the draft response.

| Document: | 403 |
|---|---|
| Bates Range: | 1160 – 1160 (Production PDF "Part8") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 404 |
|---|---|
| Bates Range: | 1161 – 1163 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 3/31/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(4), (b)(5), (b)(7)(d), (b)(7)(e)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain discusses upcoming meetings between the government and potential DIB partners about plans for the DIB Cyber pilot, and certain programmatic and legal issues to be deliberated in advance of the meetings.  Redacted portions of the email chain (specifically, in the later emails in the chain, not the one that was sent to the DIB companies) include pre-decisional and deliberative discussion regarding information and action items related to the meetings. Emails in the chain were written by attorneys in the DOD Office of General Counsel and DHS Office of General Counsel and are also protected as attorney-client communications.

Exemption (b)(7)(e):  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material in the email sent to the DIB companies reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

Exemptions (b)(4) and (b)(7)(d) also provide protection for the names and email addresses of the DIB company employees.  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed. To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.  Moreover, with respect to (b)(7)(d), this record was compiled for "law enforcement" purposes; the participating companies volunteered with an express promise of confidentiality and are thus confidential sources of law enforcement information.  Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

| Document: | 405 |
|---|---|
| Bates Range: | 1164 – 1166 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 7/15/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(4), (b)(5), (b)(7)(d)

**Justification for redaction/withholding:**

Exemption (b)(5): The contents of the first email in this chain are released; it discusses an upcoming meeting on the DIB Cyber Pilot. Subsequent emails are sent by and among DSH staff, commenting on the meeting.  Information is redacted in emails sent from a DHS attorney to program staff; the information is protected from release by both the attorney-client privilege and the deliberative process privilege because it contains the attorney's views and insights regarding background legal and programmatic material to help the program staff prepare for the meeting.

Exemptions (b)(4) and (b)(7)(d) protect the names of the companies that were considering attending the meeting and also considering participating in the DIB Cyber Pilot or the public-private discussions preceding the DIB Cyber Pilot.  The companies' participation in this law enforcement activity was both voluntary and confidential.  If the companies were exposed just for inquiring about it, these and other companies would be discouraged from participating in such law enforcement activity in the future, and the United States government would be less likely to obtain such participation/engagement, which would harm the government's efforts to develop essential cybersecurity programs and methods.

| Document: | 406 |
|---|---|
| Bates Range: | 1167 – 1174 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 3/31/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains pre-decisional and deliberative discussion regarding information and action items related to the DHS-DoD MOA, and discussion of a draft briefing presentation for DOD leadership. Redacted portions of the email chain contain proposed, draft topics for briefing slides, and a discussion of the material that employees proposed to be included in the briefing.  Redacted information also describes a proposed process for formulating the briefing materials.

| Document: | 407 |
|---|---|
| Bates Range: | 1175 – 1176 (Production PDF "Part8") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 408 |
|---|---|
| Bates Range: | 1177 – 1178 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 3/17/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5): In this email chain, DHS employees respond to a news article and deliberate potential next steps for their public affairs officers. The redacted portions of the email chain contain employee considerations and recommendation regarding responses to further media inquiries.

| Document: | 409 |
|---|---|
| Bates Range: | 1179 – 1183 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 5/4/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains a discussion of the necessary construct for coordinating and overseeing DoD-DHS cyber activities.  The redacted portion of the email from a DOD policy staff member describes that employee's views about the advantages and disadvantages of different approaches to inter-agency coordination, and raise questions for further inter-agency deliberation. The redacted portion of the responsive email from a DHS policy staff member describes the DHS employee's approach to similar issues, and his recommendation for the process to be used in future decision-making regarding inter-agency coordination.

| Document: | 410 |
|---|---|
| Bates Range: | 1184 – 1189 (Production PDF "Part8") |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document description: | Email chain<br>Dated: 2/11/2011 |
|---|---|

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  The email chain discusses iterative versions of a draft inter-agency planning document. Redacted portions of the email chain describe the authors' proposed edits to various versions of the draft, and the authors' reasons for making the changes. Redacted portions also highlight what one email author believes are key issues and considerations for other government employees to keep in mind as they conduct their own reviews of the draft document.

| Document: | 411 |
|---|---|
| Bates Range: | 1190 – 1190 (Production PDF "Part8") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 412 |
|---|---|
| Bates Range: | 1191 – 1192 (Production PDF "Part8") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 413 |
|---|---|
| Bates Range: | 1193 – 1197 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 12/22/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

Exemption (b)(5):  In the earliest email in this chain, a DHS employee forwards remarks by Secretary Napolitano to an inter-agency distribution list.  A DOD employee responds and conveys proposed next steps in light of recent inter-agency discussions. The DHS and DOD employee go back-and-forth discussing these issues, and then the DHS employee forwards the email to other DHS employees. In a subsequent email, a DHS employee asks an attorney in the DHS Office of General Counsel (OGC) to provide additional information and a summary of legal considerations. The DHS attorney responds several times to the DHS distribution, providing updated thoughts regarding legal and programmatic issues and also forwarding an email from a DOJ attorney.  DHS withheld portions of this email chain that reveal the proposed next steps and employee reasoning and opinions because this information is protected by the deliberative process privilege.  DHS also withheld the contents of the DHS OGC attorney's emails because they convey legal advice and analysis, and are part of DHS's deliberations about how to structure the DIB Cyber Pilot.  Thus this information is protected by the attorney-client privilege and deliberative process privilege.

| Document: | 414 |
|---|---|
| Bates Range: | 1198 – 1198 (Production PDF "Part8") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. ||

| Document: | 415 |
|---|---|
| Bates Range: | 1199 – 1199 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 1/18/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding DIB legal issues, and thus is protected from disclosure by Exemption (b)(5).  A DHS attorney forwards to other DHS employees an email from an attorney at DOJ.  The DHS attorney summarizes the DOJ attorney's legal advice and provides additional legal comments and analysis of the draft plan that was under discussion.

| Document: | 416 |
|---|---|

185

| Bates Range: | 1200 – 1201 (Production PDF "Part8") |
|---|---|
| This document is a duplicate of the earliest two emails contained in the email chain at Bates 1162-63. | |

| Document: | 417 |
|---|---|
| Bates Range: | 1202 – 1204 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 12/2/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain discusses a draft agenda for a DIB Cyber Pilot meeting. The redacted portions contain proposed revisions to the circulated draft, and the author's recommendations and analysis.  These comments are predecisional and deliberative.

| Document: | 418 |
|---|---|
| Bates Range: | 1205 – 1207 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 9/24/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In the earliest emails in this email chain, an attorney in the DOD Office of General Counsel summarizes his meeting with DOJ attorneys from the day prior.  Redacted portions of the email chain contains specific advice and analysis provided by the DOJ attorneys to their agency clients, which is protected by the attorney-client privilege.  In a later email, a DHS employee relays his views about the summarized meeting; that portion of the email chain is protected by the deliberative process because it is part of the deliberations of "next steps" following the inter-agency meeting that had occurred.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 419 |
|---|---|
| Bates Range: | 1208 – 1209 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 7/28/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(4), (b)(7)(d), (b)(7)(e)

**Justification for redaction/withholding:**

Exemption (b)(7)(e):  This email provides directions (location and transportation information) and security instructions to DIB company invitees in advance of a government-hosted meeting regarding the DIB Cyber Pilot.  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures. The locational information and directions to the meeting are also protected by (b)(7)(c) and (b)(7)(f) because the government employees who work in the restricted-access location have both a cognizable privacy interest in their duty station location and a risk of physical harm given their intelligence and law enforcement occupation. DHS withheld this information is withheld to protect the safety of government employees.

