UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ELECTRONIC PRIVACY INFORMATION      )
CENTER,                             )
                                    )
        Plaintiff,                  )
                                    )   Case No. 1:12-cv-00333-GK
                                    )
        v.                          )
                                    )
UNITED STATES                       )
DEPARTMENT OF HOMELAND SECURITY,    )
                                    )
        Defendant.                  )
_____)

**DECLARATION OF VANESSA R. BRINKMANN**

I, Vanessa R. Brinkmann, declare the following to be true and correct:

  1)      I am the Counsel to the Initial Request (IR) Staff of the Office of Information Policy (OIP), United States Department of Justice. In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests processed by OIP. The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from six senior leadership offices of the Department of Justice, specifically the Offices of the Attorney General, Deputy Attorney General (ODAG), Associate Attorney General, Legal Policy, Legislative Affairs, and Public Affairs. The IR Staff determines whether records responsive to access requests exist and, if so, whether they can be released in accordance with the FOIA. In processing such requests, the IR Staff consults with personnel in the senior leadership offices and,

when appropriate, with other components within the Department of Justice, as well as with other Executive Branch agencies.

2)      I make the statements herein on the basis of personal knowledge, as well as on information acquired by me in the course of performing my official duties, including my review of material that was withheld in the instant case on behalf of the Department, all of which is of interest to ODAG.

3)      This declaration addresses documents that were sent to the Department of Justice (DOJ) -- specifically, to OIP and to the Criminal Division --for consultation on DOJ equities included within material located by the Department of Homeland Security (DHS) in response to a FOIA request submitted by plaintiff to DHS.  In reviewing this material, DOJ requested that certain information contained within the documents be withheld by DHS pursuant to Exemption 5 of the FOIA.

Plaintiff's FOIA Request and DHS's Consultation with DOJ

4)      By letter dated July 26, 2011, Ginger McCall submitted a FOIA request on behalf of plaintiff Electronic Privacy Information Center to DHS, for broad categories of information related to a then-ongoing cyber security pilot program, the Defense Industrial Base (DIB) Cyber Pilot [hereinafter DIB Cyber Pilot].  This request was later modified by plaintiff, on August 21, 2012.  (Plaintiff's July 26, 2011 letter and subsequent modification of that request is described in the second declaration of James Holzer, Senior Director of FOIA Operations for defendant DHS, and are incorporated by reference hereto.)

5) By memorandum dated November 9, 2012 and received by the Criminal Division and OIP on March 19 and 20, 2013, respectively, and by subsequent e-mail to OIP dated and received on April 11, 2013, DHS forwarded material it located while processing plaintiff's FOIA request to DOJ for consultation on information of interest to DOJ, specifically to ODAG and the Criminal Division.

6) After conducting a careful review of the documents forwarded by DHS for consultation on DOJ/ODAG information therein, by memorandum dated April 15, 2013, OIP provided DHS with its disclosure determinations concerning the documents sent for consultation. The Criminal Division separately provided recommendations to DHS on May 9, 2013. Specifically, OIP and the Criminal Division requested that DHS withhold information on DOJ's behalf pursuant to Exemption 5 of the FOIA.[1] The information that DHS withheld on behalf of DOJ pursuant to these consultation responses is addressed below.

## Overview of Material Withheld on Behalf of DOJ

7) This declaration incorporates by reference the Vaughn index of documents withheld in full and documents released in part, filed with defendant's motion for summary judgment. This Vaughn index contains descriptions of all of the material withheld by defendant DHS which remains at issue in this case, including records that were withheld in full or in part on behalf of DOJ, pursuant to FOIA Exemption 5. Specifically, three documents, totaling nine pages, were withheld in full from plaintiff on behalf of DOJ (included in DHS's Vaughn index of withheld-in-full documents as

---

[1] Although DOJ requested that some additional information be withheld by DHS pursuant to FOIA Exemption 6, that information is not addressed herein as it is not being challenged by plaintiff.

