# Exhibit 1

*Electronic Privacy Information Center v. Department of Homeland Security*
No. 12-00333 (GK)

Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment

Plaintiff's Statement of Undisputed Material Facts in Support of Their Motion For Summary Judgment

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:12-cv-00333-GK |
| THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY | ) ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

In accordance with Local Rule 7(h), Plaintiff Electronic Privacy Information Center ("EPIC") submits this statement of material facts not in genuine dispute in support of its cross motion for summary judgment.

1. In May 2011, the Department of Homeland Security ("DHS") and the National Security Agency ("NSA") implemented the DIB Cyber Pilot to monitor all traffic flowing through certain Internet Service Providers ("ISPs") from Internet users to a select number of defense contractors. EPIC's July 26, 2011 FOIA Request to DHS, Exhibit 3-A ("EPIC's FOIA Request").

2. The program was confirmed by Deputy Defense Secretary William J. Lynn III in a speech on June 16, 2011. Lynn explained the DIB Cyber Pilot program, stating the government would provide threat intelligence to certain companies or ISPs on their behalf to identify and stop malicious activity within their networks. *Id*.

3. Other NSA officials stated that the agency had developed "signatures" of malicious code and sequences of suspicious network behavior that the Agency can use to filter Internet traffic on ISPs that flows to specified defense contractors. *Id*.

4. Reports demonstrated that individuals within the Department of Justice ("DOJ") expressed concern that the program could "run afoul of laws forbidding government surveillance of private Internet traffic." *Id*.

5. The reports identified participating ISPs to include AT&T, Verizon, and Century Link, and defense contractors to include Lockheed Martin, CSC, SAIC, and Northrop Grumman. *Id*.

6. The DoD announced on May 11, 2012 that the one-year DIB Pilot Program had concluded and the program would be fully implemented and expanded to include DIB Enhanced Cybersecurity Services. *Id*.

7. On July 26, 2011, EPIC filed a FOIA request with DHS ("EPIC's FOIA Request"), including a request for news media fee status and for a fee waiver. Specifically, EPIC's request sought the following five categories of documents: (1) all contracts and communications with Lockheed Martin, CSC, SAIC, Northrop Grumman or any other defense contractors regarding the new NSA pilot program; (2) all contracts and communications with AT&T, Verizon and CenturyLink or any other IPSs regarding the new NSA pilot program; (3) all analyses, legal memoranda, and related records regarding the new NSA pilot program; (4) any memoranda of understanding between NSA and DHS or any other government agencies or corporations regarding the new NSA pilot program; (5) any privacy impact assessment performed as part of the development of the new NSA pilot program. *Id*.

8. By letter dated August 3, 2011, DHS acknowledged receipt of EPIC's FOIA Request and notified EPIC that no responsive documents had been located in response to category (5). DHS then referred EPIC's FOIA Request to the National Protection and Programs Directorate ("NPPD"), a DHS component, for further processing of the remaining four categories of documents. DHS August 3, 2011 Acknowledgement and Partial Referral of EPIC's FOIA Request to the National Protection and Programs Directorate, Exhibit 3-B ("DHS Acknowledgement").

9. NPPD failed to provide an acknowledgement of the receipt of EPIC's FOIA Request. Third Declaration of Amie L. Stepanovich, Exhibit 3 ("Third Stepanovich Decl.").

10. On January 5, 2011, one hundred and fifty-five business days after DHS' acknowledgement, EPIC transmitted an administrative appeal alleging that the Agency had missed its statutory deadlines in regard to categories 1-4 of EPIC's FOIA Request. EPIC's January 5, 2012 Administrative Appeal to NPPD, Exhibit 3-C ("EPIC's Administrative Appeal").

11. On January 23, 2012 a FOIA Agent in NPPD contacted EPIC attorney Amie Stepanovich by telephone and indicated that the component would "start processing" EPIC's FOIA Request. Third Stepanovich Decl.

12. No further communications from NPPD were received by EPIC. *Id*.

13. Fifty-six additional business days after EPIC submitted its administrative appeal, EPIC filed a complaint in federal district court on March 1, 2012. The complaint alleged that DHS failed to comply with the statutory provisions of the FOIA. *Id*.

14. On August 31, 2012, the Parties agreed to narrow the scope of EPIC's FOIA Request. EPIC agreed to exclude draft documents from the scope of the request, and narrowed the

categories of documents requested as follows: (1) all contracts and communications with Lockheed Martin, CSC, SAIC, Northrop Grumman or any other defense contractors regarding the DIB Cyber Pilot; (2) all contracts and communications with AT&T, Verizon and CenturyLink or any other IPSs regarding the DIB Cyber Pilot; (3) all legal and technical analyses, including legal memoranda, regarding the DIB Cyber Pilot; (4) any memoranda of understanding between NSA and DHS or any other government agencies or corporations regarding the DIB Cyber Pilot. *Id*.

15. In accordance with this Court's Scheduling Order, DHS produced approximately 1,300 pages of partially-redacted documents on April 15, 2013. *Id*.

16. A partial preliminary Vaughn Index was provided on June 15, 2013. The remaining preliminary Vaughn Index was provided on June 22, 2013. *Id*.
In response to questions raised by EPIC, DHS made a supplemental production of documents on August 16, 2013. *Id*.

                                          Respectfully submitted,

                                          MARC ROTENGERG
                                          EPIC Executive Director

                                          */s/ Amie Stepanovich*
                                          AMIE STEPANOVICH
                                          Electronic Privacy Information Center
                                          1718 Connecticut Ave., NW
                                          Suite 200
                                          Washington, D.C. 20009
                                          (202) 483-1140
                                          *Counsel for Plaintiff*