# Exhibit 2

*Electronic Privacy Information Center v. Department of Homeland Security*
No. 12-00333 (GK)

Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment

Plaintiff's Statement of Genuine Issues in Opposition to Defendant's Statement of Material Facts

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER )<br><br>Plaintiff, )<br><br>v. )<br><br>THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY )<br><br>Defendant. ) | No. 1:12-cv-00333-GK |

**PLAINTIFF'S STATEMENT OF ISSUES IN DISPUTE
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In accordance with Local Civil Rule 7(h) (LCvR7(h)), Plaintiff Electronic Privacy Information Center ("EPIC") submits this statement of genuine issues in opposition to Defendant's statement of material facts.

**2. Defendant's Alleged Fact:** "The aim of the program was to protect U.S. critical infrastructure. Under the pilot, the Government furnished classified threat and technical information to voluntarily participating Defense Industrial Base (DIB) companies or their Commercial Service Providers (CSPs). This sensitive Government-furnished information enabled the DIB companies, or the CSPs on behalf of their DIB customers, to counter known malicious activity and to protect Department of Defense program information." (internal citations omitted)

**Genuine Issue:** Plaintiff disputes Defendant's claim that "[t]his sensitive Government-furnished information enabled the DIB companies, or the CSPs on behalf of their DIB customers, to counter known malicious activity and to protect Department of Defense

1

program information", insofar as it lacks factual support on the record.

**7. Defendant's Alleged Fact:** "EPIC declined to repeal DHS's determination with respect to category (e) records." (internal citations omitted).

**Genuine Issue:** Plaintiff disputes Defendant's claim that it failed to "repeal DHS's determination". Rather, EPIC did not *appeal* the DHS's determination in regard to the final category.

**8. Defendant's Alleged Fact:** "On January 5, 2012, EPIC sent by facsimile to the NPPD FOIA Office a letter that purported to constitute a FOIA appeal with regard to the remaining four categories of plaintiff's FOIA request." (internal citations omitted).

**Genuine Issue:** Plaintiff disputes Defendant's claim that the letter "purported to constitute a FOIA appeal" to the extent that it is a misrepresentation and fails to recognize the statutory requirements of Agencies pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (2012).

**9. Defendant's Alleged Fact:** "After receiving the facsimile from EPIC, an NPPD FOIA Specialist with NPPD updated an EPIC representative by telephone regarding the status of the FOIA request, and communicated that DHS was processing the request." (internal citations omitted).

**Genuine Issue:** Plaintiff disputes Defendant's claim that the specialist "communicated that DHS was processing the request", insofar as it lacks factual support on the record.

**10. Defendant's Alleged Fact:** "Rather than wait for the administrative processing to be completed, EPIC filed this lawsuit on March 1, 2012." (internal citations omitted).

**Genuine Issue:** Plaintiff disputes Defendant's claim insofar as it fails to recognize the statutory requirements of Agencies pursuant to the Freedom of Information Act, 5 U.S.C.

§ 552.

**16. Defendant's Alleged Fact:** "DHS assigned a team of FOIA specialists and attorneys to review the documents that had been gathered to remove duplicates and cull out documents that had been identified by DHS's electronic keywords search but plainly were not responsive to EPIC's request. Working diligently for several weeks to review the more than 16,000 pages of potentially responsive documents, DHS FOIA specialists and attorneys who had been assigned to the project removed approximately 6,000 documents as either duplicative or not responsive to the request. In other words, after their review of the 16,000 documents, the team of DHS FOIA specialists and attorneys identified 10,000 documents that were potentially responsive to EPIC's FOIA request." (internal citations omitted).

**Genuine Issue:** Plaintiff disputes Defendant's statement that DHS personnel "[w]ork[ed] diligently for several weeks. . ." insofar as it states an opinion.

**20. Defendant's Alleged Fact:** "Upon receiving EPIC's revised request, DHS tasked its Privacy Office to assist with completing the processing of revised FOIA request. DHS's Privacy Office conducted a page-by-page and line-by-line review of the potentially responsive documents to identify those records that were actually responsive to EPIC's revised FOIA request. This entailed segregating exempt portions of the responsive records from the non-exempt portions of them." (internal citations omitted).

**Genuine Issue:** Plaintiff disputes Defendant's "fact" that "[t]his entailed segregating exempt portions of the responsive records from the non-exempt portions of them" as it states a legal conclusion.

**21. Defendant's Alleged Fact:** "On December 17, 2012, DHS issued a first interim response to

EPIC, indicating that the agency had identified 494 pages of responsive materials that were being withheld in their entirety pursuant to Title 5 U.S.C. § 552(b)(1), (b)(5), and (b)(7)(E) FOIA Exemption 1, 5, and 7(E)." (internal citations omitted).

**Genuine Issue:** Plaintiff disputes Defendant's "fact" as it states legal conclusions.

22. **Defendant's Alleged Fact:** "On April 15, 2013, DHS completed its second final response to EPIC's revised FOIA request. That response consisted of 1,276 pages of materials, of which 117 pages of records were released in their entirety and 1,159 pages were partially releasable under FOIA exemptions b(6) and 7(E). On April 15, 2013, DHS, through its counsel at DOJ, transmitted this response directly to EPIC." (internal citations omitted).

**Genuine Issue:** Plaintiff disputes Defendant's "fact" regarding FOIA exemptions insofar as it states legal conclusions.

Respectfully submitted,

MARC ROTENGERG
EPIC Executive Director

*/s/ Amie Stepanovich*
AMIE STEPANOVICH
Electronic Privacy Information Center
1718 Connecticut Ave., NW
Suite 200
Washington, D.C. 20009
(202) 483-1140
*Counsel for Plaintiff*
