# Exhibit 3

*Electronic Privacy Information Center v. Department of Homeland Security*
No. 12-00333 (GK)

Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for
Summary Judgment

Third Declaration of Amie L. Stepanovich

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br><br>   Plaintiff,<br><br>   v.<br><br>THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY<br><br>   Defendant. | No. 1:12-cv-00333-GK |

## THIRD DECLARATION OF AMIE L. STEPANOVICH

I, Amie L. Stepanovich, declare as follows:

1.  I am the Director of the Domestic Surveillance Project at the Electronic Privacy Information Center ("EPIC"). I have served in this capacity since March 2013. Prior to that date I was EPIC's Associate Litigation Counsel.

2.  I have been a licensed attorney in the State of New York since January 2011. I was admitted to practice in the District of Columbia in January 2013 and in the Federal District Court for the District of Columbia in April 2013.

3.  Plaintiff EPIC is a non-profit corporation located in Washington, DC. EPIC was established in 1994 to focus public attention on emerging civil liberties issues and to protect privacy, the First Amendment, and other constitutional values. EPIC frequently submits Freedom of Information ("FOIA") requests and publishes records on its website in order to inform the public about the activities of federal agencies that implicate important privacy interests.

4.  I have been employed by EPIC since August 2010. I have pursued many FOIA requests with different administrative agencies during that time. I make the following statements based upon my personal knowledge of this case.

5.  The topic of the present FOIA request remains of great importance to EPIC and to the public and aligns directly with the core purpose of the organization.

6.  EPIC's FOIA Request seeks to inform the public about an important topic of privacy and civil liberties.

7.  On July 26, 2011, then-EPIC Open Government Director Ginger McCall and then-EPIC Law Clerk Andrew Christy submitted via facsimile a FOIA request to Defendant Department of Homeland Security ("DHS") for documents concerning the Defense Industrial Base ("DIB") Cyber Pilot.

8.  EPIC's FOIA Request included descriptions of five (5) categories of documents that EPIC was requesting. Specifically, EPIC requested:

    a.  All contracts and communications with Lockheed Martin, CSC, SAIC, Northrop Grumman or any other defense contractors regarding the new NSA pilot program;
    b.  All contracts and communications with AT&T, Verizon and CenturyLink or any other IPSs regarding the new NSA pilot program;
    c.  All analyses, legal memoranda, and related records regarding the new NSA pilot program;
    d.  Any memoranda of understanding between NSA and DHS or any other government agencies or corporations regarding the new NSA pilot program;
    e.  Any privacy impact assessment performed as part of the development of the new NSA pilot program.

9.  On January 5, 2012, after 155 business days had passed since DHS received EPIC's FOIA Request, I transmitted via facsimile an administrative appeal to the National Protection and Programs Directorate ("NPPD"), a sub-component of DHS to which EPIC's FOIA Request has been referred. The Administrative Appeal explained that

NPPD was in violation of the FOIA's statutory deadline for an Agency determination. 5
U.S.C. § 552(a)(6)(A)(ii) (2013).

10. On January 23, 2012, I received a phone call from an official who stated that she
    represented NPPD. The official asked EPIC to provide contract numbers in regard to
    category one of EPIC's FOIA Request. I indicated that contract numbers were not public
    information. The official then stated that she would "start processing" EPIC's FOIA
    Request.

11. Through the date of EPIC's complaint, neither DHS nor NPPD made a substantive
    determination regarding categories 1-4 of EPIC's FOIA Request.

12. After fifty-six calendar days since DHS received EPIC's Administrative Appeal, EPIC
    filed a complaint in the immediate action in Federal District Court for the District of
    Columbia. EPIC's complaint explained that DHS was in violation of the FOIA's statutory
    deadline for an Agency determination. 5 U.S.C. § 552(a)(6)(A)(ii) (2013).

