# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 12-0333 (GK)<br>)<br>) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | )<br>)<br>) |
| Defendant. | ) |

## THIRD DECLARATION OF JAMES V.M.L. HOLZER

I, James V.M.L. Holzer, I, declare and state as follows:

 1. I am the Senior Director of FOIA Operations for the Department of Homeland Security (DHS) Privacy Office. In this capacity, I am the Department official immediately responsible for responding to requests for records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (the FOIA), the Privacy Act, 5 U.S.C. § 552a (the Privacy Act), and other applicable records access provisions. I have been employed by the DHS Privacy Office (DHS Privacy) in this capacity since November 2012. Prior to that, I held the position of Director of Disclosure and FOIA Operations. I have been with the Department since 2009. I make the following statements based upon my personal knowledge, which in turn is based on a personal review of the appropriate records in the case file and coordination with relevant FOIA personnel established for processing the subject request and upon information furnished to me in the course of my official duties.

 2. Through the exercise of my official duties, I have become familiar with the background of plaintiff's FOIA request and DHS's response. I have also become familiar with

the background of this litigation and have read a copy of the complaint filed by plaintiff.  This is the third declaration that I have provided in this matter.  My first declaration was executed September 14, 2012 and submitted in support of defendant's motion to modify the scheduling order.  (First Holzer Decl., Dkt. # 17-1.)  My second declaration was executed on August 30, 2013 and was submitted in support of defendant's motion for summary judgment.  (Second Holzer Decl., Dkt. # 53-3)  This third declaration supports defendant's opposition to plaintiff's cross-motion for summary judgment.  DHS also relies on my second declaration, Dkt. # 53-3, to support its opposition to plaintiff's cross-motion for summary judgment.

   3. **DHS's Reasonable Search:** Plaintiff's cross-motion for summary judgment argues that the Court should doubt the sufficiency of the search conducted by DHS because there were some documents that were not themselves produced to EPIC but were attached to or referenced in emails that were produced to EPIC.  EPIC also challenges the application of FOIA exemptions on several DHS documents.  In my second declaration, I detailed DHS's efforts in searching for, collecting, and processing records potentially responsive to Plaintiff's request.  See Dkt. # 53-3 at ¶¶ 14-50.  As previously stated, DHS conducted an extensive and exhaustive search for records that resulted in the identification of over 10,000 pages of records.

   4. These pages included documents that were eventually produced to EPIC or withheld in full as well as documents that were not responsive to EPIC's request and therefore not produced or described in our Vaughn index.  Among other documents, my office reviewed many emails and the attachments to those emails.  The responsive documents were processed and produced to EPIC.

   5. As noted above, plaintiff argues that the Court should discount the reasonableness of DHS's search because there were some documents that were not produced to EPIC but were

attached to or referenced in emails that were produced to EPIC.  EPIC submitted as "Exhibit 4" to its motion for summary judgment those excerpts of DHS's document production that reference other documents.  (Dkt. # 57-5, 57-6, 57-7, 57-8, 57-9)  As shown on the chart attached to this declaration (as Exhibit E-1), a number of the documents that EPIC includes as "missing" were actually produced to EPIC.  The chart also lists the names of the "missing" documents.  Rather than appearing responsive to EPIC's request, the names of the documents tend to suggest that those documents were not responsive.  Whether attachments to emails were actually responsive to EPIC's request was determined by my office through its page-by-page, line-by-line review of the potentially responsive documents, including among other documents emails and their attachments.  All segregable, responsive, non-exempt material was processed and produced to EPIC. See Second Holzer Decl. ¶¶43-50.

     6. Out of an abundance of caution, I have re-reviewed the three examples specifically cited by plaintiff in the cross-motion for summary judgment regarding document number 79, bates number 00226-00231.  I have re-reviewed the document, which consists of an email with two attachments.   Both attachments were re-reviewed and were determined to be unresponsive to Plaintiff's request.  I also have re-reviewed document number 256, bates number 00703-00704, which consists of an email and a single attachment.  The attachment was re-reviewed and determined to be unresponsive to Plaintiff's request.  Finally, I re-reviewed document number 317, bates number 00811-00813, which consists of an email and two attachments.   The two attachments were re-reviewed and determined to be unresponsive to Plaintiff's request.

