## Chart of Documents Referenced in Plaintiff's Exhibit 4

"Exhibit 4" to plaintiff's opening brief included excerpts from DHS's document production; EPIC argues that Exhibit 4 demonstrates that DHS's search was not sufficient because the excerpted pages included in Exhibit 4 reference *other documents* that EPIC believes were missing from the production.  EPIC argues that the numerous references to other documents that were not themselves produced demonstrate holes in DHS's search.  The following is a partial chart of the documents that EPIC includes in its Exhibit 4, along with specific responses from DHS.  The partial chart is intended to provide the Court with a sampling of the documents that EPIC included, without further description or analysis, within its Exhibit 4.

| Doc. # (from Vaughn) | Bates Range | Attachment / Document Reference | DHS Response |
|---|---|---|---|
| 2 | 3 – 5 | References a SECRET draft paper DC on cybersecurity and the DIB Pilot. Circulated in April 2011, with tracking number  - 11.0005.73. | The referenced document is a draft and is therefore non-responsive to the FOIA request. |
| 3 | 6 – 8 | Duplicate reference – references same draft paper as does Doc. # 2. | Duplicate |
| 4 | 9 – 11 | References two documents:<br><br>(1) "Summary of Conclusions (SOC) from last week's Paper DC on DIB Pilot Extension"<br><br>(2) "NSS is circulating a Paper DC on the DIB Pilot Extension for Deputy Secretary-level comment and approval." Circulated in Nov. 2011, with tracking number  - 11.0005.188. | This document was included in the list of items that EPIC sent to DHS on June 20, 2013.  Upon receipt of the list, DHS FOIA staff took another look at the referenced items. DHS confirmed that both items were drafts and not responsive to the request.<br><br>(1) Although the first referenced item includes the phrase "Summary of Conclusions" in its title, the item was a draft that included viewpoints provided by the participants, not final items.<br><br>(2) The second referenced item was a draft that originated from another agency; DHS did not locate any final version during its search and DHS FOIA staff concluded that DHS had not received a final version. |

| 5 | 12 – 12 | Attached to the email was a draft document of what DHS planned on submitting to the National Security Staff. | The draft document was not responsive to the FOIA request both because it was a draft and because it did not contain legal or technical analysis, nor was it otherwise responsive to the FOIA request (so even a "final version" of the document would not have been responsive). |
| 7 | 16 – 18 | This references a redlined version of a document. | The final version of the document was released to the plaintiff. |
| 23 | 79 – 83 | This references a draft rule circulated by the Department of Defense to an inter-agency group for comment. | The referenced document is a draft that was not responsive to the request.  In August 2012, DHS sent to plaintiff through DHS's counsel the DOD press release announcing the publication in the Federal Register of the interim final rule that was the eventual result of this referenced draft document. The final version of the document is available to the public at 77 Fed. Reg. 27615. |
| 24 | 84 – 84 | This references a draft document that was available on "the HIGH side" (classified system), but does not mention a name of the document or a description of the contents of the document. | There is no indication that the referenced classified document is responsive to plaintiff's FOIA request.  To the extent that the document may have been responsive, there is no indication that the document was excluded from the responsive documents that were either produced to plaintiff or withheld in full.<br><br>DHS conducted a reasonable search that was tailored to find responsive documents, including a search of the classified computer system, as described in the Second Holzer declaration. |
| 25 | 85 – 85 | It appears that plaintiff mistakenly included this document in its exhibit. The document does not include an attachment or reference a separate document. The subject line indicates that the email includes workgroup minutes; those minutes were sent in the body of the email. | DHS described this redacted information in its Vaughn index. |

