**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>HOMELAND SECURITY, )<br>)<br>Defendant. )<br>) | Civil Action No. 12-0333 (GK) |

### NOTICE OF FILING OF SUPPLEMENTAL, REVISED *VAUGHN* INDEX

The government, by and through undersigned counsel, respectfully provides notice of the filing of (a) its supplemental, revised *Vaughn* index in the above-captioned Freedom of Information Act ("FOIA") case, and (b) the Second Declaration of Mark H. Herrington. These items, which provide additional explanations in support of the government's Exemption 7(D) withholdings, are filed as Exhibits 1 and 2 to this notice, respectively. In addition, the government briefly provides relevant background information below.

**1.   Background**

The FOIA request underlying this case sought records relating to the Defense Industrial Base Cyber Pilot ("DIB Cyber Pilot"), a cyber security pilot program jointly conducted by the defendant the Department of Homeland Security ("DHS") and the Department of Defense ("DoD"). After conducting its search and consulting with other federal agencies including DoD, the Department of Justice, and the National Security Agency, defendant DHS ultimately produced to plaintiff the Electronic Privacy Information Center ("EPIC") 1386 pages of

documents — including some released in full and some released in part — and withheld in full 362 pages of documents. DHS relied on a number of FOIA exemptions for redactions and withholdings. At summary judgment, EPIC challenged both DHS's search and the Government's application of FOIA Exemptions 1, 3, 4, 5, and 7(d).

On August 4, 2015, this Court granted in part, and denied in part without prejudice, defendant's motion for summary judgment. *See* Dkt. # 67 (Order). Specifically, the Court granted defendants' motion with regard to the adequacy of the search conducted and the withholding of documents and information under FOIA Exemptions 1, 3, 4, and 5; the Court denied the motion without prejudice with regard to the withholding of information under FOIA Exemption 7(D). *Id.* The Court also denied without prejudice EPIC's cross-motion for summary judgment with regard to withholdings under Exemption 7(D), and otherwise denied EPIC's cross-motion for summary judgment.

With respect to the Government's Exemption 7(D) withholdings, the Court observed that although defendant's *Vaughn* index referred to the DIB Cyber Pilot's participating companies as "sources," the *Vaughn* index failed to provide sufficient explanation to allow the Court to conclude that each participating DIB company in fact served as a cyber-security (law enforcement) "source." *See* Mem. Op. at 36 ("For purposes of Exemption 7(D), sources include participating companies who have provided records or information under a promise of confidentiality. Companies that merely receive information but do not provide any information would not qualify for protection under Exemption 7(D).").[1] The Court ordered the Government

---

[1] For its part, EPIC had previously drawn a distinction between (a) those companies that provided the government with information by and through participating in the DIB Cyber Pilot, and (b) any companies who participated in the DIB Cyber Pilot without providing information to the government. *See* EPIC Reply 15-16. EPIC indicated that it did not challenge the government's Exemption 7(D) withholdings with regard to the former category of companies

to file a supplemental, "revised Vaughn Index" to "explain[] its withholdings under Exemption 7(D) in a manner consistent with [the Court's] Order and the accompanying Memorandum Opinion." *Id.*; *see also* Dkt. # 68 (Memorandum Opinion).

The Court otherwise upheld all of the government's FOIA exemption assertions, including the government's reliance on Exemption 4 to protect the same information that the government asserts is also protected by Exemption 7(d).[2]

### 2. **Supplemental Vaughn Index and Declaration**

The government submits herewith a supplemental Vaughn index and the Second Declaration of Mark H. Herrington. These items supplement the government's prior filings, including in particular (a) the original *Vaughn* index submitted with defendant's motion for summary judgment, Dkt # 53-4, and (b) the (First) Declaration of Mark H. Herrington (Aug. 30, 2013) (Dkt. # 56-1).[3]

---

(those that provided information to the government), it only challenged the Exemption 7(d) withholdings to the extent that any participating DIB Cyber Pilot companies did not serve as sources. *Id.* at 16 ("[A]n Internet service provider [that] does *not* supply the government with any information ... cannot be considered a 'source' ... EPIC does not seek the release of information that would identify 'sources' and is not seeking the disclosure of information that the government provided to companies in response to their volunteering of cyber-incident data. Instead, EPIC seeks the information that the government distributed to all Internet service providers under the DIB Opt-In Program, regardless of their contribution to the voluntary information-sharing part of the JCSP.").

[2] The government had asserted Exemption 4 as an alternative bases for the withholding of the same information protected by Exemption 7(d). Although the Court need not reach the government's Exemption 7(d) withholdings, the Court may nonetheless wish to assess the Exemption 7(d) assertions in case the plaintiff appeals the Court's ruling with regard to the government's Exemption 4 assertions.

[3] The government originally filed Mr. Herrington's declaration with its motion for summary judgment on August 30, 2013, at Dkt. # 53-5, but the "PDF" (Portable Document Format) file originally uploaded was corrupted (*i.e.*, it does not open and instead returns an error message "out of memory"), and on September 27, 2013, the government filed an errata containing an uncorrupted copy at Dkt. # 56-1.

Dated: September 29, 2015

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director

 /s/ Lisa Zeidner Marcus
TAMRA MOORE
District of Columbia Bar No. 488392
LISA ZEIDNER MARCUS
N.Y. Bar Registration No. 4461679
Trial Attorneys

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, Room 6134
Washington, DC 20001
(202) 514-3336
lisa.marcus@usdoj.gov

*Counsel for Defendant*