IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY<br>INFORMATION CENTER<br><br>  Plaintiff,<br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY<br><br>  Defendant. | No. 1:12-cv-00333-GK |

## DECLARATION OF T. JOHN TRAN

I, T. John Tran, do hereby state and declare as follows:

1. I am FOIA Counsel at the Electronic Privacy Information Center ("EPIC"). EPIC is a non-profit research center in Washington, D.C. that focuses public attention on emerging privacy and civil liberties issues. EPIC frequently files requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and is the Plaintiff in the above-captioned matter.

2. I am the billing attorney for EPIC in this case and submit this declaration in support of EPIC's Motion for Attorneys' Fees and Costs. All statements made herein are true, and based on my personal knowledge.

3. For every case, EPIC designates a single attorney to manage billing records. The billing attorney is responsible for reviewing billing notes kept by all attorneys working on the case, and producing a final bill of costs for submission to the court. EPIC's attorneys maintain detailed and contemporaneous billing notes that they submit to the billing attorney for entry into EPIC's billing database. The billing attorney is responsible for ensuring that these notes are entered into the billing system and that the final bill of costs submitted to the court is clear, accurate, and reasonable based on billing judgment.

1

4. As billing attorney in this case, I was responsible for the preparation of the affidavits and billing statements submitted in support of this motion.

5. All attorneys who worked for EPIC on this case are currently licensed to practice law and all, except former EPIC attorney David Jacobs, were licensed to practice during the entire period that they worked on this matter. *See* Aff. of Marc Rotenberg; Aff. of Ginger McCall; Aff. of Amie Stepanovich; Aff. of Alan Jay Butler; Aff. of David Jacobs; Aff. of Jeramie D. Scott; Aff. of Julia Horwitz; Aff. of T. John Tran. Mr. Jacobs' work in this case that he performed prior to his bar admission has been billed at the "law clerk" rate.

6. I used Legal Services Index-adjusted *Laffey* Matrix ("LSI *Laffey* Matrix") rates to calculate the lodestar amount for hours worked by EPIC's attorneys in this matter. Courts in the D.C. Circuit have found that the LSI *Laffey* "is a more reliable index for measuring legal hourly billing in the Washington, D.C. area" than the version maintained by the U.S. Attorney's Office. *Salazar v. District of Columbia*, 991 F. Supp. 2d 39, 47 (D.D.C. 2014) (citing *Salazar v. District of Columbia*, 750 F. Supp. 2d 70, 72–74 (D.D.C. 2011), *aff'd* 80 F.3d. 58 (D.C. Cir. 2015); *see also Citizens for Responsibility & Ethics in Washington v. DOJ*, 80 F. Supp. 3d 1 (D.D.C. 2015) (hereinafter "CREW") (approving a FOIA fee award calculated with LSI *Laffey* rates). As compared to the USAO *Laffey* Matrix, the LSI *Laffey* Matrix is "more likely to reflect the rate of change in prevailing legal services," it "more accurately reflects the conditions of competition for complex litigation," and it utilizes a more recent survey of rates. Pl.'s Mot. Summ. J., Ex. E., Decl. Michael Kavanaugh at 7–10, *CREW*, 80 F. Supp. 3d, Ex. A. Evidence submitted in the *CREW* litigation further supports the reasonableness of the LSI *Laffey* rates. *Compare* LSI *Laffey* Matrix, Ex. A (calculating a 2013 billing rate for attorneys with more than 20 years of experience at $753 per hour), *and Real Rates Report 2014*, Ex. B (showing that in 2013 law firm partners in

2

D.C. with more than 21 years of experience billed at a median rate of $706 per hour, and the "third quartile" at $812 per hour), *and Westlaw CourtExpress Legal Billing Reports*, Exs. C, D (showing that in 2012, D.C.-area lawyers with 20 or more years of experience billed at an average rate of $777 per hour), *with* USAO Laffey Matrix, Ex. F (suggesting that lawyers with more than 20 years of experience should bill at $495 per hour from 2011-2012 and $505 from 2012-2013). Thus, in order to calculate the lodestar amount in this case, I used rates from the LSI *Laffey* Matrix as approved by courts in this Circuit, Ex. A, and published by the economist who developed the methodology for the LSI *Laffey* Matrix, Dr. Michael Kavanaugh, Ex. E.[1]

7. I reviewed the billing notes submitted by attorneys who worked on this case and used those notes to prepare a final bill of costs. I reviewed the final billing records with EPIC's attorneys prior to submission in order to ensure that they were complete and accurate. I also reviewed the final billing records and made small edits as necessary to ensure accuracy and clarity and to facilitate review by the Court.

