UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendant. | Civil Action No. 12-333 (GK) |

## AMENDED ORDER

On March 1, 2012, EPIC initiated this lawsuit, alleging that DHS had failed to respond to a FOIA request in a manner that complied with the statute. Memorandum Opinion ("Fees Opinion") at 7 [Dkt. No. 89] (summarizing procedural history of this lawsuit). After numerous Motions, DHS ultimately produced records responsive to EPIC's request, and, on summary judgment, the Court held that the production of records by DHS largely complied with FOIA. Id. at 11-13.

EPIC then filed a Motion for Attorneys' Fees, [Dkt. No. 81], requesting a total of $110,673.24, reflecting fees for work done Pre-Summary Judgment, on Summary Judgment, Post-Summary Judgment, and on EPIC's fee request itself (so-called fees-on-fees), as well as costs. See Motion for Attorneys' Fees and Costs, Ex. A, Bill of Fees and Costs ("Original Bill") [Dkt. No. 89-1]. The Court granted, in part, and denied, in part, EPIC's Motion for Attorneys' Fees, holding that EPIC was both eligible and entitled to attorneys' fees and that virtually all of the fees requested by EPIC were reasonable. See generally Fees Opinion. However, the Court identified

certain categories of fees, such as fees for work done on Summary Judgment, that were unreasonable or to which EPIC was not entitled. See e.g. Fees Opinion at 45-46. The Court also found that certain line-items contained in EPIC's Original Bill appeared duplicative or erroneous. See id. at 51.

Accordingly, the Court ordered EPIC to file a revised Bill of Fees and Costs that excluded any categories of fee rejected by the Court in the Fees Opinion and "correct[ed] any and all errors." Id. The Court also afforded the Government the opportunity to object to any fees requested in the revised Bill of Fees and Costs that were "clearly erroneous or otherwise inconsistent with [the Fees Opinion]." Id. However, the Court warned the Government not to use this as an opportunity to relitigate issues decided in the Fees Opinion. Id. at 51-52.

EPIC then filed its Revised Bill of Fees and Costs ("Revised Bill"), requesting $122,112.68 in fees and costs. [Dkt. No. 90-1]. The Government filed a Response, objecting to several entries contained in the Revised Bill, totaling $30,512. Response at 9 [Dkt. No. 93]. EPIC then filed a Motion to Strike, arguing that portions of the Government's Response failed to comply with the Fees Opinion and should be stricken. [Dkt. No. 94]. The Court denied the Motion to Strike. [Dkt. No. 98].

In sum, EPIC asks to be awarded $122,112.68 in attorneys' fees and costs, while the Government contends that EPIC should be awarded no more than $91,600.68. Having reviewed each of the parties' filings, the Court concludes that the Government has identified $26,084.70 in fee requests that are either "clearly erroneous or otherwise inconsistent with the Fees Opinion," and that EPIC should be awarded only $96,027.98 in attorneys' fees and costs. The Court discusses each of the Government's objections below.

−2−

## A. Fees-on-fees-on-fees

The Government objects to EPIC's request for $19,888.10 for work EPIC's attorneys performed on their Reply in Support of the Motion for Attorneys' Fees ("Fees Reply"), [Dkt. No. 87], which the Government refers to as fees-on-fees-on-fees. Response at 2-3, n.5. The Government argues, correctly, that the Fees Opinion held that EPIC's Revised Bill should not include any new costs not included in the Original Bill, and that these fees-on-fees-on-fees were not included in the Original Bill.[1]

The Court agrees that the Fees Opinion bars EPIC from recovering these fees. Although the Fees Opinion does not expressly mention fees-on-fees-on-fees, it should have been clear to EPIC that the Court considered and rejected EPIC's request for such fees. Prior to issuance of the Fees Opinion, EPIC had filed a request for fees-on-fees-on-fees. See Fees Reply, Ex. 1 [Dkt. No. 87-2]. The Court held that fees EPIC sought for work done in relation to its original fee request were "excessive," because those requested fees were so disproportionately large compared to the amount of work EPIC had done in the rest of the case. Mem. Op. at 47-48. Accordingly, the Court limited EPIC to fees for work done in filing its Motion for Attorneys' Fees but implicitly rejected its request for fees-on-fees-on-fees. Id.

The Court now makes explicit what was implicit in the Fees Opinion—EPIC's request for nearly $20,000 in additional fees-on-fees-on-fees is not reasonable. The work EPIC's attorneys did on the Fees Reply added little to the Court's consideration of EPIC's Fee Request, let alone the substantive issues presented in this litigation. Indeed, the Fees Opinion cited to arguments

---

[1] Indeed, these fees-on-fees-on-fees could not have been included in the Original Bill because they were all incurred after the Original Bill was filed with the Court on February 2, 2016. See Revised Bill at 49-52.