Exemptions (b)(4) and (b)(7)(d) also protect the email addresses of the DIB company employees.  Those email addresses, in most instances, reveal the identity of the potential DIB company participants for the DIB Cyber Pilot, information that is confidential.

Exemption (b)(4):  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed.  To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.

Exemption (b)(7)(d): The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  The participating companies volunteered with an express promise of confidentiality and are thus confidential sources of law enforcement information.

| Document: | 420 |
|---|---|
| Bates Range: | 1210 – 1212 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 1/20/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain discusses an upcoming meeting and a proposed timeline for future actions following the meeting.  Redacted portions of the email chain include a draft agenda of discussion items, and the various author's opinions regarding the appropriate next steps of action.  Another portion of the email chain that is redacted describes a proposed (draft) plan for presenting information to decision makers to facilitate further discussion. This information is deliberative and pre-decisional.

| Document: | 421 |
|---|---|
| Bates Range: | 1213 – 1214 (Production PDF "Part8") |
| This document is a duplicate of the earliest two emails contained in the email chain at Bates 1162-63. | |

| Document: | 422 |
|---|---|
| Bates Range: | 1215 – 1216 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 1/19/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains attorney-client privileged and work product communications among counsel and program personnel regarding DIB legal issues, and thus is protected from disclosure by Exemption (b)(5).  A DHS attorney forwards to other DHS employees an email from an attorney at DOJ.  The DHS attorney summarizes the DOJ

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

attorney's legal advice and provides additional legal comments and analysis of the draft plan that was under discussion.

| Document: | 423 |
|---|---|
| Bates Range: | 1217 – 1220 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 8/30/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Most of his email chain does not relate to the DIB Cyber Pilot and thus not responsive to the FOIA request.  The earliest email in the email chain, the body of which is released, requests more information on two different cyber-security programs, the DIB Cyber Pilot and Einstein. Subsequent emails focus on the Einstein program and general cyber program background information not specific (or even particularly relevant).  Portions of the email chain that a proposed (draft) process for learning more about the Einstein program were withheld pursuant to (b)(5) because they are deliberative and predecisional, in addition to being nonresponsive.

| Document: | 424 |
|---|---|
| Bates Range: | 1221 – 1223 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 10/25/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  In the earliest email in this chain, a DHS attorney requests information from a DOD attorney to help DHS formulate its position on certain programmatic and legal issues in advance of an inter-agency meeting regarding the DIB Cyber Pilot.  Subsequent emails between DHS personnel provide the views and recommendations of the DHS employees as they work jointly to formulate DHS's plan for the meeting, and DHS's proposal for inter-agency next steps following the meeting. Redacted portions of the email chain are thusly protected by the deliberative process privilege.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 425 |
|---|---|
| Bates Range: | 1224 – 1225 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 4/9/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This email chain contains discussion points on legal and policy questions regarding the government's cybersecurity programs.  In the redacted portion of the email chain, a DHS employee presents his proposal for what he thinks should be done for next steps in an ongoing inter-agency discussion.  He provides his opinion and recommendations regarding his proposed process, information that is protected by the deliberative process privilege.

| Document: | 426 |
|---|---|
| Bates Range: | 1226 – 1227 (Production PDF "Part8") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. | |

| Document: | 427 |
|---|---|
| Bates Range: | 1228 – 1229 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 7/7/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  One sentence within this email chain is redacted.  It was written by a DHS attorney in the Office of  General Counsel, and it contains a question posed by him regarding the process for consideration of a certain legal/programmatic issue.  This information is protected by the attorney-client and deliberative process privileges.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 428 |
|---|---|
| Bates Range: | 1230 – 1236 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 11/23/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

Exemption (b)(5):  This first email in this chain proposes an inter-agency meeting and an agenda for the meeting.  The redacted text contains the author's recommendations and also summarizes legal issues for discussion at the meeting.  Subsequent emails discuss the legal issues that will be deliberated at the meeting, and recap the meeting and ongoing deliberations about issues raised.  Redacted material includes questions raised by government attorneys and program staff, employee analysis of the deliberations at the meeting, and summaries of particular legal advice provided by DOJ to its agency clients.  This information is protected by the deliberative process privilege, attorney-client privilege, and attorney work product doctrine.

| Document: | 429 |
|---|---|
| Bates Range: | 1237 – 1238 (Production PDF "Part8") |
| The only redactions in this document were made pursuant to (b)(6); these withholdings are not challenged by plaintiff. ||

| Document: | 430 |
|---|---|
| Bates Range: | 1239 – 1241 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 3/25/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email chain contains DHS employees' discussion regarding the implementation of the DIB Cyber Pilot, including a discussion of inter-agency issues related to efforts to develop the Pilot and policy questions regarding the government's cybersecurity programs.  In the

redacted portion of the email chain, a DHS employee presents his proposal for what he thinks should be done for next steps in an ongoing inter-agency discussion.  The opinion and recommendations regarding the intra-agency and inter-agency proposed processes for implementing the DIB Cyber Pilot are protected by the deliberative process privilege.

| Document: | 431 |
|---|---|
| Bates Range: | 1242 – 1244 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 4/12/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This email chain contains DHS and DOD employees' discussion regarding the implementation of the DIB Cyber Pilot, including a discussion of inter-agency issues related to efforts to develop the Pilot and policy questions regarding potential modifications to the DIB Cyber Pilot.  In the redacted portion of the email chain, the DHS and DOD employees present their respective views on the issues related to modifying the Pilot and their opinions regarding what needs to be done for next steps in an ongoing inter-agency discussion.  The opinion and recommendations regarding the intra-agency and inter-agency proposed processes for implementing the DIB Cyber Pilot are protected by the deliberative process privilege.

| Document: | 432 |
|---|---|
| Bates Range: | 1245 – 1246 (Production PDF "Part8") |
| Document description: | Email chain<br>Dated: 3/17/2011 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(5)

**Justification for redaction/withholding:**

(b)(5):  This first email in this chain discusses legal issues related to the implementation  of the DIB Cyber Pilot that will be deliberated at the meeting.  The other redacted text in the email chain discusses intra—agency efforts to implement the DIB Cyber Pilot, including a discussion of proposed time frames and bench marks of the program.  Because the redacted material contains a discussion of the legality of the Pilot by government attorneys and intra-agency deliberations regarding the process by which to implement the Pilot, this information is protected

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

by the deliberative process privilege, attorney-client privilege, and attorney work product doctrine.

| Document: | 433 |
|---|---|
| Bates Range: | 1247 – 1252 (Production PDF "Part9") |
| Document description: | This entire document was originally classified at the Secret level under Executive Order 13526.  Every effort was made to segregate classified material where possible. This document is a Voluntary Summary Reports Provided by ISPs to NSA in Support of the<br>Dated: 10/28/2011 |

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1), (b)(3), (b)(4),(7)(d)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):    DHS asserted exemption 1 to withhold portions of the text because it is currently and properly derivatively classified after appropriate coordination with NSA.  DHS asserted Exemption 1 and 3 in conjunction with P.L. 86-36 and 18 U.S.C. 798 and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).  The unauthorized disclosure of the information could reasonably be expected to cause identifiable or describable damage to national security.

(b)(4) and (b)(7)(d):  DHS asserted Exemption 4 and 7 to withhold information.  DHS asserted exemption 4 as the companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed.  To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies. DHS asserted exemption 7(d) as the stated purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which has been held to include national security and homeland security-related governmental activities.  The participating companies volunteered with an express promise of confidentiality and are thus confidential sources of law enforcement information.  Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

| Document: | 434 |
|---|---|
| Bates Range: | 1253 – 1264 (Production PDF "Part9") |
| Document description: | This entire document was originally classified at the Top Secret level under Executive Order 13526.  Every effort was made to segregate classified material where possible. This document describes the components and implementation. DIB Pilot Cybersecurity Dated: 3/31/2011 |

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1), (b)(3)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  This 12 page document contains information that supports the DIB Pilot processing and provides the structure to protect the information supplied to the Pilot operational implementer as well as any other equities associated with this information. DHS asserted Exemption 1 and 3 in conjunction with P.L. 86-36 and 18 U.S.C. 798 to protect special compartmented intelligence classification markings that would disclose the type of information.

| Document: | 435 |
|---|---|
| Bates Range: | 1265 – 1266 (Production PDF "Part9") |
| Document description: | This entire document was originally classified at the Secret level under Executive Order 13526.  Every effort was made to segregate classified material where possible. Email Chain re NSA document for starting the discussion with ISPs. Dated: 12/6/2011 |

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1). (b)(3)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  This two page record is an email chain between DHS and NSA employees regarding the DIB Pilot program and starting the discussion with ISPs. DHS asserted Exemption 1 and 3 in conjunction with P.L. 86-36 and 18 U.S.C. 798 to protect special compartmented intelligence classification markings that would disclose the type of information, and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note). This email was sent to a distribution list of DOD, DHS, and NSA employees.

| Document: | 436 |
|---|---|
| Bates Range: | 1267 – 1276 (Production PDF "Part9") |
| Document description: | This entire document was originally classified at the Secret level under Executive Order 13526.  Every effort was made to segregate classified material where possible. NSA Security Requirements for ISP in Support of DIB Security.  This document provides<br>Dated: 1/8/2007 |

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1), (b)(3),

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  This nine page document describes the NSA Security Requirements for ISP in Support of DIB Security.  The NSA classified portions of this document pursuant to its classification authority. DHS asserted Exemption 1 and 3 in conjunction with P.L. 86-36 to protect special compartmented intelligence classification markings that would disclose the type of information, and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).  Additionally, DHS asserted exemption 1 and 3 to withhold specific information regarding the requirements for environments that process DIB SMTP and DNS internet traffic utilizing NSA classified signature information.

| Document: | 437 |
|---|---|
| Bates Range: | 1277 – 1278 (Production PDF "Part9") |
| Document description: | Email Chain from the Deputy General Counsel for Cyber<br>Dated: |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(1), (b)(3)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  The document contains properly classified information and is covered by  P.L. 86-36 to protect special compartmented intelligence classification markings that would disclose the type of information, and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).and 18 U.S.C Sec 798.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 438 |
|---|---|
| Bates Range: | 1279 – 1286 (Production PDF "Part9") |
| Document description: | This entire document was originally classified at the Secret level under Executive Order 13526.  Every effort was made to segregate classified material where possible. Email Chain re Summary of Legal Issues prior to DC<br>Dated: 12:00:00 AM |

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1)(b)(3)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  The document contains properly classified information and is covered by  P.L. 86-36 to protect special compartmented intelligence classification markings that would disclose the type of information, and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).and 18 U.S.C Sec 798.This is an eight page email chain that summarizes the properly classified legal issues DOJ raised regarding the DIB Pilot.

| Document: | 439 |
|---|---|
| Bates Range: | 1287 – 1288 (Production PDF "Part9") |
| Document description: | Email Chain<br>Dated: 6/30/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(1), (b)(3)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  The document contains properly classified information and is covered by  P.L. 86-36 to protect special compartmented intelligence classification markings that would disclose the type of information, and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).and 18 U.S.C Sec 798.This is a two page email between DHS and NSA employees regarding a classified response to legal issues DOJ raised pertaining to the DIB Pilot.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 440 |
| --- | --- |
| Bates Range: | 1289 – 1290 (Production PDF "Part9") |
| Document description: | email re Latest DIB Pilot schedule information<br>Dated: 6/30/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:** (b)(1), (b)(3),  (b)(5)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  The document contains properly classified information and is covered by  P.L. 86-36 to protect special compartmented intelligence classification markings that would disclose the type of information, and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).and 18 U.S.C Sec 798.  This is a two page email between DHS and NSA employees regarding the latest schedule pertaining to the DIB Pilot.

| Document: | 441 |
| --- | --- |
| Bates Range: | 1291 – 1293 (Production PDF "Part9") |
| Document description: | mail re Follow up to DIB Pilot discussion<br>Dated: 6/10/2010 |

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(1), (b)(3)

**Justification for redaction/withholding:**

This is a three page email discussing the number of companies involved in the DIB pilot.  The NSA classified portions of this document are derived from NSA  classification authority.  DHS asserted exemption 1 and 3 to withhold portions of the text because it is currently and properly classified discussion on draft measures to determine the effectiveness and scalability of the Pilot's capability to protect against the most sophisticated intrusions.

| Document: | 442 |
| --- | --- |
| Bates Range: | 1294 – 1295 (Production PDF "Part9") |
| Document description: | email re DIB questions<br>Dated: 7/16/2010 |

197

**Original Classification Level of Document**: unclassified

**Exemptions protecting document from release:**  (b)(3), (b)(5)

**Justification for redaction/withholding:**

(b)(3):  The document contains information covered by  P.L. 86-36 to protect special compartmented intelligence classification markings that would disclose the type of information, and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).and 18 U.S.C Sec 798.  This is a two page email discussing questions and issues that warrant further discussion amongst the various agencies.

| Document: | 443 |
|---|---|
| Bates Range: | 1296 – 1301 (Production PDF "Part9") |
| Document description:<br>email re DIB pilot issues<br>Dated: 1/3/2011 | |

| Document: | 444 |
|---|---|
| Bates Range: | 1302 – 1311 (Production PDF "Part9") |
| Document description: | email re DIB<br>Dated: 11/3/2010 |

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1), (b)(3), (b)(5), (b)(7)(d)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  The document contains properly classified information and is covered by  P.L. 86-36 to protect special compartmented intelligence classification markings that would disclose the type of information, and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).and 18 U.S.C Sec 798.  This is a 10 page email chain that discusses the current status of the DIB Pilot, follow up conversations regarding the security review, and meeting updates.

(b)(4)  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry

companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed.  To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.

(b)(7)(d):  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which has been held to include national security and homeland security-related governmental activities.  The participating companies volunteered with an express promise of confidentiality and are thus confidential sources of law enforcement information.

| Document: | 445 |
|---|---|
| Bates Range: | 1312 – 1313 (Production PDF "Part9") |
| Document description: | This entire document was originally classified at the Secret level under Executive Order 13526.  Every effort was made to segregate classified material where possible. NSA Final Recommendation on AT&T Architecture.<br>Dated: 1/8/2007 |

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1), (b)(3)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  This is a two page document that discusses NSA's final recommendation on AT&T architecture number of companies involved in the DIB pilot.  The NSA classified portions of this document pursuant to its classification authority.  DHS asserted Exemption 1 and 3 in conjunction with P.L. 86-36 and 18 U.S.C. 798 to withhold portions of the text because it is currently and properly classified list of recommendations that the NSA believes must be done to the AT&T architecture in order to protect the signatures from a variety of potential threats.

| Document: | 446 |
|---|---|
| Bates Range: | 1314 – 1316 (Production PDF "Part9") |
| Document description: | The overall markings for this document was originally classified at the Top Secret level under Executive Order 13526.  Every effort was made to segregate classified material where possible. Meeting Notes from DIB Briefing |

Civil Action No. 12-0333 (GK)<br>Defendant's Vaughn Index for Challenged Withholdings

| | Dated: 6/15/2010 |
|---|---|

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1), (b)(3)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  This is a two page document containing meeting notes from a DIB briefing. The NSA classified portions of this document pursuant to its classification authority.  DHS asserted Exemption 1 and 3 in conjunction with P.L. 86-36 and 18 U.S.C. 798 to withhold portions of the text because it is currently and properly classified discussion on a meeting with a participating company, and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).

| Document: | 447 |
|---|---|
| Bates Range: | 1317 – 1319 (Production PDF "Part9") |
| Document description: | The overall markings for this document was originally classified at the Top Secret level under Executive Order 13526.  Every effort was made to segregate classified material where possible. Notes for Technical Exchange Meeting<br>Dated: 6/11/2010 |

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1), (b)(3), (b)(5)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  This is a three page document that contain the notes for the Technical Exchange Meeting (TEM) #1 with the Tier 1 ISPs for protection of the DIB. The NSA classified portions of this document pursuant to its classification authority. The overall markings for this document was originally classified at the Top Secret level under Executive Order 13526.  DHS asserted Exemption 1 and 3 in conjunction with P.L. 86-36 and 18 U.S.C. 798 to withhold portions of the text that discuss the concept of operations and the current defensive capabilities, and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).

(b)(5):  This contains pre-decisional and deliberative information in the form of presentation summaries .

| Document: | 448 |
|---|---|

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Bates Range: | 1320 – 1321 (Production PDF "Part9") |
|---|---|
| Document description: | The overall markings for this document was originally classified at the Top Secret level under Executive Order 13526.  Every effort was made to segregate classified material where possible. Meeting Notes from DIB Briefing<br>Dated: 6/15/2010 |

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1), (b)(3)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  This is a three page document that contain the notes for the Technical Exchange Meeting (TEM) #1 with the Tier 1 ISPs for protection of the DIB. The NSA classified portions of this document pursuant to its classification authority. The overall markings for this document was originally classified at the Top Secret level under Executive Order 13526.  DHS asserted Exemption 1 and 3 in conjunction with P.L. 86-36 and 18 U.S.C. 798 to withhold portions of the text that discuss the concept of operations and the current defensive capabilities, and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).

| Document: | 449 |
|---|---|
| Bates Range: | 1322 – 1322 (Production PDF "Part9") |
| Document description: | Information is withheld under exemptions 1, 3, and 6.  The email is classified at the Secret level under Executive Order 13526. The two attachments are derivatively classified at the Secret level under NSA/CSSM 1-52. This email describes one employee's op<br>Dated: 6/4/2012 |

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1), (b)(3), (b)(4), (b)(7)(d)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  This is a one page email discussing the May 31, 2012, conference call.  The NSA classified portions of this document pursuant to its classification authority.  DHS asserted exemption 1 to withhold portions of the text because it is currently and properly classified.  DHS asserted Exemption 1 and 3 in conjunction with P.L. 86-36 and 18 U.S.C. 798 to protect special compartmented intelligence classification markings that would disclose the type of information. (b)(4) and (b)(7):  DHS asserted Exemption 4 and 7 to withhold information.  DHS asserted exemption 4 as the companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry

Civil Action No. 12-0333 (GK)<br>Defendant's Vaughn Index for Challenged Withholdings

companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed.  To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies. DHS asserted exemption 7(d) as the stated purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which has been held to include national security and homeland security-related governmental activities.  The participating companies volunteered with an express promise of confidentiality and are thus confidential sources of law enforcement information.  Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

| Document: | 450 |
|---|---|
| Bates Range: | 1323 –  (Production PDF "Part9") |
| Document description: | The overall markings for this document was originally classified at the Secret level under Executive Order 13526.  Every effort was made to segregate classified material where possible. Protections for DNS Signatures at ISPs<br>Dated: |

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1), (b)(3)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  This five page document contains a discussion on classified signatures.  The NSA classified portions of this document pursuant to its classification authority.  DHS asserted exemption 1 to withhold portions of the text because it is currently and properly classified.  DHS asserted Exemption 1 and 3 in conjunction with P.L. 86-36 and 18 U.S.C. 798 to protect special compartmented intelligence classification markings that would disclose the type of information, and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).

| Document: | 451 |
|---|---|
| Bates Range: | 1327 – 1327 (Production PDF "Part9") |
| Document description: | The overall markings for this document was originally classified at the Secret level under Executive Order 13526.  Every effort was made to |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| | segregate classified material where possible. Email chain. Dated: 11/4/2004 |
|---|---|

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1), (b)(3)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):  This is a one page email that provides the final version of the DIB Pilot Plan. This email was sent to a distribution list of DOD, DHS, and NSA employees. DHS asserted Exemption 1 and 3 in conjunction with P.L. 86-36 and 18 U.S.C. 798 to protect special compartmented intelligence classification markings that would disclose the type of information, and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).

| Document: | |
|---|---|
| Bates Range: | 1328 – 1345 |
| Document description: | Reserved |
| | |

| Document: | 452 |
|---|---|
| Bates Range: | 1346 – 1348 |
| Document description: | Letter from the Department of Homeland Security to Senator McCain sharing the Department's views legislation, S. 3454 |
| | This document is released in full. |

| Document: | 453 |
|---|---|
| Bates Range: | 1350 – 1365 |
| Document description: | Privacy Impact Assessment for the National Cyber Security Division Joint Cybersecurity Services Pilot (JCSP) |
| | This document is released in full. |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | 454 |
|---|---|
| Bates Range: | 1366 – 1394 |
| Document description: | Defense Industrial Base Pilot Cyber Security Plan |

**Original Classification Level of Document**: classified

**Exemptions protecting document from release:**  (b)(1), (b)(3), (b)(4),(7)(e)

**Justification for redaction/withholding:**

(b)(1) and (b)(3):    DHS asserted exemption 1 to withhold portions of the text because it is currently and properly derivatively classified after appropriate coordination with NSA.  DHS asserted Exemption 1 and 3 in conjunction with P.L. 86-36 and 18 U.S.C. 798 and to protect the functions of NSA pursuant to Section 6 of the National Security Agency Act of 1959 (Public Law 86-36, 50 U.S.C. Sec. 402 note).  The unauthorized disclosure of the information could reasonably be expected to cause identifiable or describable damage to national security.

(b)(4) and (b)(7)(d):  DHS asserted Exemption 4 and 7 to withhold information.  DHS asserted exemption 4 as the companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed.  To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.

DHS asserted exemption 7(d) as the stated purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which has been held to include national security and homeland security-related governmental activities.  The participating companies volunteered with an express promise of confidentiality and are thus confidential sources of law enforcement information.  Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

| Document: | 455 |
|---|---|
| Bates Range: | 1395 – 1398 (Production PDF "Part9") |
| Document description: | Memorandum of Agreement Between AT&T and The Department Of Homeland Security (DHS) Office of Cybersecurity and Communications (CS&C) |

| Document: | 456 |
|---|---|
| Bates Range: | 1399 – 1404 (Production PDF "Part9") |
| Document description: | Memorandum of Agreement Between CenturyLink and The Department Of Homeland Security (DHS) Office of Cybersecurity and Communications (CS&C) |

| Document: | Withheld-in-full doc. no. 1 |
|---|---|
| Document description: | Presentation (2 page document) |

**Original Classification Level of Document:** classified

**Exemptions protecting document from release:**  (b)(1) and (b)(7)(e)

**Justification for redaction/withholding:**

This two-page PowerPoint presentation providing EINSTEIN 3 and DIB Opt-IN Pilot Implementation Comparison is properly classified as Secret and withheld pursuant to exemption (b)(1).  DHS asserted exemption (b)(7)(e) as these slide contain comparisons of EINSTEIN 3 and the Defense Industrial Base ("DIB") Opt-In Pilot in terms of technical capabilities.  Release of this information would reveal countermeasure capabilities integral to protection of the Nation's critical infrastructure.

| Document: | Withheld-in-full doc. no. 2 |
|---|---|
| Document description: | Email chain (3 page document) |

**Original Classification Level of Document:** classified

**Exemptions protecting document from release:**  (b)(1), (b)(5), and (b)(7)(e)

**Justification for redaction/withholding:**

This 3-page email chain is originally classified at the Top Secret level under Executive Order 13526. It contains file-name locations for classified information and information on how to access classified information.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

DHS asserted exemption (b)(5) as this email discusses one official's personal views and comments, and it also discusses status of legal and technical issues that remain unresolved and that are summarized for the participants' consideration and further deliberation.

Exemption (b)(7)(e) is also asserted as this email discusses legal analyses underlying national security programs and functionalities of interest to the government in its efforts to protect critical infrastructure.  Release of this information could damage the national security and reveal law enforcement techniques, as well as government efforts to protect critical infrastructure.

| Document: | Withheld-in-full doc. no. 3 |
|---|---|
| Document description: | Meeting notes (3 page document) |

**Original Classification Level of Document:** classified

**Exemptions protecting document from release:**  (b)(1), (b)(5), and (b)(7)(e)

**Justification for redaction/withholding:**

This three page document is originally classified at the Secret level under Executive Order 13526.  It contains notes for a Technical Exchange Meeting held July 13, 2010.  DHS asserted exemption 5 as this document contains discussion of technical needs and capabilities, including unresolved questions and issues with tentative responses to some questions.  Release of this information could chill frank discussion between the government and its private sector partners and discourage private sector partners from addressing any perceived technical shortcomings in their system capabilities.

Also, exemption (b)(7)(e) is asserted as this document discusses questions and issues related to system requirements for participation in the pilot program, including critical needs, system vulnerabilities, and technical requirements.  Release of this information could reveal weaknesses in critical national cybersecurity infrastructure and potential areas for exploitation by adversaries.

| Document: | Withheld-in-full doc. no. 4 |
|---|---|
| Document description: | Meeting notes (3 page document) |

**Original Classification Level of Document:** classified

**Exemptions protecting document from release:**  (b)(1), (b)(5), and (b)(7)(e)

**Justification for redaction/withholding:**

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

This three page document is originally classified at the Top Secret level under Executive Order 13526. It contains notes for a Technical Exchange Meeting.  DHS asserted exemption 5 as this document contains discussion of technical needs and capabilities, including unresolved questions and issues with tentative responses to some questions.  Release of this information could chill frank discussion between the government and its private sector partners and discourage private sector partners from addressing any perceived technical shortcomings in their system capabilities.

Exemption (b)(7)(e) - This document discusses distinguishing features of the pilot program, including critical needs, system vulnerabilities, and technical requirements for participation in the pilot.

| Document: | Withheld-in-full doc. no. 5 |
|---|---|
| Document description: | Email chain (8 page document) |

**Original Classification Level of Document:** classified

**Exemptions protecting document from release:**  (b)(1), (b)(3) (b)(5), and (b)(7)(e)

**Justification for redaction/withholding:**

This eight page email chain is originally classified at the Secret level under Executive Order 13526.  This document discusses assessments of a company's implementation capabilities regarding technical capabilities and acceptable levels of security.

Exemption (b)(3) provides for the withholding of information specifically protected from disclosure by statute; the specific statute applicable in this case is Section 6, Public Law 86-36 (50 U.S. Code 402 note).

Exemption (b)(5) - DHS asserted exemption 5 because this document contains several questions and detailed discussion of potential legal and policy questions related to the pilot, including an official's tentative opinions on which issues may be relevant or of priority and to what extent.  The discussion contains detailed analysis of system vulnerabilities and technical needs.  Release of this information could reveal weaknesses in cybersecurity infrastructure and discourage the candid assessment of legal and policy considerations in pilot programs.

Exemption (b)(7)(e) - This information discusses issues related to techniques and security needs, including system capabilities and vulnerabilities.  Release of this information could damage national security by revealing weaknesses in critical national cybersecurity infrastructure.

| Document: | Withheld-in-full doc. no. 6 |
|---|---|
| Document description: | Meeting notes (3 page document) |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Original Classification Level of Document:** classified

**Exemptions protecting document from release:** (b)(1), (b)(5), and (b)(7)(e)

**Justification for redaction/withholding:**

DHS asserted exemption (b)(1) as this entire three-page document is properly classified at the Top Secret level under Executive Order 13526.  It contains notes for a Technical Exchange Meeting held June 15, 2010.

DHS asserted exemption (b)(5) as this document contains discussion of technical needs and capabilities, including unresolved questions and issues with tentative responses to some questions.  Release of this information could chill frank discussion between the government and its private sector partners and discourage private sector partners from addressing any perceived technical shortcomings in their system.

DHS asserted exemption (b)(7)(e) as this document discusses distinguishing features of the pilot program, including critical needs, system vulnerabilities, and technical requirements for participation in the pilot. Release of this information could reveal weaknesses in critical national cybersecurity infrastructure and potential areas for exploitation by adversaries.

| Document: | Withheld-in-full doc. no. 7 |
|---|---|
| Document description: | Memorandum (4 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

This legal memorandum analyzes relevant case law.  The memorandum also identifies potential litigation risks associated with the legal analysis set forth in the memorandum and recommends areas of additional legal research based on those litigation risks.   Because this memorandum contains both attorney-client privileged and work product material regarding the DIB proposal, it is protected from disclosure by exemption (b)(5).

| Document: | Withheld-in-full doc. no. 8 |
|---|---|
| Document description: | Executive Summary (13 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(4), (b)(7)(d), (b)(7)(e)

**Justification for redaction/withholding:**

Exemption (b)(4) - This document was prepared by a commercial service provider ("CSP") at the request of DHS and explains the type of cybersecurity services the CSP offers and how those services may be utilized in the DIB Cyber Pilot.  The document offers specific examples of how the CSP's services may be used to bolster the cyber infrastructure of the federal government.  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy. According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million. If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed.  To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.

Exemption (b)(7)(d) - The document is withheld pursuant to (b)(7)(d) because it is a record compiled for law enforcement purposes, and it could reasonably be expected to disclose the identity of a confidential source. Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

Exemption (b)(7)(e) - This document also provides a commercial service provider's recommendations regarding how to implement a cyber risk management program to protect critical government infrastructures.  The document analyzes the cost of implementing the program, facility needs, threat assessment reporting frequency, personnel requirements, and the timeline needed to implement the government's cybersecurity program.  The document also delineates the conceptual architecture for the cybersecurity program, including areas targeted for completion by a certain date and recommended areas for future expansion and methods to protect both classified and unclassified information.  Because this document delineates DHS's proposed plans to protect the federal government against cybersecurity threats, this document was withheld under the (b)(7)(e) exemption to protect records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

| Document: | Withheld-in-full doc. no. 9 |
|---|---|
| Document description: | DIB Cyber Pilot Call briefing material / proposed agenda (1 page document) |
| This document is a duplicate of Bates page 00203 (doc 71, above); it was supplementally released to plaintiff on August 16, 2013, and is no longer withheld-in-full. | |

| Document: | Withheld-in-full doc. no. 10 |
|---|---|
| Document description: | Presentation (19 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(4), (b)(7)(d), (b)(7)(e)

**Justification for redaction/withholding:**

Exemption (b)(4) - This document was prepared by a commercial service provider at the request of DHS and explains the type of cybersecurity services the CSP offers and how those services may be utilized in the DIB Cyber Pilot.  The document offers specific examples of how the CSP's services may be used to bolster the cyber infrastructure of the federal government.  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy. According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million. If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed. To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.

Exemption (b)(7)(d) - The document is withheld pursuant to (b)(7)(d) because it is a record compiled for law enforcement purposes, and it could reasonably be expected to disclose the identity of a confidential source. Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

 (b)(7)(e) - This document also provides a commercial service provider's recommendations regarding how to implement a cyber risk management program to protect critical government infrastructures.  The document analyzes the cost of implementing the program, facility needs, threat assessment reporting frequency, personnel requirements, and the timeline needed to implement the government's cybersecurity program.  The document also delineates the conceptual architecture for the cybersecurity program, including areas targeted for completion by a certain date and recommended areas for future expansion and methods to protect both classified and unclassified information.  Because this document delineates DHS's proposed plans to protect the federal government against cybersecurity threats, this document was withheld under the (b)(7)(e) exemption to protect records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

| Document: | Withheld-in-full doc. no. 11 |
|---|---|
| Document description: | Joint Cybersecurity Services Program (JCSP) (14 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(7)(e), (b)(4), (b)(7)(d)

**Justification for redaction/withholding:**

Exemption (b)(7)(e): This document discusses DHS's Cybersecurity Services Program as it relates to the DIB Cyber Pilot.  The document details the joint agency effort to implement a cyber risk management program to protect critical government infrastructures.  The document analyzes the cost of implementing the program, facility needs, threat assessment reporting frequency, personnel requirements, and the timeline needed to implement the government's cybersecurity program.  The document also delineates the conceptual architecture for the cybersecurity program, including areas targeted for completion by a certain date and recommended areas for future expansion and methods to protect both classified and unclassified information.  In addition, the document identifies the areas in which the DIB Cyber Pilot focuses and provides an assessment of the cybersecurity techniques utilized and the efficacy of the same.  The document provides recommendations for techniques and services to be used to further bolster cybersecurity.  Because this document delineates DHS's proposed plans to protect the federal government against cybersecurity threats, this document was withheld under the (b)(7)(e) exemption to protect records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

Exemption (b)(4) - In addition to revealing the federal government's cybersecurity methods and techniques, the document also identifies companies participating in the DIB Cyber Pilot program and the services they provide to facilitate the government's efforts to prevent cyber attacks on its cyber infrastructure.  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed. To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.

Exemption (b)(7)(d) - In addition, the document is withheld pursuant to (b)(7)(d) because it is a record compiled for law enforcement purposes, and it could reasonably be expected to disclose

the identity of a confidential source. Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

| Document: | Withheld-in-full doc. no. 12 |
|---|---|
| Document description: | Memo Response (21 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(7)(e)

**Justification for redaction/withholding:**

This document is DHS's recommendation to transition from one cybersecurity program to another.  The document identifies the benefits to transitioning to the new program and the status of the transition.  The document delineates the risks associated with the various transition steps and reports of the status of resolving outstanding issues related to the transition to the new cybersecurity program.   DHS applied the (b)(7)(e) exemption to protect records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

| Document: | Withheld-in-full doc. no. 13 |
|---|---|
| Document description: | DHS Managed Security Service Executive Summary (13 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(4), (b)(7)(d), (b)(7)(e)

**Justification for redaction/withholding:**

Exemption (b)(4) - This document was prepared by a commercial service provider at the request of DHS and explains the type of cybersecurity services the CSP offers and how those services may be utilized in the DIB Cyber Pilot.  The document offers specific examples of how the CSP's services may be used to bolster the cyber infrastructure of the federal government.   The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed.  To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.

Exemption (b)(7)(d)  - The document is withheld pursuant to (b)(7)(d) because it is a record compiled for law enforcement purposes, and it could reasonably be expected to disclose the identity of a confidential source. Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

Exemption (b)(7)(e):  This document provides a commercial service provider's recommendations regarding how to implement a cyber risk management program to protect critical government infrastructures.  The document analyzes the cost of implementing the program, facility needs, threat assessment reporting frequency, personnel requirements, and the timeline needed to implement the government's cybersecurity program.  The document also delineates the conceptual architecture for the cybersecurity program, including areas targeted for completion by a certain date and recommended areas for future expansion and methods to protect both classified and unclassified information.  Because this document delineates DHS's proposed plans to protect the federal government against cybersecurity threats, this document was withheld under the (b)(7)(e) exemption to protect records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

| Document: | Withheld-in-full doc. no. 14 |
|---|---|
| Document description: | Pre-brief for cybersecurity deputies committee meeting (3 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

This document is a briefing memo that analyzes statutory and other legal authorities related to the Defense Department's statutory mandate to protect the Department's information and national security systems.  The document analyzes the legal authority authorizing collaborative efforts aimed at protecting the federal government's cybersecurity infrastructure against cyber attacks among federal agencies and private sector entities.  Because this document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, it is protected from disclosure by Exemption (b)(5).  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure

opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.

| Document: | Withheld-in-full doc. no. 15 |
|---|---|
| Document description: | Legal memorandum (3 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

This legal memorandum analyzes case law, including a summary of legal advice provided by the Justice Department on this issue and also identifies potential litigation risks associated with the legal analysis set forth in the memorandum.  Because this memorandum contains both attorney-client privileged and work product material regarding the DIB proposal, it is protected from disclosure by exemption (b)(5).

| Document: | Withheld-in-full doc. no. 16 |
|---|---|
| Document description: | Legal memorandum (2 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

This legal memorandum analyzes case law, including a summary of legal advice provided by the Justice Department on this issue and also identifies potential litigation risks associated with the legal analysis set forth in the memorandum.   Because this memorandum contains both attorney-client privileged and work product material regarding the DIB proposal, it is protected from disclosure by exemption (b)(5).

| Document: | Withheld-in-full doc. no. 17 |
|---|---|
| Document description: | Presentation (23 page document) |

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(4), (b)(7)(e), (b)(7)(d)

**Justification for redaction/withholding:**

This document provides an overview of DHS's operations related to the DIB Cyber Pilot, including the programs goals and methods to protect the cyber infrastructure within certain federal agencies.  The document also describes DHS's allocation of resources within the agency to protect the cyber infrastructure of certain federal agencies, including identifying specific office locations and personnel, responsible for overseeing this cybersecurity initiative. The document also delineates areas in which DHS's cybersecurity efforts have been successful and identifies future cybersecurity efforts aimed to preventing cyber attacks. For these reasons, this document has been withheld under (7)(e).  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure. Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities. Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

Exemption (b)(4) - This document also identifies the CSP's cybersecurity services and how its services relate to the DIB Cyber Pilot's effort to bolster the government's cyber infrastructure. The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy. According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million. If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed. To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.

Exemption (b)(7)(d) - In addition, the document is withheld pursuant to (b)(7)(d) because it is a record compiled for law enforcement purposes, and it could reasonably be expected to disclose the identity of a confidential source. Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

| Document: | Withheld-in-full doc. no. 18 |
|---|---|
| Document description: | Presentation  (23 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(4), (b)(7)(e), (b)(7)(d)

**Justification for redaction/withholding:**

Exemption (b)(4) - This document was prepared by a commercial service provider at the request of DHS and explains the type of cybersecurity services the CSP offers and how those services may be utilized in the DIB Cyber Pilot.  The document offers specific examples of how the CSP's services may be used to bolster the cyber infrastructure of the federal government.  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy. According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million. If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed. To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.

Exemption (b)(7)(d) - The document is withheld pursuant to (b)(7)(d) because it is a record compiled for law enforcement purposes, and it could reasonably be expected to disclose the identity of a confidential source. Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

Exemption (b)(7)(e) - In addition, because the document discloses specific methods and techniques used by the government to protect its cyber infrastructure, this document is withheld under exemption (7)(e).  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities. Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level.  Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | Withheld-in-full doc. no. 19 |
|---|---|
| Document description: | Presentation (30 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(4), (b)(7)(e), (b)(7)(d)

**Justification for redaction/withholding:**

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

Exemption (b)(4) - This document was prepared by a commercial service provider at the request of DHS and explains the type of cybersecurity services the CSP offers and how those services may be utilized in the DIB Cyber Pilot.  The document offers specific examples of how the CSP's services may be used to bolster the cyber infrastructure of the federal government.  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy.  According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million. If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed. To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.

Exemption (b)(7)(d) - The document is withheld pursuant to (b)(7)(d) because it is a record compiled for law enforcement purposes, and it could reasonably be expected to disclose the identity of a confidential source. Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).


Exemption (b)(7)(e) -  In addition, because the document discloses specific methods and techniques used by the government to protect its cyber infrastructure, this document is withheld under exemption (7)(e).  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level.  Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | Withheld-in-full doc. no. 20 |
|---|---|
| Document description: | Position paper (4 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

This legal memorandum prepared by the Justice Department for DHS sets forth the views of the Justice Department.  The memorandum explains the legal basis for the Justice Department's conclusions and identifies additional legal issues raised by its analysis.  The memorandum also sets forth the Justice Department's assessment of the potential litigation risks associated with its legal conclusion and provides the Justice Department's advice regarding how to minimize those

risks.   Because this memorandum contains both attorney-client privileged and work product material regarding the DIB proposal, it is protected from disclosure by exemption (b)(5).

| Document: | Withheld-in-full doc. no. 21 |
|---|---|
| Document description: | Summary paper (4 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

This document provides a summary of the Defense Industrial Base (DIB) Exploratory Pilot including delineating specific efforts DHS and DOD have undertaken to protect the federal government's cyber infrastructure and providing an assessment of the success of those efforts. The document also discusses proposed efforts to expand the DIB pilot to protect other classes of sensitive federal government information and explains the legal and operational basis for this new proposed DIB pilot.  Because this document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, it is protected from disclosure by exemption (b)(5).  This document also contains attorney-client privileged and work product communications including legal analysis and opinion of federal government attorneys with the input of agency personnel and program officials  regarding DIB legal and related issues, and thus is protected from disclosure by exemption (b)(5).

| Document: | Withheld-in-full doc. no. 22 |
|---|---|
| Document description: | Analysis template (9 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(7)(e)

**Justification for redaction/withholding:**

This document is a template DHS drafted to evaluate the services offered by CSPs as they relate to the DIB Cyber Pilot's efforts to secure the cyber infrastructure of the federal government.  The document identifies criteria DHS deems critical for a CSP to participate in the DIB Cyber Pilot, including certain time measure targets.  It also delineates specific areas of cybersecurity concern that are the focus of the DIB Cyber Pilot program.  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related

governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level.  Disclosure of this information could reduce or even nullify the effectiveness of such procedures.  Accordingly, this document is withheld under (b)(7)(e).

| Document: | Withheld-in-full doc. no. 23 |
|---|---|
| Document description: | Evaluation compilation (22 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

This document is a compilation of evaluation, analysis and preliminary findings regarding the DIB Cyber Security Pilot totaling 22 pages.  This document contains information relating to intra-agency predecisional deliberations, including preliminary evaluations, opinions, and recommendations of DHS personnel, and thus is protected from disclosure by exemption (b)(5).  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.

| Document: | Withheld-in-full doc. no. 24 |
|---|---|
| Document description: | Analysis document (36 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(4), (b)(7)(d), (b)(7)(e)

**Justification for redaction/withholding:**

This document is a preliminary analysis of the DIB Cyber Pilot's stated goals and whether those goals were achieved.  The document evaluates various cybersecurity services employed in the DIB Cyber Pilot by CSPs participating in the program and assesses the efficacy of those services in protecting against cyber attacks.  The document identifies future considerations in the use of CSP services in the DIB Cyber Pilot and provides an analysis of areas of future concern.  The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy. According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million.  If a company's participation in the DIB Cyber Pilot were

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed. To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.  Accordingly, this document is withheld under (b)(4).

Exemption (b)(7)(d) - The document is withheld pursuant to (b)(7)(d) because it is a record compiled for law enforcement purposes, and it could reasonably be expected to disclose the identity of a confidential source. Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

Exemption (b)(7)(e) - In addition, the document delineates specific techniques and methods used to protect the cyber infrastructure against attack.  The document evaluates the DIB Cyber Pilot's success in thwarting cyber attacks and identifies specific areas of weakness.  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level.  Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | Withheld-in-full doc. no. 25 |
|---|---|
| Document description: | Analysis document (67 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(5), (b)(7)(d)

**Justification for redaction/withholding:**

This document is a preliminary analysis of the DIB Cyber Pilot's stated goals and whether those goals were achieved.  The document evaluates various cybersecurity services employed in the DIB Cyber Pilot by CSPs participating in the program and assesses the efficacy of those services in protecting against cyber attacks.  The document identifies future considerations in the use CSP services in the DIB Cyber Pilot and provides an analysis of  areas of future concern. The companies' cyber-security programs, including their participation in the DIB Cyber Pilot, are critical elements of their business operations and strategy. According to 2012 study by the Ponemon Institute, the average annualized cost of cyber crime for defense industry companies in 2012 was $21.7 million. If a company's participation in the DIB Cyber Pilot were publicly known, that company could face increased cyber targeting, exposing the company to greater business or financial loss.  Moreover, participation in the DIB Cyber Pilot could be

viewed as an admission of cyber vulnerability; a company could face competitive disadvantages or market loss if its participation were revealed. To encourage private sector companies to participate in information sharing programs, such as the DIB Cyber Pilot, the government must allow the companies to participate confidentially.  In fact, confidentiality regarding participation was expressly promised to the participating companies.  Accordingly, this document is withheld under (b)(4).

Exemption (b)(7)(d) - The document is withheld pursuant to (b)(7)(d) because it is a record compiled for law enforcement purposes, and it could reasonably be expected to disclose the identity of a confidential source. Consequently, the identities of DIB companies participating in the pilot are withheld pursuant to Exemption (b)(7)(d).

Exemption (b)(7)(e) - In addition, the document delineates specific techniques and methods used to protect the cyber infrastructure against attack.  The document evaluates the DIB Cyber Pilot's success in thwarting cyber attacks and identifies specific areas of weakness.  The purpose of the DIB Cyber Pilot was to combat network exploitation and strengthen a critical piece of the nation's infrastructure.  Records regarding the program were compiled for "law enforcement" purposes, which have been held to include national security and homeland security-related governmental activities.  Here, the withheld material reveals operations methods, namely security procedures undertaken to allow a meeting to proceed at a classified level. Disclosure of this information could reduce or even nullify the effectiveness of such procedures.

| Document: | Withheld-in-full doc. no. 26 |
|---|---|
| Document description: | PIA Questionnaire and Risk Review - Sections 3 and 4 (Pages 13-21 of 21) (9 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

These are pages 13 through 21 of the document that was released with Bates numbers 920 to 931.  These pages are sections 3 and 4 of this document.  In the released portion of this document on page 931, the document notes that sections 1 and 2 are to be publicly posted to the component's website.  Sections 3 and 4 are internal sections that are used in the deliberations to help the privacy decision-makers to assess the privacy impact of the Defense Industrial Base (018)  Cyber Security/Information Assurance Activities DoD/CIO.  Because this document contains pre-decisional and deliberative information exchanged between DoD Deputy Chief Information Officer and program offices relating to intra-agency predecisional privacy impact assessment deliberations, including  the individual's opinion regarding the type of privacy information to be collected under the program, it is protected from disclosure by Exemption (b)(5). The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or

Civil Action No. 12-0333 (GK)
Defendant's Vaughn Index for Challenged Withholdings

letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.

| Document: | Withheld-in-full doc. no. 27 |
|---|---|
| Document description: | Briefing materials (1 page document) |

**Original Classification Level of Document:** unclassified

**Exemptions protecting document from release:** (b)(5)

**Justification for redaction/withholding:**

This document includes talking points prepared by the Principal Deputy General Counsel ("PGDC") within DOD for the Deputy Secretary of Defense regarding legal issues potentially raised by the DIB Cyber Pilot.  The document contains the PDGC's opinions regarding the primary areas of potential legal concern.   Because this document contains both attorney-client privileged and work product material regarding the DIB proposal, it is protected from disclosure by Exemption (b)(5).  In addition, the document is protected from disclosure by the deliberative process privilege, which protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.