-3-

documents numbered 15, 16, and 20), and additional information in forty-five pages of e-mails was withheld in part from plaintiff on behalf of DOJ (included in DHS's Vaughn index of released-in-part documents). The Vaughn index submitted by defendant DHS provides a description of the documents, the number of pages for each document, and the basis for withholding each document. This declaration provides additional information on the withholding of DOJ information by providing context for the privileges asserted on that information, on behalf of DOJ.

8)   All of the DOJ information presently at issue was withheld pursuant to Exemption 5 of the FOIA. This information pertains to DOJ views provided on the DIB Cyber Pilot undertaken by DHS and the Department of Defense. In this instance documents were withheld in full or in part pursuant to the attorney work-product, attorney-client, and deliberative process privileges encompassed by Exemption 5 of the FOIA. The particular privileges which protect each document under Exemption 5 are identified on the Vaughn index.

### Overview of FOIA Exemption 5 Withholdings

9)   As noted above, DHS withheld on behalf of DOJ three documents, totaling nine pages, in full (included in the DHS Vaughn index as withheld-in-full documents numbered 15, 16, and 20), and forty-five pages of e-mails in part (included in the DHS Vaughn index of released-in-part documents). The three documents, totaling nine pages, withheld in full fall into two categories: (1) two DOJ memoranda concerning the DIB Cyber Pilot, totaling five pages (documents 15 and 16); and (2) a DOJ position paper on the DIB Cyber Pilot proposal, totaling four pages (document 20). The forty-five

pages of e-mails that were withheld in part consist of discussions regarding (1) a draft agenda for DIB Cyber Pilot meeting, including legal matters to be discussed at the meeting and (2) the Department of Justice's views on the legality of the DIB Cyber Pilot program proposal.

10)     Exemption 5 of the FOIA protects certain inter- and intra- agency communications protected by the attorney work-product, attorney-client, and deliberative process privileges.  All of the records withheld in full and in part by DHS, on behalf of DOJ, were created and exchanged entirely within the Executive Branch.  All of the documents at issue are e-mails between, or papers created by, officials in DOJ, DHS, and other federal agencies and, accordingly, are inter- and intra- agency communications within the threshold of FOIA Exemption 5.

11)     All of the records, and portions thereof, withheld on behalf of DOJ are protected under the attorney work-product, attorney-client, and deliberative process privileges in that they embody legal advice, opinions, analysis, and recommendations solicited from and given by Department of Justice attorneys to other Executive Branch agencies on legal questions and litigation risk assessments related to the DIB Cyber Pilot. In the course of the discussions which have been protected in this case, DOJ attorneys are exercising their singular and essential role as legal counsel tasked with defending the interests of the United States and enforcing federal laws.[2]  Officials throughout the Executive Branch therefore must be able seek the expert legal opinions of DOJ attorneys on significant programs and related questions of law, and to have confidence that they may provide all relevant facts with full candor to DOJ in seeking such advice.  DOJ

---

[2] See, e.g., www.justice.gov/about.

attorneys, in turn, must have confidence that they can share frank legal analysis, including assessments of potential litigation strategies and vulnerabilities, without fear that those assessments will be revealed to potential legal adversaries. It is because of DOJ's legal expertise that DOJ attorneys were consulted on the DIB Cyber Pilot, and the discussions that resulted, which are memorialized in the documents withheld by DHS on behalf of DOJ, fall squarely within the parameters of FOIA Exemption 5. The withheld records fall into two overall, but inter-related groups: (1) legal papers, including two memoranda and a position paper, (2) e-mail discussions presenting and otherwise regarding DOJ's legal analysis, advice, opinions, and recommendations. All of these documents were created by, or at the direction of, DOJ attorneys providing advice on legal precedent as it relates to specific legal issues raised by the DIB Cyber Pilot, and regarding potential and anticipated litigation risks and positions associated therewith. Moreover, the portions of the documents which have been protected are predecisional and reveal frank, candid deliberations on various pending decisionmaking processes to which DOJ's legal opinion applied. Therefore, OIP determined that the DOJ legal papers were protected in full, and the e-mail discussions in part, by Exemption 5 of the FOIA under the attorney work-product, attorney-client, and deliberative process privileges, as indicated in defendant's <u>Vaughn</u> index.

<u>Attorney Work-Product Privilege</u>

12)     The three documents withheld in full, consisting of legal memoranda and a legal position paper, as well as the e-mails referencing and discussing that legal analysis, have been withheld pursuant to the attorney work-product privilege. These documents

were created by DOJ attorneys in the course of providing expert legal advice to questions presented by other agencies. These materials contain Department attorneys' frank analysis and legal advice about specific aspects of the pilot program, including an assessment of potential litigation risks in consideration of relevant legal precedent. More specifically, the documents consider, in great detail, the likelihood -- and analysis of -- possible legal challenges to certain aspects of the DIB Cyber Pilot; possible litigation strategies if such litigation were to ensue, and the likelihood of success should such defense strategies be implemented; particular facts that may play into judicial review and an evaluation of how a Court would consider those facts; and possible implications of and analogy to existing judicial precedent. Revealing the content of these legal papers and discussions would essentially provide a road map to the Department's defense plan should litigation on the DIB Cyber Pilot indeed take place.

13)    All of the documents withheld pursuant to the attorney work-product privilege were created by attorneys, or under the direction of attorneys. Disclosure of these documents would reveal the interpretations of law and analysis critical to the Department's legal advice on the DIB Cyber Pilot program proposal, including discussion of potential legal risks and strategy on litigation DOJ attorneys would ultimately defend on behalf of the Executive Branch. Such disclosure would severely hamper the adversary process as DOJ attorneys would no longer feel free to discuss litigation in this fashion or to memorialize important thoughts on potential litigation strategies for fear that the information might be disclosed to their adversaries to the detriment of the government's future litigating positions.

Attorney-Client Privilege

14)     The three documents withheld in full, consisting of legal memoranda and a legal position paper, as well as the e-mails discussing that legal advice, have also been withheld pursuant to the attorney-client privilege.  In each instance, the withheld material consists of communications about the DIB Cyber Pilot proposal between Department of Justice attorneys and officials at Executive Branch agencies in which Department of Justice attorneys provide extensive, candid legal analysis based on confidential facts shared with the Department for the purpose of soliciting its legal advice.  In the course of inter-agency collaboration on this project, the Department of Justice provides its unique legal expertise in formulating advice to other Executive Branch officials based on the unique set of facts and questions presented to it.  The materials withheld here consist of communications -- in the form of memoranda, a position paper, and e-mails -- made for the purpose of providing detailed advice to client agencies on specific and detailed legal questions based on fact presented on the DIB Cyber Pilot proposal.  Making these communications available for public scrutiny would interfere with the attorney-client relationship between Department of Justice attorneys and their Executive Branch clients, which would substantially impede the sharing of candid advice that is critical to the Department's unique role in providing legal counsel throughout the Executive Branch.

Deliberative Process Privilege

15)     The three documents withheld in full, consisting of legal memoranda and a legal position paper, as well as the e-mails discussing that legal advice, were also withheld pursuant to the deliberative process privilege, which is intended to protect the

decisionmaking processes of agencies from public scrutiny in order to enhance the quality of inter-agency decisions.

16) With respect to the three documents withheld in full, and as described in paragraph 9 above, this material consists of Department of Justice legal papers discussing and analyzing the DIB Cyber Pilot program proposal. The purpose of the DOJ memoranda and position paper at issue was to provide legal opinions, analysis, and advice, meant to inform courses of action available in light of those assessments. The e-mails that have been protected in part pursuant to the deliberative process privilege include discussions about the legal opinions, analysis, and advice solicited from and provided by DOJ.

17) Both these DOJ legal papers and the e-mails discussing them are part of the exchange of ideas and suggestions that accompanies all inter-agency decisionmaking and reflect preliminary assessments by Department officials about issues in which they have been asked to make recommendations and provide advice. The documents are pre-decisional inasmuch as they were drafted for the purposes of informing a consultative process on final decisions that had not yet been made. The opinions expressed by DOJ in these documents represent only a recommendation to other officials in the Executive Branch that must be considered and acted upon. If communications such as these are routinely released to the public, Department employees will be much more circumspect in their discussions with each other and in providing all pertinent information and viewpoints to Executive Branch officials in a thorough and timely manner. This lack of candor would seriously impair the Department's ability to foster the forthright, internal

discussions necessary for efficient and proper Executive decisionmaking. Certainly disclosure of such preliminary assessments and opinions would make the Department officials commenting on questions presented for DOJ views much more guarded in providing their views to Executive Branch officials. Inter-agency decisionmaking is at its best when officials are able to focus on the substance of their views and not on whether their views may at some point be made publicly available.

18)     The e-mails withheld in part pursuant to the deliberative process privilege consist of discussions among DOJ officials and officials of other Executive Branch agencies regarding the DIB Cyber Pilot program legal framework and the Department's views on that program. A significant part of the inter-agency decisionmaking process involves the exchange of e-mail messages pertaining to the analysis of the subject matter rather than formal exchanges such as memoranda. The e-mails in this category consist of back and forth discussions, forwards, and spinoff discussions, in which DOJ attorneys share their thoughts and guidance, or engage in ongoing discussion about particular considerations in the inter-agency decisionmaking process on the DIB Cyber Pilot program. These discussions are part of the exchange of ideas and suggestions that accompanies all decisionmaking and reflect attorneys' very preliminary assessments about issues on which they have not yet decided, or on which they have been asked to make preliminary recommendations. The opinions discussed in these e-mails are often still being developed, as agency officials bat ideas off one another, offer alternative views, and ask questions that spur further refinement of the advice being discussed. Disclosure of such e-mails would severely hamper the efficient day-to-day workings of

the inter-agency collaboration, as DOJ attorneys would no longer feel free to candidly present their views on legal questions raised regarding agencies' operations, or to discuss their ideas and advice on these activities in informal e-mail messages.

19) All of the materials protected by the deliberative process privilege are preliminary and do not embody final agency actions. The DOJ attorneys preparing such materials must feel free to create the most thorough and candid documents possible so that Executive Branch decisionmakers are well-informed as they ultimately decide on legal questions related to the DIB Cyber Pilot program proposal. If communications such as these are routinely released to the public, Department officials would be wary about providing viewpoints on all angles critical to the decisionmaking process when their input is solicited by other Executive Branch agencies. It is therefore critical that DOJ's candid views are protected from disclosure to ensure that agencies will receive similarly forthright advice from DOJ in the future.

Segregation of Non-Exempt Information

19) During OIP's review of the information described above, we carefully reviewed each of the documents to determine whether any information could be segregated for release. With respect to information protected by the attorney work-product and attorney-client privileges, the disclosure of these documents, and the facts selected for and contained within them, would undermine the core legal advice and analysis that the privileges are meant to protect by revealing attorneys' assessments of what was deemed significant in the course of the deliberation regarding the DIB Cyber Pilot program proposal and what strategies and options were being considered. Thus, the

legal papers withheld in full on behalf of DOJ, including the facts therein, (documents numbered 15, 16, and 20 in DHS's Vaughn index of withheld-in-full documents) are protected in their entireties and contain no reasonably segregable information.  With respect to the e-mails and information protected by the deliberative process privilege, which were not otherwise protected by the attorney-client and attorney work-product privileges, the non-exempt portions of those documents were released, and the documents were produced to plaintiff with as much material as could be released without revealing the inter-agency deliberative process.  OIP conducted a line-by-line review of these e-mails to ensure that purely factual information not protected by the deliberative process privilege were released.

      I declare under penalty of perjury that the foregoing is true and correct.

_____
Vanessa R. Brinkmann

Executed this 30th day of August 2013.