13. On August 31, 2012, EPIC agreed to substantially narrow the scope of EPIC's FOIA
    Request. The following four (4) categories of documents remain at issue in this case,
    excluding any draft documents:

    a. All contracts and communications with Lockheed Martin, CSC, SAIC, Northrop
       Grumman or any other defense contractors regarding the DIB Cyber Pilot;
    b. All contracts and communications with AT&T, Verizon and CenturyLink or any
       other IPSs regarding the DIB Cyber Pilot;
    c. All legal and technical analyses, including legal memoranda, regarding the DIB
       Cyber Pilot;
    d. Any memoranda of understanding between NSA and DHS or any other
       government agencies or corporations regarding the DIB Cyber Pilot.

14. I received DHS' first production of documents in response to EPIC's FOIA Request on
    April 15, 2013. The production consisted of approximately 1,300 pages of partially-
    redacted documents, the majority of which consisted of e-mails.

15. I received a partial preliminary Vaughn Index from DHS on June 15, 2013. The remaining preliminary Vaughn Index was provided on June 22, 2013.

16. On June 17, 2013 I received an email from opposing counsel requesting for EPIC to provide specific citations to documents referenced in DHS' document production but not produced themselves. I responded on June 20, 2013 with a short list of sixteen documents, referenced by Bates page number. I noted that the list was only a partial list of documents that we had found referenced that were potentially responsive to EPIC's FOIA Request. I indicated that the list should provide guidance in determining the scope of responsive documents that DHS had not produced or explained to be withheld in full.

17. Based upon my communications with opposing counsel, DHS made a supplemental production of documents on August 16, 2013.

18. A final Vaughn Index was produced along with DHS' Motion for Summary Judgment on August 30, 2013.

19. In response to opposing counsel's request to provide specific references to potentially responsive documents that were not produced by the Agency, I have spent a substantial period of time reviewing the produced documents and Vaughn Index. Exhibit 4 includes all produced documents that reference potentially responsive documents that have not, to the best of my knowledge, been otherwise not been produced to EPIC or indicated via DHS' Vaughn Index as withheld-in-full.

Under penalty of perjury, I hereby affirm that the foregoing is true and correct to the best of my knowledge and belief.

September 27, 2013                      /s/ Amie L. Stepanovich
Date                                   Amie L. Stepanovich
                                       Director, EPIC Domestic Surveillance Project

# Exhibit 3-A

*Electronic Privacy Information Center v. Department of Homeland Security*
No. 12-00333 (GK)

Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for Summary Judgment

EPIC's July 26, 2011 FOIA Request to DHS



July 26, 2011

VIA FACSIMILE: (703) 235-0443

Chief FOIA Officer Mary Ellen Callahan
The Privacy Office
U.S. Department of Homeland Security
245 Murray Drive SW, Building 410
STOP-0655
Washington, D.C. 20528

1718 Connecticut Ave NW

Suite 200

Washington DC 20009

USA

+1 202 483 1140 [tel]

+1 202 483 1248 [fax]

www.epic.org

RE:  Freedom of Information Act Request

Dear Ms. Callahan:

This letter constitutes a request under the Freedom of Information Act ("FOIA"),
5 U.S.C. § 552, and is submitted on behalf of the Electronic Privacy Information Center
("EPIC").  EPIC seeks documents regarding a joint National Security Agency ("NSA")
and Department of Homeland Security ("DHS") pilot program, which has not been
publicly named, designed to monitor all internet traffic routed to several defense
contractors and attempts to detect whether there are malicious programs within this
internet traffic designed to compromise the defense contractor security.

Background

The Washington Post reported on June 16, 2011 that the NSA implemented a new
program in May designed to monitor all traffic flowing through certain ISPs to a select
number of defense contractors.[1]  The current purported goal of this pilot program is the
"thwarting [of] cyberattacks against defense firms," although Deputy Secretary of
Defense William J. Lynn III stated that "[w]e hope the . . . cyber pilot can be the
beginning something bigger."[2]  According to Lynn, the NSA pilot program is to serve as
a model that can be "transported to other critical infrastructure sectors, under the
leadership of the Department of Homeland Security."[3]

In the week after this program became public knowledge, the Washington Post
and the Atlantic[4] provided any press coverage.  Although no public name has been given
to this new program, it is known that the NSA has partnered with ISPs AT&T, Verizon

---

[1] *NSA Allies with Internet Carrieser to Thwart Cyber Attacks Against Defense Firms*, Ellen Nakashima,
WASH. POST, June 16, 2011 http://www.washingtonpost.com/national/major-internet-service-providers-
cooperating-with-nsa-on-monitoring-traffic/2011/06/07/AG2dukXH_story.html.

[2] *Id.*

[3] *Id.*

[4] *See Prepare to Have Your Email Read by the NSA*, Adam Estes, THE ATLANTIC, June 17, 2011
http://www.theatlanticwire.com/technology/2011/06/prepare-have-your-email-read-nsa/38931/.  Despite
the provocative headline, none of the details offered in the article suggest that the NSA is actually reading
e-mails (at least as part of this new program).

and CenturyLink to filter the traffic of fifteen defense contractors, including Lockheed Martin, CSC, SAIC and Northrop Grumman. The NSA claims that it will not be "direct[ly] monitoring the contractors' networks"; instead, it has developed "signatures" of malicious code as well as sequences of suspicious network behavior that it will apply to filter all internet traffic on those ISPs that is "flowing" to these defense contractors.[5] By applying these signatures and filtering suspicious behavior, the NSA will be able to "disable the threats before an attack can penetrate a contractor's servers."[6]

Individuals within the Department of Justice ("DOJ"), likely in the Office of Legal Counsel ("OLC"), which provides opinions on the legality of executive branch programs, reportedly expressed misgivings that the program would "run afoul of privacy laws forbidding government surveillance of private Internet traffic."[7] Presumably this refers to the Electronic Communications Privacy Act ("ECPA"), codified at 18 U.S.C. § 2510, which prohibits the interception of electronic communications without a court order or consent from one of the parties. However, the NSA has reportedly "allayed that concern by saying that the government will not directly filter the traffic or receive the malicious code captured by Internet providers."[8] It is unclear how the program can detect "malicious code" and prevent its execution without "captur[ing]" it in violation of federal law, but Lynn may be offering some explanation by stating that the "threat intelligence provided by the government is helping the companies themselves, or the Internet service providers working on their behalf, to identify and stop malicious activity within their networks."[9]

Deputy Secretary of Defense William J. Lynn III publicly spoke about the program and provided a rough outline of its scope.[10] He stated that it is currently run by the NSA, and that DHS is a partner.

Requested Documents

1. All contracts and communications with Lockheed Martin, CSC, SAIC, Northrop Grumman or any other defense contractors regarding the new NSA pilot program.

2. All contracts and communications with AT&T, Verizon and CenturyLink or any other IPSs regarding the new NSA pilot program.

3. All analyses, legal memoranda, and related records regarding the new NSA pilot program.

4. Any memoranda of understanding between NSA and DHS or any other government agencies or corporations regarding the new NSA pilot program.

---

[5] *See* Nakashima, *supra* note 1.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *See* Nakashima, *supra* note 1.

5. Any privacy impact assessment performed as part of the development of the new NSA pilot program.

Request for "News Media" Fee Status

EPIC is a "representative of the news media" for fee waiver purposes. *EPIC v. Department of Defense*, 241 F. Supp. 2d 6 (D.D.C. 2003). Based on our status as a "news media" requester, we are entitled to receive the requested record with only duplication fees asserted. Further, because disclosure of this information will "contribute greatly public understanding of the operation or activities of the government," and duplication fees should be waived.

Thank you for your consideration of this request. As 5 U.S.C. § 552(a)(6)(E)(ii)(I) provides, I will anticipate your determination on our request within ten (10) calendar days.

Respectfully submitted,

Andrew Christy
Law Clerk, EPIC
Christy@epic.org

Ginger McCall
Staff Counsel, EPIC
Mccall@epic.org

# Exhibit 3-B

*Electronic Privacy Information Center v. Department of Homeland Security*
No. 12-00333 (GK)

Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for
Summary Judgment

DHS August 3, 2011 Acknowledgement and Partial Referral of EPIC's FOIA Request to the
National Protection and Programs Directorate

U.S. Department of Homeland Security
Washington, DC 20528



# Homeland
# Security

*Privacy Office, Mail Stop 0655*

August 3, 2011

Mr. Andrew Christy
Law Clerk
Electronic Privacy Information Center
1718 Connecticut Avenue NW, Suite 200
Washington, D.C. 20009

Re: **DHS/OS/PRIV 11-1104**

Dear Mr. Christy:

This is the electronic final response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS) Privacy Office, dated July 26, 2011, and seeking the following documents:

1. "All contracts and communications with Lockheed Martin, CSC, SAIC, Northrop Grumman or any other defense contractors regarding the new NSA pilot program;
2. All contracts and communications with AT&T, Verizon and CenturyLink or any other IPSs regarding the new NSA pilot program;
3. All analyses, legal memoranda, and related records regarding the new NSA pilot program;
4. Any memoranda of understanding between NSA and DHS or any other government agencies or corporations regarding the new NSA pilot program;
5. Any privacy impact assessment performed as part of the development of the new NSA pilot program."

Your request was received by this office on July, 27, 2011.

As it pertains to item five, a search was conducted in the DHS Privacy Office for records that would be responsive to your request. Unfortunately, we were unable to locate or identify any responsive records. Because this pilot program belongs to another agency, there is no DHS privacy impact assessment.

While an adequate search was conducted, you have the right to appeal this determination that no records exist within the Privacy Office that would be responsive to item number five of your request. Should you wish to do so, you must send your appeal and a copy of this letter, within 60 days of the date of this letter, to: Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in the DHS FOIA regulations at 6 C.F.R. § 5.9. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

The Office of Government Information Services (OGIS) also mediates disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. If you are requesting access to your own records (which is considered a Privacy Act request), you should know that OGIS does not have the authority to handle requests made under the Privacy Act of 1974. If you wish to contact OGIS, you may email them at ogis@nara.gov or call 1-877-684-6448.

Upon further review of your request, I have determined that the information you are seeking, which appears to be overly broad, is under the purview of the DHS National Protection and Programs Directorate (NPPD). Therefore, I am referring your request to the FOIA Officer for NPPD, Lizzy Gary, for processing and direct response to you. NPPD will apprise you regarding the scope of your request. You may contact that office in writing at U.S. Department of Homeland Security, National Protection and Programs Directorate, Washington, D.C. 20528, nppd.foia@dhs.gov, or via telephone at 703-235-2211.

Provisions of the FOIA allow us to recover part of the cost of complying with your request. In this instance, because the cost is below the $14 minimum, there is no charge.

If you need to contact our office concerning this request, please call 866-431-0486 and refer to **DHS/OS/PRIV 11-1104**.


Sincerely,

Linda Lasko
FOIA Program Specialist

# Exhibit 3-C

*Electronic Privacy Information Center v. Department of Homeland Security*
No. 12-00333 (GK)

Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for
Summary Judgment

EPIC's January 5, 2012 Administrative Appeal to NPPD



January 5, 2011

1718 Connecticut Ave NW

Suite 200

Washington DC 20009

USA

+1 202 483 1140 [tel]

+1 202 483 1248 [fax]

www.epic.org

**VIA FAX 703.235.2052**
U.S. Department of Homeland Security
National Protection and Programs Directorate
FOIA Officer: Lizzy Gary
Washington, D.C. 20528
nppd.foia@dhs.gov
703.235.2211

### Re: Freedom of Information Act Appeal (DHS/OS/PRIV 11-1104)

Lizzy Gary:

This letter constitutes an appeal under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is submitted to the National Protection and Programs Directorate ("NPPD") at the Department of Homeland Security ("DHS") by the Electronic Privacy Information Center ("EPIC").

On July 26, 2011, EPIC requested, via facsimile, agency records regarding a joint program between DHS and the National Security Agency ("NSA") to monitor Internet traffic flowing through certain Internet Service Providers ("ISPs") to a select number of defense contractors. Specifically, EPIC requested the following:

1. All contracts and communications with Lockheed Martin, CSC, SAIC, Northrop Grumman, or any other defense contractors regarding the new NSA pilot program;

2. All contracts and communications with AT&T, Verizon, and CenturyLink or any other ISPs regarding the new NSA pilot program;

3. All analyses, legal memoranda, and related records regarding the new NSA pilot program; and

4. Any memoranda of understanding between NSA and DHS or any other government agencies or corporations regarding the new NSA pilot program.

5. Any Privacy Impact Assessment performed as part of the development of the new NSA pilot program.

Procedural Background

On July 26, 2011, EPIC transmitted a request for the preceding five categories of documents ("EPIC's FOIA Request"), as well as a request for news media fee status and a waiver of duplication fees.[1]

In a letter dated August 3, 2011, the DHS responded to EPIC's FOIA Request.[2] The DHS stated that the Department was unable to locate documents in response to Category 5 of EPIC's FOIA Request and notified EPIC of the right to appeal that determination.

The DHS informed EPIC that the remainder of EPIC's FOIA Request, Categories 1-4, were being referred, by the agency, to "the FOIA Officer for NPPD, Lizzy Gary, for processing and direct response." In this letter, the agency made neither made a determination nor requested clarification on the four categories.

EPIC has received no further communication from the DHS in response to EPIC's FOIA Request. EPIC has received no communication from the NPPD in response to EPIC's FOIA Request. 110 working days have passed since the DHS received EPIC's FOIA Request, and 104 working days have passed since the DHS referred EPIC's FOIA Request to the NPPD.

EPIC Appeals the NPPD's Failure to Disclose Records Responsive to Categories 1-4

EPIC hereby appeals the NPPD's failure to make a timely determination regarding EPIC's FOIA Request. Typically, an agency must make a determination regarding a FOIA request within twenty working days.[3] A "determination" must include at least a list of the documents to which the requester is being denied access and reasons for the withholding. "Denial of this information would in all likelihood be a violation of due process as well as effectively gutting the reasons for applying the exhaustion doctrine in FOIA cases."[4] When a FOIA request is granted expedited treatment, the agency must make a determination within ten working days. Nearly four months have passed since the date that EPIC's FOIA Request was transmitted to the NSA.

An agency's "acknowledgement" of a request "cannot be construed as a 'determination' . . . if it does not grant or deny the right to appeal."[5] Though the DHS has provided a substantive response in reply to Category 5, neither the DHS nor the NPPD have responded to Categories 1-

---

[1] Appendix 1.

[2] Appendix 2.

[3] 5 U.S.C. § 552(a)(6); *see also Wash. Post v. Dep't of Homeland Sec.*, 459 F. Supp. 2d 61, 74 (D.D.C. 2006) (citing *Payne Enterprises v. U.S.*, 837 F.2d 486, 494 (D.C. Cir. 1998)) (stating, "FOIA was created to foster public awareness, and failure to process FOIA requests in a timely fashion is 'tantamount to denial.'").

[4] 452 F. Supp. 306, 317 n 7 (N.D Texas. 1978) rev'd on other grounds, 613 F.2d 1314 (5th Cir. 1980); see also *Oglesby v. Dep't of Army*, 920 F.2d 57, 65 (D.C. Cir. 1990) (citing *Shermco Indus., Inc. v. Sec'y of Air Force*, 1 452 F. supp. 306 (N.D. Tex. 1978).

[5] *Martinez v. FBI*, No. 82-1547 (D.D.C. Oct. 11, 1983) (citing *Shermco Indus., Inc., v. Sec'y of Air Force*, I 452 F. Supp. 306 (N.D. Tex. 1978) and *Marschner v. Dep't of State*, 470 F. Supp. 196, 199 (D. Conn. 1979)).

4 of EPIC's FOIA Request, and therefore a determination has not been made as to the documents under these categories. The failure to make a determination violates the FOIA.

<u>EPIC Renews Its Request for "News Media" Fee Status</u>

At this time, EPIC reiterates and renews all arguments that it should be granted "news media" fee status. EPIC is a non-profit, educational organization that routinely and systematically disseminates information to the public. EPIC is a representative of the news media.[6]

EPIC's status as a "news media" requester entitles it to receive requested records with only duplication fees assessed. In addition, because disclosure of this information will "contribute significantly to public understanding of the operations or activities of the government," any duplication fees should be waived.

<u>Conclusion</u>

Thank you for your prompt response to this appeal. I anticipate that you will produce responsive documents within 20 working days of this appeal. If you have any questions, please feel free to contact me at (202) 483-1140 x 120 or stepanovich@epic.org.

Sincerely,

Amie Stepanovich
EPIC National Security Counsel

/enclosures

---

[6] *EPIC v. Dep't of Defense*, 241 F. Supp. 2d. 5 (D.D.C. 2003).

3

## Appendix 1

EPIC's July 26, 2011 FOIA Request to the DHS

## **Appendix 2**

DHS's August 3, 2011 Acknowledgement, Partial Denial, and Referrel of EPIC's FOIA Request
to the NPPD

# Exhibit 3-D

*Electronic Privacy Information Center v. Department of Homeland Security*
No. 12-00333 (GK)

Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Cross-Motion for
Summary Judgment

Correspondence From Lisa Marcus to Amie L. Stepanovich, June 17, 2013
Response From Amie L. Stepanovich to Lisa Marcus, June 20, 2013

## Re: EPIC v. DHS - DIB Cyber Pilot FOIA - sufficiency of the search

From: Amie Stepanovich
Sent: Thu, Jun 20, 2013 at 21:11
To: Marcus, Lisa (CIV)
Cc: rotenberg@epic.org, Ginger McCall (mccall@epic.org), Moore, Tamra (CIV)

---

Bates Pagination.docx (43.2 KB)

Lisa -

The attached document is a partial list of bates page numbers that are examples of documents that reference attachments, as per your request. These attachments appear to be responsive to EPIC's FOIA Request but were not included in DHS's production.

I hope this provides the guidance you requested.

Amie Stepanovich

On Jun 17, 2013, at 3:42 PM, Marcus, Lisa (CIV) wrote:

Amie,

When we spoke in mid-May, we discussed DHS's robust search and the issue of whether EPIC intended to challenge the sufficiency of the search. You relayed that EPIC was generally satisfied with the sufficiency of DHS's search, but that EPIC believed that some documents might be missing from the production. In particular, you said that EPIC would consider challenging DHS's search on the basis of certain missing documents referenced in the production but apparently, at least to EPIC, not produced --- such as, you explained, an email attachment that was listed in the heading of an email but not itself produced. You also noted that a document entitled "standard operating procedures" for the DIB Cyber Pilot was referenced in the production but not produced.

As you will recall, I raised the possibilities that such attachments (1) were drafts, (2) were not responsive, or (3) were withheld-in-full (and would thus be reflected on the Vaughn index).

At the time of our call, I asked you to email me examples of any missing attachments or other documents that EPIC believes should have been produced. I haven't heard back from you on this issue. Nor have I seen myself anything in the production indicating to me that were missing. Will you please email me by Wednesday a list of documents that EPIC thinks may be missing, and the Bates number that corresponds with any reference to those documents --- including the Bates numbers referencing email attachments which EPIC thinks may be missing, and the Bates number for the page referencing a "standard operating procedures" document that you previously noted --- so that Tamra and I can follow up with DHS and try to get back to you prior to summary judgment briefing?

Thank you, Lisa

**Lisa Zeidner Marcus**
Trial Attorney
U.S. Department of Justice

Civil Division, Federal Programs Branch
Direct dial: (202) 514-3336