     **7. Exemption 1:**  Plaintiff argues that my second declaration does not provide sufficient evidence that David J. Sherman, Associate Director for Policy and Records at the National Security Agency, serves as a TOP SECRET classification authority.  My office frequently works

with the National Security Agency on FOIA matters, and Mr. Sherman assisted my office by reviewing records in this matter. Mr. Sherman's delegated TOP SECRET classification authority was information provided to me in the course of my duties, and it was on that basis that my declaration explained Mr. Sherman's classification authority. To supplement my prior declaration, I provide the information in the following paragraph and also attach as an exhibit to this declaration (Exhibit E-2) a declaration executed by David Sherman in another case.

**8.** Mr. Sherman serves as a TOP SECRET original classification authority ("OCA") pursuant to E.O. 13526 § 1.3, 75 Fed. Reg. 707 (Jan. 5, 2010) and Department of Defense Directive No. 5200.1-R, Information Security Program Regulation, 32 C.F.R. § 159a.12 (2000). He completed his annual training in proper classification and declassification pursuant to E.O. 13526 on February 5, 2013, following his assignment as Associate Director for Policy and Records on December 20, 2012. Since his assumption of this position, he has provided numerous declarations to various courts in support of litigation matters, submitted under penalty of perjury, including the declaration attached here as Exhibit E-2. That declaration also states that Mr. Sherman is a TOP SECRET classification authority pursuant to section 1.3 of E.O. 13526.

**9.** My second declaration also described the process by which DHS reviewed the materials located on DHS's classified systems to determine which portions could be segregated and released to plaintiff and which portions remained classified; this process included consulting with NSA and other federal agencies. *See* Second Holzer Decl. at ¶¶52-58. And my declaration described the classified material in these records as well as the harm that could reasonably be expected should the classified information be disclosed. *See id.*

10. **Exemption 5:**  Plaintiff has also raised a challenge to the application of an exemption to Document number 276, bates number 00732-00734.  I have reviewed the redacted portion which was withheld under Exemption 5.  The withheld portion is not itself an email sent from AT&T, nor is it a verbatim transcription of the communication from AT&T, but instead it is a summary of a separate communication between DHS program personnel and AT&T.  The program office employee sent the email to a DHS attorney and his supervising attorney in the context of seeking legal review and advice.  As such, DHS continues to withhold the information as protected by the deliberative process privilege and the attorney-client privilege.

11. I further offer the following additional information in support of Defendant's assertion of Exemption 5 for documents 440, 442, and 444, which was inadvertently omitted from the Defendant's Vaughn index.

12. DHS withheld portions of Document 440, bates number 01289-90, under Exemptions 3 and 5.  Exemption 3 was applied to information on behalf of the NSA, as provided under squarely within the scope of Section 6 of the National Security Agency Act of 1959, Public Law 86-36 (50 U.S.C. § 402 note).  Exemption 5 was applied to the redacted portion because the information is deliberative in nature.  The withheld portion of the email was a communication between Department of Defense, DHS, and NSA attorneys regarding remaining issues on the DIB Pilot schedule that DOD attorneys were seeking to clarify.

13. DHS withheld portions of Document 442, bates number 01294-95, under both Exemption 3 and 5.  Exemption 3 was applied to information on behalf of the NSA, as provided under squarely within the scope of Section 6 of the National Security Agency Act of 1959, Public Law 86-36 (50 U.S.C. § 402 note).  The withheld portion of the email was a deliberative,

predecisional communication between Department of Defense, DHS, and NSA attorneys regarding DIB questions from NSA Associate General Counsel for Information Assurance.

14. DHS withheld portions of Document 444, bates number 01302-1311, under Exemptions 3 and 5.  Exemption 3 was applied to information on behalf of the NSA, as provided under squarely within the scope of Section 6 of the National Security Agency Act of 1959, Public Law 86-36 (50 U.S.C. § 402 note).  The withheld portion of the emails were deliberative, predecisional discussions between Department of Defense, DHS, and NSA personnel regarding questions and follow up items on the status meetings held between the agencies regarding the DIB pilot.  Portions of emails were also withheld as deliberative because they contain the predecisional thoughts and analysis of DHS and DOD personnel, including draft meeting notes.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of November, 2013.

_____
James V.M.L. Holzer