| 26 | 86 – 86 | This email references two emails that had been sent with attachments on the high side. | The items circulated on the classified system were drafts that were not responsive to the FOIA request. |
|----|---------|------|------|
| 27 | 87 – 88 | This email had two attachments – one was the minutes of a working group meeting, and the other was an agenda for a meeting. | Neither attachment was responsive to plaintiff's request. |
| 29 | 90 – 92 | This email includes:<br><br>(1) An attachment entitled "MARCH 2012v3.doc."<br><br>(2) Reference to a list of questions sent from GAO to DHS, in advance of a meeting between GAO and DHS. | (1) The attachment is a draft that is not responsive to the FOIA request.<br><br>(2) The list of questions did not contain legal or technical analysis, nor does it appear to otherwise be responsive to the FOIA request. |
| 30 | 93 – 95 | Duplicate reference – references same items that are attached to Doc. # 29. | Duplicate |
| 33 | 99 – 99 | This email includes an attachment entitled "Initial DHS NPPD DESC PIA 051412_cvf.doc." | The attachment is a draft that is not responsive to the FOIA request.  DHS released the final version of the Privacy Impact Analysis (PIA) document to plaintiff.  *See* Bates 920 - 931. |
| 34 | 100 – 100 | This email includes an attachment entitled "Privacy Oversight DHS task 20111219.docx." | The attachment is a draft that is not responsive to the FOIA request. |

| 35 | 101 – 101 | It appears that plaintiff mistakenly included this document in its exhibit. The document does not include an attachment or reference a separate document. | There is no separate document to be located. |
|----|-----------|------------------------------------------------|-------------------------------------------------|
| 36 | 102 – 105 | This email includes an attachment entitled "NPPD JCSP DESC PIA Update 052112 cvf (RJF 0524 12).docx." | The attachment is a draft that is not responsive to the FOIA request.  DHS released the final version of the Privacy Impact Analysis (PIA) document to plaintiff.  *See* Bates 920 - 931. |
| 37 | 106 – 107 | This email references a final Privacy Impact Analysis. | The email includes the web address for the referenced document (http://www.dhs.gov/files/publications/gc_1284567214689.shtm).  Moreover, DHS released the final version of this document to plaintiff.  *See* Bates 920 - 931. |
| 38 | 108 – 109 | Duplicate reference – references same item that is referenced in Doc. # 37. | Duplicate |
| 39 | 110 – 111 | The document does not include an attachment or reference a separate document.  Rather, it references information that had been requested from DHS, to be included in an inter-agency draft. | There is no separate document to be located.  Moreover, the *information* referenced in the email has to do with  information handling policies and procedures, not legal or technical analysis, and thus it likely would not itself be responsive to plaintiff's request. |
| 40 | 112 – 113 | Duplicate reference – references same information that is referenced in Doc. # 39. | Duplicate |
| 42 | 115 – 117 | Duplicate reference – references same information that is referenced in Doc. # 39. | Duplicate |

| 54 | 150 – 152 | Duplicate reference – references same draft paper as does Doc. # 3. | Duplicate |
|---|---|---|---|
| 56 | 157 – 158 | References an excel tracking spreadsheet entitled "JCSS_Action Tracker_11212011.xls" | This document was included in the list of items that EPIC sent to DHS on June 20, 2013.  Upon receipt of the list, DHS FOIA staff took another look at the referenced items. DHS confirmed that this item was not responsive to the request. |
| 57 | 159 – 160 | Duplicate reference – references same draft paper as does Doc. # 56. | Duplicate |
| 81 | 240 – 241 | This email references a document, to be sent via classified channels, that contains guidance regarding classification decisions. | The referenced document does not contain legal or technical analysis, nor is it otherwise responsive to plaintiff's FOIA request. |
| 82 | 242 – 242 | This email references a draft DHS contribution to an inter-agency draft document. | The referenced document is a draft that was not responsive to the request. |
| 83 | 243 – 243 | Duplicate reference – references same draft paper as does Doc. # 82. | Duplicate |
| 84 | 244 – 245 | Duplicate reference – references same draft paper as does Doc. # 82. | Duplicate |
| 85 | 246 – 246 | Duplicate reference – references same draft paper as does Doc. # 82. | Duplicate |

| 86 | 247 – 248 | Duplicate.  The attachment entitled "Privacy Oversight DHS task 20111219) (tmm 12-19-11 comments) EA20111219.docx" is another draft version of the draft that is attached to Doc. # 34. | Duplicate |
|----|-----------|------|------|
| 87 | 250 – 251 | This email includes an attachment entitled "DRAFT PIA NCSD Information Sharing 20111216.docx" | The attachment is a draft that is not responsive to the FOIA request.  DHS released the final version of the Privacy Impact Analysis (PIA) document to plaintiff.  *See* Bates 920 - 931. |
| 91 | 257 – 257 | It appears that plaintiff mistakenly included this document in its exhibit. The document does not include an attachment or reference a separate document. | There is no separate document to be located. |
| 92 | 258 – 258 | It appears that plaintiff mistakenly included this document in its exhibit. The document does not include an attachment or reference a separate document. | There is no separate document to be located. |
| 93 | 259 – 261 | This email includes an attachment entitled "DoDDHS_Joint Cyber Pilot Plan_Preliminary Version_ October 2010_DRAFT _  10202010v10.docx" | The attachment is a draft that is not responsive to the FOIA request. |
| 94 | 262 – 267 | This email includes an attachment entitled "NCPS_ OMB-MSR_DECFY12v9.pptx." | The draft document was not responsive to the FOIA request both because it was a draft and because it did not contain legal or technical analysis, nor was it otherwise responsive to the FOIA request (so even a "final version" of the document would not have been responsive). |

| 95 | 268 – 269 | It appears that plaintiff mistakenly included this document in its exhibit. The document does not include an attachment or reference a separate document. Instead, it references a forwarded message, the text of which appears below the email but was redacted. | DHS described the attached message in its Vaughn index. |
|---|---|---|---|
| 96 | 270 – 270 | It appears that plaintiff mistakenly included this document in its exhibit. The document does not include an attachment or reference a separate document. It describes "a draft" of a paragraph, the text of which appears in the email but was redacted. | DHS described the redaction in its Vaughn index. |
| 97 | 271 – 271 | It appears that plaintiff mistakenly included this document in its exhibit. The document does not include an attachment or reference a separate document. | There is no separate document to be located. |
| 99 | 282 – 282 | Duplicate reference – attaches the same non-responsive document that is referenced in Doc. # 56. | Duplicate |
| 101 | 286 – 294 | This email references a draft letter for which comments were being requested. | This document was included in the list of items that EPIC sent to DHS on June 20, 2013.  Upon receipt of the list, DHS FOIA staff took another look at the referenced items. This item (the draft letter) is one for which DHS had previously only located a draft version, the one attached to this email, which was not responsive to the request. Upon plaintiff's inquiry, DHS conducted a renewed search and located the final version of the document.  DHS produced that document to plaintiff on Aug. 16, 2013. |

| 227 | 621 – 629 | Duplicate reference – references same draft paper as does Doc. # 101. | Duplicate |
|-----|-----------|----------------------------------------------------------------------|-----------|
| 314 | 804 – 805 | This email includes two attachments: (1) "MSS Transition Strategy-20120110 1721v2.docx" and (2) "MSS SOO - 20120110 1721.docx" | This document with the two attachments was included in the list of items that EPIC sent to DHS on June 20, 2013.  Upon receipt of the list, DHS FOIA staff took another look at the referenced items. DHS confirmed that neither of these attachments were drafts that were not responsive to the request. |
| 325 | 842 – 846 | This document forwards a draft set of talking points that DHS received from DOD, entitled "PA DIB Pilot Briefing Card 2011-03-17.doc," for which DOD was seeking DHS's input. | This document was included in the list of items that EPIC sent to DHS on June 20, 2013.  Upon receipt of the list, DHS FOIA staff took another look at the referenced items. DHS confirmed that this attachment was a draft that had originated from another agency. DHS conducted a renewed search, but it did not locate any final version, and DHS FOIA staff concluded that DHS had not received a final version. |