8. The final billing records submitted in this case were generated from the detailed, contemporaneous billing records of EPIC's attorneys. *See* Aff. of Marc Rotenberg; Aff. of Ginger McCall; Aff. of Amie Stepanovich; Aff. of Alan Jay Butler; Aff. of David Jacobs; Aff. of Jeramie D. Scott; Aff. of Julia Horwitz; Aff. of T. John Tran.

9. In preparing the bill of costs, I adjusted the lodestar amount based on the specific nature of this case as well as general principles of billing judgment. I also reviewed the billing records and excluded certain hours to ensure a fair allocation of time and prevent double-billing.

10. In exercising billing judgment, I reduced the lodestar amount for work performed prior to summary judgment (i.e. work done before August 30, 2013) by 10 percent. See Bill of

---

[1] http://www.laffeymatrix.com/see.html (last visited Feb. 5, 2016).

Costs, Ex G. That period was marked by significant delay stemming from numerous DHS extension requests. *See, e.g.*, DHS Mot. Stay Proceedings, ECF No. 13; DHS Mot. Modify Scheduling Order, ECF No. 17; Mot. Extension of Time, ECF No. 29; Cross Mot. Modify Schedule, ECF No. 33; Mot. Extension of Time, ECF No. 45; Second Mot. Extension of Time, ECF No. 51. When the agency's delays grew excessive, prejudicing EPIC's interest in obtaining the records expeditiously, EPIC was forced to spend significant time opposing the agency's motions. *See, e.g.*, Opp'n and Cross Mot. for Order to Show Cause, ECF No. 19; Reply, ECF No. 22; Opp'n to Mot. Extension of Time, ECF No. 30; Opp'n to Mot. Modify Schedule, ECF No. 36; Mot. Extension of Time, ECF No. 45. EPIC was ultimately successful in obtaining a court order directing the agency to produce responsive documents, *see* Order, ECF No. 39 (setting the "deadline for a <u>complete</u> production of non-exempt records [for] **no later than April 15, 2013**.") (emphasis in original). But in recognition of the fact that the Court granted some of the agency's requests, I exercised billing judgment to reduce the lodestar amount.

11.     Based on the Court's ruling on the cross-motions for summary judgment, Mem. Op., ECF No. 68, I also reduced the lodestar amount for the work on the summary judgment motion and reply by 84 percent. Bill of Costs, Ex G. This reflects the fact that EPIC dedicated six out of 37 pages (roughly 16 percent) of its summary judgment motion (four pages) and reply brief (two pages) to issues on which EPIC successfully argued that the DHS' motion for summary judgment should be denied. *See* Pl.'s Cross-Mot. for Summ. J., ECF No. 57; Pl.'s Reply, ECF No. 63.

12.     Finally, I exercised general billing judgment and reduced the total lodestar amount by 5 percent based on prevailing market standards. *See* Bill of Costs, Ex G.

4

13. Based on the billing records compiled in this matter, EPIC's attorneys spent 360.1 hours working to obtain the documents and court orders in this case, and have so far spent 50.9 hours working to obtain fees in this case. *See* Bill of Costs, Ex G. In total, EPIC's attorneys have spent 360.1 hours on this matter. *Id.*

14. Based on the final billing records and applicable *Laffey* rates, I calculated a total lodestar amount of $144,806.50. After making the above-mentioned adjustments to the lodestar, I determined that a reasonable fee for the time EPIC's attorneys spent litigating this matter would be $110,323.24. *See* Bill of Costs, Ex G. This amount includes $87,887.84 in fees for work on the underlying case and $22,435.40 in fees-on-fees. *Id.* EPIC also seeks recovery of $350 in costs associated with this matter. *Id.*

15. I declare under penalty of perjury that the foregoing is true and correct. Executed on February 5, 2016.

_____
T. John Tran