–3–

raised in EPIC's Fees Reply only twice in the course of a 52-page opinion. See Mem. Op. at 20, 34. The work EPIC's attorneys did on the Fees Reply is simply too "attenuated" from the substantive issues on which EPIC prevailed to justify an award of fees-on-fees-on-fees. See Elec. Priv. Info. Ctr. v. Fed. Bureau of Investigation, 80 F. Supp. 3d 149, 162 (D.D.C. 2015) ("a 'fees-on-fees-on-fees' award is too attenuated from original adjudication to be compensable"); Wright v. District of Columbia, 883 F. Supp. 2d 132, 134 (D.D.C. 2012) ("receiving 'fees on fees on fees' is too attenuated from the adjudication of the [] complaint to be reimbursable").

Accordingly, EPIC's fee request, as included in the Revised Bill, will be reduced by the $19,888.10 it requested for fees-on-fees-on-fees.

### B. Review of billing records

The Government also argues that EPIC has included items "related to reviewing billing and entering billing records," which the Court denied in its Fees Opinion. Response at 3-4 (quoting Fees Opinion at 48). EPIC concedes that one of the line items identified by DHS—review and entry of billing records by Alan Butler on February 4, 2016—should be excluded pursuant to the Fees Opinion. Motion to Strike at 4.

However, EPIC argues that the other five line-items challenged by the Government are not prohibited by the Court's Fees Opinion because they were "substantive attorney communications" related to potential settlement of the issue of attorneys' fees. Motion to Strike at 3-4. The Court agrees with EPIC that such work is reasonable and that EPIC is entitled to these fees under the Fees Opinion.

Accordingly, EPIC's fee request, as reflected in the Revised Bill, will be reduced by the $771.40 it requested for Mr. Butler's review and entry of billing records on February 4, 2016.[2]

### C. Double Billing

The Government identifies three entries in which EPIC appears to have double billed for work performed by its attorneys. EPIC concedes that two of these entries are duplicative. Motion to Strike at 4. However, EPIC asserts that the third entry reflects two distinct periods of work performed by an attorney, id., and the Court accepts EPIC's explanation.

Accordingly, EPIC's fee request, as reflected in the Revised Bill, will be reduced by $703.32 to reflect the duplicative billing entries.[3]

### D. Excessive billing – multiple attorneys

The Government also objected to several entries in which EPIC billed for instances where more than one junior attorney was also staffed on an assignment to which a senior attorney was also staffed. Response at 5-7. EPIC correctly notes that the Fees Opinion only denied fee requests where multiple junior attorneys were staffed on <u>teleconferences with opposing counsel</u>, if a senior attorney was also staffed. Motion to Strike at 4-5 (citing Fees Opinion at 50). EPIC is correct that the Fees Opinion did not hold that fee requests for internal meetings between EPIC's attorneys were unreasonable because multiple junior attorneys attended. Motion to Strike at 4-5 (citing Fees

---

[2] The entry for Mr. Butler's work totaled $812. However, EPIC applied an additional 5% discount for all fee requests except those for work performed on to its Fees Reply, the so-called fees-on-fees-on-fees. Applying this 5% discount, EPIC's request totals $771.40.

[3] The two entries total $822.60. However, both were completed prior to August 19, 2013, and EPIC's fee request applied a 10% discount to all work done as of that date. See Revised Bill at 1. These entries were also subject to the general 5% discount EPIC applied. See n.2, supra. Applying those discounts, EPIC's requests totals $703.32.

–5–

Opinion at 50). Because these fees were held to be reasonable in the Fees Opinion, EPIC is entitled to keep them.

### E. Errors

The Government claims that six line items in the Revised Bill contain errors. Response at 7-9. EPIC concedes that two of these entries, work done by Marc Rotenberg, were entered with an incorrect date, and also identifies a third entry for work done by Mr. Rotenberg that was also incorrectly dated. Motion to Strike at 5. The four additional entries objected to by the Government are for work done by Julia Horwitz on December 13, 2012. The Government correctly points out that the first of these four entries contains a description for work that is clearly erroneous, Response at 7, a point EPIC concedes, Motion to Strike at 5. The Government also objects to the subsequent three entries for work done by Ms. Horwitz, because their descriptions relate back to the admittedly erroneous description contained in the first entry, Response at 7-8, which EPIC also concedes, Motion to Strike at 5.

As all of these entries contain errors, they are not reasonable fee requests. EPIC tries to cure this defect by submitting an Annotated Revised Bill of Fees and Costs, which corrected these entries. Motion to Strike, Ex. A [Dkt. No. 94-1]. This will not do. The Court ordered EPIC to "correct any and all errors" when it submitted its Revised Bill. Fees Opinion at 51. It did not do so. Having given EPIC a second bite at the apple, the Court will not give it a third.

Accordingly, EPIC's fee request, as reflected in the Revised Bill, will be reduced by the $4,721.88 it requested for entries containing errors.[4]

---

[4] The erroneous entries for Mr. Rotenberg's work totaled $477.60. After applying the general 5% discount, EPIC's request is $453.72. The erroneous entries for Ms. Horwitz totaled $4,992. After applying both the 10% and 5% discounts, EPIC's request is for $4268.16. See n. 2, 3 supra.

## F. Total Payment

After consideration of the entire record and for the foregoing reasons, it is hereby

**ORDERED**, that EPIC is awarded $96,027.98 in attorneys' fees and costs.

June 5, 2017

*Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF